

1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   JACQUELINE M. JAUREGUI  Bar No. 095289
2  jacqueline.jauregui@sdma.com
   MARINA L. WHELAN  Bar No. 251087
3  marina.whelan@sdma.com
   801 South Figueroa Street, 19th Floor
4  Los Angeles, California 90017-5556
   Telephone: (213) 426-6900
5  Facsimile: (213) 426-6921

6  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   MATTHEW A. FISCHER  (No. 191451)
7  matthew.fischer@sdma.com
   One Market Plaza
8  Steuart Tower, 8th Floor
   San Francisco, CA  94105
9  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635       *E-filing*
10

   Attorneys for Defendant
11  PRICELINE.COM, INC.

12

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15

16  GLEN HAUER, an individual, on         CASE NO. _____
    behalf of himself, the general public,
17  and those similarly situated,          Superior Court Case No. 08383503

18              Plaintiff,

19      v.                                 **DEFENDANT PRICELINE.COM,
                                           INC.'S NOTICE OF REMOVAL
20  PRICELINE.COM                          OF ACTION PURSUANT TO
    INCORPORATED, a foreign                28 U.S.C. §§ 1332, 1441, 1446 AND
21  corporation; ALAMO RENT-A-             1453; DEMAND FOR JURY TRIAL**
    CAR LLC, a foreign limited liability
22  company; VANGUARD CAR
    RENTAL USA, INC., a foreign            **[Declaration of William Jose filed
23  corporation; and DOES 1 through 50     concurrently herewith]**

24              Defendant.

25

26

27      TO PLAINTIFF AND TO THE CLERK OF THE ABOVE-ENTITLED

28  COURT:

1          PLEASE TAKE NOTICE that defendant PRICELINE.COM, INC. in the

2     action entitled *Glen Hauer, an individual, on behalf of himself, the general public*

3     *and those similarly situated, v. Priceline.com Incorporated, a foreign corporation;*

4     *Alamo Rent-A-Car LLC, a foreign limited liability corporation; Vanguard Car*

5     *Rental USA, INC., a foreign corporation, and DOES 1 through 50,* filed in the

6     Superior Court of the State of California, County of Alameda, Case No. 08383503,

7     has removed this action to the United States District Court, Northern District of

8     California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. The grounds for

9     removal are as follows:

10                                        **I.**

11                              **BACKGROUND**

12         1.      On April 23, 2008, Glen Hauer ("Plaintiff") filed a civil action

13     against Priceline.com, Inc. ("Priceline") in the Superior Court of the State of

14     California, County of Alameda, entitled *Glen Hauer, an individual, on behalf of*

15     *himself, the general public and those similarly situated, v. Priceline.com*

16     *Incorporated, a foreign corporation; Alamo Rent-A-Car LLC, a foreign limited*

17     *liability corporation; Vanguard Car Rental USA, INC., a foreign corporation, and*

18     *DOES 1 through 50,* Case No. 08383503. A true and correct copy of the

19     Complaint and Summons are attached as Exhibits "A" and "B." Priceline was

20     served with the Complaint and Summons in this action on April 24, 2008. A true

21     and correct copy of the Notice of Service of Process is attached as Exhibit "C."

22         2.      The Complaint alleges that Plaintiff and other consumers reserved

23     and paid for rental cars through Priceline's website, but upon arrival at the rental

24     car counter, did not receive the agreed rental car at the agreed price, and were not

25     reimbursed for the amount of the rental car or the additional expenses incurred as a

26     result of not getting the car. (Ex. A, Cmplt., ¶¶ 1, 20-21, 24-25, 33.) The

27     Complaint alleges that Priceline's conduct constitutes a violation of Business and

28     Professions Code Section 17200, *et seq*.; Business and Professions Code Section

1  17500 *et seq*.; Civil Code § 1750, *et seq*.; Breach of Written Contract; and Fraud,
2  Deceit and/or Misrepresentation. (Ex. A, Cmplt., ¶¶ 38-88).

3      3.      The Complaint alleges a class of: "All California residents who paid
4  Priceline for a rental car but did not receive the agreed rental car at the agreed
5  price when they attempted to claim their pre-paid reservations." (Ex. A, Cmplt.,
6  ¶ 28).

7                                        **II.**

8      **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT**
9            **MATTER JURISDICTION PURSUANT TO CAFA**

10 **A.    This Is A Putative Class Action**

11     1.      This case is subject to removal pursuant to the Class Action Fairness
12 Act ("CAFA").

13     2.      CAFA extends federal jurisdiction to all putative class actions in
14 which: (1) there are 100 or more members in the plaintiffs' proposed class; (2) at
15 least some members of the proposed class have a different citizenship from some
16 defendants; and (3) the claims of the proposed class members exceed the sum or
17 value of $5,000,000 in the aggregate.  28 U.S.C. § 1332(d).  This case satisfies all
18 of these requirements.

19     3.      For purposes of 28 U.S.C. §§ 1332(d) and 1453, this action is a "class
20 action" because it is a "civil action filed under Rule 23 of the Federal Rules of
21 Civil Procedure or similar State statute or rule of judicial procedure authorizing an
22 action to be brought by one or more representative persons as a class action." The
23 Complaint alleges that "Plaintiff brings this action against Defendants on behalf of
24 himself and all others similarly situated, as a class action pursuant to section 382
25 of the California Code of Civil Procedure and section 1781 of the California Civil
26 Code."  (Ex. A, Cmplt., ¶ 28).  Therefore, this action is a "class action" for
27 purposes of CAFA.

28     //

**B.    The Putative Class Consists of More Than 100 Members**

1.    The Complaint alleges that the proposed class consists of: "All California residents who paid Priceline for a rental car but did not receive the agreed rental car at the agreed price when they attempted to claim their pre-paid reservations. (Ex. A, Cmplt., ¶ 28). A purported subclass consists of "All Class Members whose car rental was booked through Alamo." (Ex. A, Cmplt., ¶ 29). The Complaint alleges that "Plaintiff does not know the exact size of the Class and Subclass, but it is estimated that the Class and Subclass are each composed of more than 5,000 persons." (Ex. A, Cmplt., ¶ 31). Thus, the Complaint alleges a putative class that exceeds 100 members.

**C.    CAFA's Diversity Requirement Is Satisfied**

1.    Pursuant to 28 U.S.C. § 1332(d)(2)(A), one or more members of the putative class is a citizen of a State different from defendant. Defendant Priceline is a Delaware corporation with its principal place of business in Norwalk, Connecticut.[1] (Ex. A, Cmplt., ¶ 3). Defendant Alamo Rent-A-Car LLC is a limited liability company established under the laws of Delaware with its principal place of business in Fort Lauderdale, Florida. (Ex. A, Cmplt., ¶ 4). Vanguard Car Rental USA, Inc. is a Delaware Corporation with its principal place of business in Tulsa, Oklahoma. (Ex. A, Cmplt., ¶ 5). Plaintiff Glen Hauer is a resident of the City of Berkeley in the County of Alameda, California. (Ex. A, Cmplt., ¶ 2). Therefore, at least one putative class member is a citizen of a state different from that of Defendant.

**D.    The Amount-In-Controversy Requirement Is Satisfied**

1.    To obtain removal under CAFA, the claims of the proposed class must exceed the sum or value of $5,000,000 in the aggregate. 28 U.S.C. § 1332(d).

---

[1]    The complaint inaccurately states that Priceline is located in Fairfield, Connecticut. Priceline's principal place of business is in Norwalk, Connecticut, which is part of Fairfield County.

1   The Complaint does not allege an exact amount in controversy. Rather, the
2   Complaint seeks to restore to the general public and putative class all funds
3   acquired by Priceline based on the alleged wrongful conduct. (Ex. A, Cmplt.,
4   ¶¶ 42, 53, 78, 88). Plaintiff alleges his rental car reservation made through
5   Priceline was not honored, but he nevertheless did not receive a refund of the
6   $75.51 he had paid. (Ex. A, Cmplt., ¶¶ 20, 24). The Complaint alleges that
7   "Plaintiff's experience was not an isolated incident. Rather, up to 40% of the
8   reservations made through Priceline's Websites are improperly transferred to
9   Priceline's rental car companies. In each instance, however, Priceline refuses to
10  refund customers' money or reimburse customers' for any additional expenses that
11  are incurred due to the fact that the reservation was in error." (Ex. A, Cmplt.,
12  ¶ 25). During the time period Jan 1, 2004 to April 30, 2008, Priceline received
13  approximately $85,000,000 in total revenue from consumers with California
14  billing addresses who booked a rental car through Priceline's "Name Your Own
15  Price" service, the service used by Mr. Hauer to make his rental car reservation.
16  (Declaration of William Jose, ¶ 5). Plaintiff alleges that 40% of customers are
17  subjected to the experience he had, where the Priceline reservation was not
18  honored, but no refund was made. (Ex. A, Cmplt., ¶¶ 20, 24). 40% of the $85
19  million in total revenue received by Priceline from consumers with California
20  billing addresses who reserved rental cars using Priceline's "Name Your Own
21  Price" service equals $34 million. Therefore, based on the Jose Declaration, and
22  the allegations of the complaint, the aggregate total relief sought by Plaintiff
23  exceeds the $5,000,000 minimum amount in controversy requirement.

24                              **III.**

25            **PRICELINE HAS SATISFIED THE PROCEDURAL**

26                **REQUIREMENTS FOR REMOVAL**

27  1.     Defendant was served on April 24, 2008. A true and correct copy of

28  the Notice of Service of Process is attached as Exhibit "C." Pursuant to 28 U.S.C.

1 §§ 1446(b) and 1453(a), this Notice of Removal is timely because it is filed within
2 thirty days of the service of Plaintiff's Summons and Complaint on Defendant.

3     2.    Pursuant to 28 U.S.C. § 1446(a), Defendant attaches a copy of all
4 state court pleadings, process and orders which have been served as follows:

5         a.    Class Action Complaint (Exhibit "A"); and

6         b.    Summons Upon Defendant (Exhibit "B")

7     3.    Pursuant to 28 U.S.C. §§ 1446(d) and 1453(a), prompt written notice
8 of the filing of this Notice of Removal will be provided to Plaintiff, and a copy of
9 this Notice of Removal will be promptly filed with the Clerk of the Superior Court
10 of the State of California, County of Alameda.

11     4.    In filing this Notice of Removal, Priceline does not waive any
12 defenses that may be available to Priceline in this action.

13     **WHEREFORE**, Defendant hereby removes the action now pending against
14 it in the Superior Court of the State of California, County of Alameda, Case. No.
15 08383503, to this Honorable Court.

16 **IV.**

17 **DEMAND FOR JURY TRIAL**

18     Defendant Priceline hereby demands trial by jury in this action.

19 DATED: May 23, 2008        SEDGWICK, DETERT, MORAN & ARNOLD LLP

20

21                     By:

22                            Jacqueline M. Jauregui
                           Matthew A. Fischer

23                            Marina L. Whelan
                           Attorneys for Defendant
                           PRICELINE.COM, INC.

24

25

26

27

28

-6-

# LIST OF EXHIBITS

*Hauer v. Priceline.com, Inc.*,                                          Exhibit A
Class Action Complaint

*Hauer v. Priceline.com, Inc.*,                                          Exhibit B
Summons

*Hauer v. Priceline.com, Inc.*,                                          Exhibit C
Notice of Service of Process

# EXHIBIT A

*Hauer v. Priceline.com, Inc.*
**Class Action Complaint**


*6495736*

1   **GUTRIDE SAFIER LLP**
    ADAM J. GUTRIDE (State Bar No. 181446)
2   SETH A. SAFIER (State Bar No. 197427)
    835 Douglass Street
3   San Francisco, California 94114                F I L E D
    Telephone: (415) 336-6545                  ALAMEDA COUNTY
4   Facsimile: (415) 449-6469
                                                   APR 2 3 2008
5
    Attorneys for Plaintiff                    CLERK OF THE SUPERIOR COURT
6                                              By ___Jacha__Persiq___
                                                                    Deputy
7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    CITY AND COUNTY OF ALAMEDA

9

10  GLEN HAUER, an individual, on behalf of himself, the    CASE NO. **083835** 03
    general public and those similarly situated             UNLIMITED CIVIL CASE
11

12     Plaintiff,

13          v.                                              CLASS ACTION COMPLAINT
                                                            FOR UNFAIR BUSINESS
14  PRICELINE.COM INCORPORATED, a foreign corpora-         PRACTICES; FALSE ADVER-
    tion; ALAMO RENT-A-CAR LLC, a foreign limited li-      TISING; VIOLATION OF THE
15  ability company; VANGUARD CAR RENTAL USA,              CALIFORNIA CONSUMERS
    INC., a foreign corporation; AND DOES 1 THROUGH 50     LEGAL REMEDIES ACT;
16                                                          BREACH OF CONTRACT;
                                                            AND FRAUD, DECEIT
17     Defendants                                          AND/OR MISREPRESENTA-
                                                            TION
18
                                                            JURY TRIAL DEMANDED
19

20

21

22

23

24

25

26

27

28

                          Class Action Complaint

1        Glen Hauer, by and through his counsel, brings this Class Action Complaint against

2    Defendants, on behalf of himself and those similarly situated, for violations of sections 17200 and

3    17500 *et seq.* of the California Business and Professions Code, violation of the California

4    Consumers Legal Remedies Act, breach of contract and fraud, deceit and/or misrepresentation.

5    The following allegations are based upon information and belief, including the investigation of

6    Plaintiff's counsel, unless stated otherwise.

7                                          **INTRODUCTION**

8        1.     This case is about Defendants' systemic practice of accepting prepaid reservations

9    for rental cars but failing to provide the agreed to rental car at the agreed to price, failing to

10   refund customers' money, and failing to reimburse customers for expenses they incur because of

11   Defendants' actions.

12                                             **PARTIES**

13       2.     Glen Hauer ("Plaintiff") is, and at all times alleged in this Class Action Complaint

14   was, an individual and a resident of the City of Berkeley in County of Alameda, California.

15       3.     Defendant Priceline.com Incorporated is a corporation duly incorporated under the

16   laws of the state of Delaware, having its principal place of business in Fairfield, Connecticut. It is

17   a leading provider of discount internet travel services, including car rentals.

18       4.     Defendant Alamo Rent-A-Car LLC is a limited liability company established

19   under the laws of the state of Delaware, having its principal place of business in Fort Lauderdale,

20   Florida. It is a leading provider of car rentals.

21       5.     Vanguard Car Rental USA, Inc. is a corporation duly incorporated under the laws

22   of the state of Delaware, having its principal place of business in Tulsa, Oklahoma. It owns and

23   operates Alamo Rent-A-Car LLC and holds the copyright to all information provided on the

24   Alamo website.

25       6.     The true names and capacities of Defendants sued as Does 1 through 50 inclusive

26   are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to

27   section 474 of the California Code of Civil Procedure. Plaintiff will seek leave of Court to amend

28   this Class Action Complaint when said true names and capacities have been ascertained. The

1  Parties identified in paragraphs 3 through 6 of this Class Action Complaint are collectively

2  referred to hereafter as "Defendants." Defendants Priceline.com Incorporated and Does 1-20 are

3  referred to collectively herein as "Priceline." Defendants Alamo Rent-A-Car LLC; Vanguard Car

4  Rental USA, Inc.; and Does 21-50 are referred to collectively herein as "Alamo."

5      7.      At all times herein mentioned, each of the Defendants was the agent, servant,

6  representative, officer, director, partner or employee of the other Defendants and, in doing the

7  things herein alleged, was acting within the scope and course of his/her/its authority as such

8  agent, servant, representative, officer, director, partner or employee, and with the permission and

9  consent of each Defendant.

10     8.      At all times herein mentioned, Defendants, and each of them, were members of,

11 and engaged in, a joint venture, partnership and common enterprise, and acting within the course

12 and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

13     9.      At all times herein mentioned, the acts and omissions of Defendants, and each of

14 them, concurred and contributed to the various acts and omissions of each and all of the other

15 Defendants in proximately causing the injuries and damages as herein alleged.

16     10.     At all times herein mentioned, Defendants, and each of them, ratified each and

17 every act or omission complained of herein. At all times herein mentioned, the Defendants, and

18 each of them, aided and abetted the acts and omissions of each and all of the other Defendants in

19 proximately causing the damages, and other injuries, as herein alleged.

20                        **JURISDICTION AND VENUE**

21     11.     This action is brought by Plaintiff pursuant, *inter alia*, to the California Business

22 and Professions Code, Sections 17200 *et. seq.* Plaintiff and Defendants are "persons" within the

23 meaning of the California Business and Professions Code, section 17201.

24     12.     The injuries, damages and/or harm upon which this action is based, occurred or

25 arose out of activities engaged in by Defendants within, and affecting, the State of California.

26     13.     Defendants have engaged, and continue to engage, in substantial and continuous

27 business practices in the State of California, including in the City of Berkeley and the County of

28 Alameda.

1    14.    Plaintiff entered into the contract that is at issue in this dispute while in his
2    residence in Berkeley, California.

3    15.    Accordingly, Plaintiff alleges that jurisdiction and venue are proper in this Court.

4    **SUBSTANTIVE ALLEGATIONS**

5    **Priceline Markets, Advertises and Sells Travel Related Services On The Internet**

6    16.    Priceline is a leading online provider of discount travel services. Priceline allows
7    customers to use its websites at www.priceline.com, www.travelweb.com, www.lowestfare.com,
8    www.rentalcars.com and www.breezenet.com (collectively referred to as "Websites") to make
9    pre-paid reservations for rental cars, hotel rooms, airline tickets and vacation packages. On the
10   Priceline Websites, customers can "name their own price" or select from previously negotiated
11   rates for rental cars, hotel rooms, airline tickets and vacation packages.

12   17.    Priceline aggressively markets, advertises and represents its rates on hotels, rental
13   cars and airfares as "discount," "low price," "great deals," "value-conscious," "last minute deals,"
14   "weekend deals," and "cheap." Priceline further states that for its "name your own price" rental
15   car reservations, "[i]f your offer is accepted, we will immediately lock in your reservation and
16   charge your credit card."

17   18.    Priceline also markets, advertises and represents that if customers name their own
18   price, their "rental car will be booked through one of the following companies (Alamo, Avis,
19   Budget, Hertz, or National)." Pursuant to the booking services provided by Priceline, and the
20   contractual arrangements between Alamo and Priceline, Alamo is to provide to the rental car
21   services in exchange for the payment collected by Priceline prepaid reservations. Alamo
22   authorizes Priceline to use Alamo's trademarked logo in advertising rental car reservations and to
23   include the following language on the Priceline website: "**Alamo and priceline:** Priceline offers
24   great deals to all Alamo locations. Alamo has teamed-up with priceline.com to provide the lowest
25   rates for the most Alamo customers." (emphasis supplied.)

26   **Plaintiff Made Pre-Paid Reservations For A Rental Car, But Did Not Receive The
     Promised Car At The Agreed To Price**
27

28   19.    On or about November 19, 2007, Plaintiff placed a $15.00 per day bid for rental of

1   an economy-sized car in Albuquerque, New Mexico from November 22, 2007 through

2   November 25, 2007.  Plaintiff's pick-up time was specified as 9:30 pm and drop-off time as

3   11:00 am.  As part of the bid process, Plaintiff was required to input his credit card number to the

4   Priceline website and agree, if his bid was accepted, to pay the associated $45.00 charge (*i.e.*, 3

5   days at $15.00 per day) as well as additional charges for "Taxes and Fees."  Plaintiff's bid was

6   accepted and his credit card was accordingly charged $75.51 by Priceline.  (A true and correct

7   copy of Plaintiff's reservation confirmation is attached hereto as Exhibit A.)

8        20.    On the evening of November 22, 2007, after taking a shuttle from the Albuquerque

9   International Airport terminal provided by the rental car companies, Plaintiff and his wife arrived

10  at the Alamo car rental desk at approximately 9:30 pm.  At that time, he provided to the Alamo

11  agent a copy of Exhibit A. The Alamo agent indicated that Alamo had a record of his reservation

12  but no record of payment.  Additionally, the Alamo agent stated that his reservation record

13  indicated that he had reserved a "full-size" car when, in fact, he had reserved an "economy" car.

14  Finally, the Alamo agent indicated that Alamo did not have available any "economy" cars or even

15  any "full-size" cars, but rather only a 7-passenger van that would cost $206.10 for Plaintiff's

16  specified rental dates.  (A true and correct copy of the price quotation sheet provided by Alamo

17  to Plaintiff for the van is attached hereto as Exhibit B.)

18       21.    Plaintiff then telephoned Priceline to ask for guidance.  He was required to

19  navigate through the Priceline automated telephone system, and speak to two or three different

20  representatives who were unable to assist him.  Eventually, he was connected to a Priceline

21  representative named Heather.  Heather acknowledged that she could see that the reservation had

22  been paid and that it was for an economy car.  She refused, however, to instruct the Alamo rental

23  car agent that the rental had been prepaid, stating that the department of Priceline that works with

24  Alamo was closed, and that she could not agree that Priceline would pay the higher cost of the

25  rental van.  Plaintiff asked to speak with a supervisor, but Heather stated that in order to do so,

26  Plaintiff would need to hang up and call a different number.

27       22.    Given Plaintiff's fear of not receiving reimbursement, the late hour (due to the

28  delay of dealing with the Priceline representative) and the weather (a snowstorm was approaching

1 from the North, and he did not feel safe driving a large van), Plaintiff elected not to accept the 7-

2 passenger van. Because of the delay caused by Defendants, Plaintiff also was unable to take a

3 bus to Santa Fe, as the last bus departed from Albuquerque airport at 10:00 p.m. (Plaintiff did

4 return to the terminal in an attempt to take the bus, but it had already departed and could not be

5 recalled). Plaintiff's wife asked a taxi driver if he would take them to Santa Fe, but the driver was

6 reluctant in light of the weather and further estimated the fare at least $100. Accordingly,

7 Plaintiff could not drive the approximately 75 miles to Santa Fe that evening, but rather he and

8 his wife were forced to stay in Albuquerque at a Wyndham hotel nearby the Airport. The hotel

9 cost Plaintiff $100.46.

10   23. The next morning, Plaintiff's brother (whose wedding was occurring that

11 weekend) was forced to drive from Santa Fe to Albuquerque to retrieve the couple from the

12 Wyndham hotel and then drive them back to Santa Fe. To return from Santa Fe, Plaintiff's wife

13 took a shuttle and Plaintiff took a commuter bus, at additional expense.

14   24. Despite the fact that no car was available for Plaintiff, and that Plaintiff had so

15 informed Priceline, Priceline still charged his credit card $75.51. Plaintiff disputed the charge

16 with his credit card company, but Priceline challenged the disputed charge, falsely claiming that

17 Plaintiff was a "no show" at the Alamo rental counter, so Plaintiff was forced to pay that amount.

18 (A true and correct copy of Priceline's response to the credit card charge dispute is attached

19 hereto as Exhibit C.)

20   25. Plaintiff's experience was not an isolated incident. Rather, up to 40% of the

21 reservations made through Priceline's Websites are improperly transferred to Priceline's rental

22 car partners. In each instance, however, Priceline refuses to refund customers' money or

23 reimburse customers' for any additional expenses that are incurred due to the fact that the

24 reservation was in error.

25   26. For example, one customer posted this statement on an Internet complaint forum:

26    I booked a rental car via priceline.com on June 20,2004 from Aug 5
     to Aug 10. Pickup was from Avis of Boston airport. Amount was
27    $208.53 which Priceline charged on June 20 itself. On Aug 5 I
     reached Avis of Boston airport. Avis said that they did not receive
28

1     payment from priceline and cannot give me a car. I told them that I
had already paid priceline and have internet booking printouts.
2     They said it won't help and called up priceline. Priceline customer
rep found that they had a glich in their system and was sorry for not
3     sending the payment to Avis yet. She then told me that I should use
another credit card of mine to pick up the rental car now and price-
4     line will refund the amount charged by Avis. I used my visa credit
card and picked up the rental car. Avis told me that my total for 5 days
5     would come to $541.19. I asked them why it was so high. They told
that they have special deals for priceline and that they always
6     charge this high when dealing with customers directly and that I
should not worry since Priceline will refund anyhow. ... I asked
7     priceline to refund $541.19 only, however they refunded my origi-
nal $208.53 and said that I upgraded my car so they will not refund
8     $541.19. Hence I ended up paying $578.39 for something which I
would have paid only $208.53. This is really crazy.
9

10

11 http://www.ectnews.com/perl/board/mboard.pl/ecttalkback/thread602/602.html, last visited April
22, 2008.
12

13     27.     Another customer posted this statement on another Internet complaint forum:

14     I live in the UK and arranged a hire car with Priceline. com. these
are agents for National and Alamo car hire. The cost was $454
15     guaranteed and covers insurance, taxes and surcharges.

16     At Charlotte airport they refused to accept the voucher that I pro-
duced and insisted I took cover for everything.
17

18     Quoted over $1200 from my credit card. I complained but got no-
where fast.
19                             * * *

20     I contacted both customer services and had no joy, be shunted from
21     pillar to post. Neither taking responsibility and neither offering or
honoring the original quotation.
22

23 http://www.my3cents.com/showReview.cgi?id=29821, last visited April 22, 2008.

**CLASS ALLEGATIONS**
24

25     28.     Plaintiff brings this action against Defendants on behalf of himself and all others

26 similarly situated, as a class action pursuant to section 382 of the California Code of Civil

27 Procedure and section 1781 of the California Civil Code. The class that Plaintiff seeks to

28 represent against Priceline is defined as follows:

1

2

> All California residents who paid Priceline for a car rental but did not receive the agreed rental car at the agreed price when they attempted to claim their pre-paid reservations.

3

4

For purposes of this Class Action Complaint, the phrases "Class" and "Class Members" shall refer collectively to all members of this class, including the named Plaintiff.

5

6

29.    Plaintiff further seeks to represent a sublclass against Alamo consisting of the following:

7

> All Class Members whose car rental was booked through Alamo.

8

9

For purposes of this Class Action Complaint, the phrases "Subclass" and "Subclass Members" shall refer collectively to all members of this subclass, including the named Plaintiff.

10

11

12

13

30.    This action has been brought and may properly be maintained as a class action against the Defendants pursuant to the provisions of California Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

14

15

16

17

18

31.    Numerosity: Plaintiff does not know the exact size of the Class and Subclass, but it is estimated that the Class and Subclass are each composed of more than 5,000 persons. The persons in the Class and Subclass are so numerous that the joinder of all such persons is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

19

20

21

22

23

24

32.    Common Questions Predominate: This action involves common questions of law and fact to the potential class because each Class Member's and Subclass Member's claim derives from the unlawful or unfair charges to their credit card accounts. The common questions of law and fact predominate over individual questions, as proof of a common or single set of facts will establish the right of each member of the Class and Subclass to recover. Among the questions of law and fact common to the class and Subclass are:

25

26

27

a)    Whether Defendants fail to transfer car rental reservation information to their partner companies that provide the cars, but nevertheless charge (and refuse to refund) customers for the reservations;

28

1        b)    Whether Defendants require Class Members and Subclass Members to pay

2    additional amounts to receive rental vehicles and refuse to reimburse them for additional expenses

3    related to Defendants' failure to provide agreed services;

4        c)    Whether Defendants engaged in the alleged conduct knowingly, recklessly,

5    or negligently;

6        d)    Whether Defendants' advertising regarding pre-paid reservations was likely

7    to deceive Class Members and Subclass Members or was unfair;

8        e)    Whether the alleged conduct by Defendants constitutes a breach of their

9    written contract(s) with Plaintiffs and Class Members and Subclass Members, as posted on the

10    Websites and contained in email confirmations;

11        f)    The amount of revenues and profits Defendants received and/or the amount

12    of monies or other obligations lost by Class Members and Subclass Members as a result of such

13    wrongdoing;

14        g)    Whether Class Members and Subclass Members are entitled to injunctive

15    and other equitable relief and, if so, what is the nature of such relief; and

16        h)    Whether Class Members and Subclass Members are entitled to payment of

17    actual, incidental, consequential, exemplary and/or statutory damages plus interest thereon, and if

18    so, what is the nature of such relief?

19        33.    Typicality: Plaintiff's claims are typical of the Class and Subclass because he

20    reserved and paid for a rental car from Defendants in the typical retail consumer process but was

21    not provided with the promised rental car at the agreed to price. Additionally, Plaintiff was (1)

22    not refunded the amount paid for the rental car that was not provided, (2) not compensated for

23    additional expenses related to Defendants' failure to provide the agreed to rental car, and (3) not

24    compensated for the additional time and hassle related to Defendants' failure to provide the

25    agreed to rental car. Thus, Plaintiff, Class Members and Subclass Members sustained the same

26    injuries and damages arising out of Defendants' conduct in violation of California law. The

27    injuries and damages of each Class Member and Subclass Member were caused directly by

28    Defendants' wrongful conduct in violation of law as alleged.

1    34.    Adequacy: Plaintiff will fairly and adequately protect the interests of all Class

2    Members and Subclass Members because it is in his best interests to prosecute the claims alleged

3    herein to obtain full compensation due to him for the unfair and illegal conduct of which he

4    complains. Plaintiff also has no interests that conflict with or are antagonistic to the interests of

5    Class Members and Subclass Members. Plaintiff has retained highly competent and experienced

6    class action attorneys to represent his interests and that of the Class and Subclass. No conflict of

7    interest exists between Plaintiff, Class Members and/or Subclass Members, because all questions

8    of law and fact regarding liability of Defendants are common to Class Members and Subclass

9    Members and predominate over any individual issues that may exist, such that by prevailing on

10   his own claim, Plaintiff necessarily will establish Defendants' liability to all Class Members and

11   Subclass Members. Plaintiff and his counsel have the necessary financial resources to adequately

12   and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary

13   responsibilities to the Class Members and Subclass Members and are determined to diligently

14   discharge those duties by vigorously seeking the maximum possible recovery for Class Members

15   and Subclass Members.

16   35.    Superiority: There is no plain, speedy, or adequate remedy other than by

17   maintenance of this class action. The prosecution of individual remedies by members of the

18   Class and Subclass will tend to establish inconsistent standards of conduct for the Defendants and

19   result in the impairment of Class Members' and Subclass Members' rights and the disposition of

20   their interests through actions to which they were not parties. Class action treatment will permit a

21   large number of similarly situated persons to prosecute their common claims in a single forum

22   simultaneously, efficiently, and without the unnecessary duplication of effort and expense that

23   numerous individual actions world engender. Furthermore, as the damages suffered by each

24   individual member of the Class and Subclass may be relatively small, the expenses and burden of

25   individual litigation would make it difficult or impossible for individual members of the Class

26   and Subclass to redress the wrongs done to them, while an important public interest will be served

27   by addressing the matter as a class action.

28   36. Nexus to California. The State of California has a special interest in regulating the

1  affairs of corporations that do business here and persons who live here. Accordingly, there is a

2  substantial nexus between Defendants' unlawful behavior and California.

3      37.    Plaintiff is unaware of any difficulties that are likely to be encountered in the

4  management of this action that would preclude its maintenance as a class action.

5                                    **CAUSES OF ACTION**

6                            **PLAINTIFF'S FIRST CAUSE OF ACTION**

7  **(Unfair, Unlawful and Deceptive Trade Practices, Business and Professions Code § 17200, et seq.)**

8      38.    Plaintiff realleges and incorporates by reference the above paragraphs of this Class

9  Action Complaint as if set forth herein.

10     39.    Within four (4) years preceding the filing of this Class Action Complaint, and at

11 all times mentioned herein, Defendants have engaged, and continue to engage, in unfair, unlawful

12 and deceptive trade practices in California by engaging in the unfair and illegal business practices

13 outlined above, in particular by (1) charging customers for rental cars but not providing the

14 promised rental cars, (2) refusing to refund the amounts paid for the rental cars that were

15 promised but not provided, and (3) refusing to compensate customers for additional expenses

16 incurred as a result of Defendants' failure to provide the promised rental cars. Additionally,

17 Defendants have engaged, and continue to engage, in unfair, unlawful and deceptive trade

18 practices in California by failing to properly inform their rental car partners of the true nature and

19 existence of their reservations and breaching the contracts that they enter into with customers.

20     40.    Defendants engage in these unfair practices to increase their profits. Accordingly,

21 Defendants have engaged in unlawful trade practices, as defined and prohibited by section 17200,

22 *et seq.* of the California Business and Professions Code.

23     41.    The aforementioned practices, which Defendants have used, and continue to use,

24 to their significant financial gain, also constitute unlawful competition and provide an unlawful

25 advantage over Defendants' competitors as well as injury to the general public.

26     42.    Plaintiff seeks, on behalf of those similarly situated, full restitution and

27 disgorgement of monies, as necessary and according to proof, to restore any and all monies

28 acquired by Defendants from Plaintiff, the general public, or those similarly situated by means of

1    the unfair and/or deceptive trade practices complained of herein, plus interest thereon.

2        43.    Plaintiff seeks, on behalf of those similarly situated, an injunction to prohibit
3    Defendants from continuing to engage in the unfair trade practices complained of herein. The
4    acts complained of herein occurred, at least in part, within four (4) years preceding the filing of
5    this Class Action Complaint.

6        44.    Plaintiff and those similarly situated are further entitled to and do seek both a
7    declaration that the above-described trade practices are unfair, unlawful and/or fraudulent and
8    injunctive relief restraining Defendants from engaging in any of such deceptive, unfair and/or
9    unlawful trade practices in the future. Such misconduct by Defendants, unless and until enjoined
10   and restrained by order of this Court, will continue to cause injury in fact to the general public
11   and the loss of money and property in that the Defendants will continue to violate the laws of
12   California, unless specifically ordered to comply with the same. This expectation of future
13   violations will require current and future customers to repeatedly and continuously seek legal
14   redress in order to recover monies paid to Defendants to which Defendants are not entitled.
15   Plaintiff and those similarly situated have no other adequate remedy at law to ensure future
16   compliance with the California Business and Professions Code alleged to have been violated
17   herein.

18       45.    As a direct and proximate result of such actions, Plaintiff and the other members of
19   the Class have suffered and continue to suffer injury in fact and have lost money and/or property
20   as a result of such deceptive, unfair and/or unlawful trade practices and unfair competition in an
21   amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this
22   Court.

23       46.    As a direct and proximate result of such actions, Defendants have enjoyed, and
24   continue to enjoy, significant financial gain in an amount which will be proven at trial, but which
25   is in excess of the jurisdictional minimum of this Court.

26   **PLAINTIFF'S SECOND CAUSE OF ACTION**
27   **(False Advertising, Business and Professions Code § 17500, et seq.)**

28       47.    Plaintiff realleges and incorporates by reference the above paragraphs of this Class

1    Action Complaint.

2    48.    Beginning at an exact date unknown to Plaintiff, but within three (3) years

3    preceding the filing of the Class Action Complaint, Defendants have made untrue, false,

4    deceptive and or misleading statements in connection with the advertising and marketing of their

5    provision of rental cars throughout the State of California, including in the City of Berkeley and

6    County of Alameda.

7    49.    Defendants have made representations and statements that their rates on rental cars

8    are "discount," "low price," "great deals," "value-conscious," "last minute deals," "weekend

9    deals" and "cheap."   In fact, Defendants do not provide customers with the marketed and

10   advertised discount rates, deals, etc. but rather force customers to pay inflated, last-minute prices

11   for rental cars that they previously reserved and paid for at "discount rates."

12   50.    Defendants have made representations and statements that for its "name your own

13   price" rental car reservations, "[i]f your offer is accepted, we will immediately lock in your

14   reservation and charge your credit card." In fact, Defendants do not "lock in" the reservation but

15   rather charge customers' credit cards even when the reserved car is not available and is not

16   provided.

17   51.    Defendants engaged in these false, misleading and deceptive advertising and

18   marketing practices to increase their profits. Accordingly, Defendants have engaged in unlawful

19   trade practices, as defined and prohibited by section 17500, *et seq.* of the California Business and

20   Professions Code.

21   52.    The aforementioned practices, which Defendants have used, and continue to use,

22   to their significant financial gain, also constitute unlawful competition and provide an unlawful

23   advantage over Defendants' competitors as well as injury to the general public.

24   53.    Plaintiff seeks, on behalf of those similarly situated, full restitution and

25   disgorgement of monies, as necessary and according to proof, to restore any and all monies

26   acquired by Defendants from Plaintiff, the general public, or those similarly situated by means of

27   the unfair and/or deceptive trade practices complained of herein, plus interest thereon.

28   54.    Plaintiff seeks, on behalf of those similarly situated, an injunction to prohibit

1    Defendants from continuing to engage in the false, misleading and deceptive advertising and
2    marketing practices complained of herein.  The acts complained of herein occurred, at least in
3    part, within three (3) years preceding the filing of this Class Action Complaint.

4         55.    Plaintiff and those similarly situated are further entitled to and do seek both a
5    declaration that the above-described practices constitute false, misleading and deceptive
6    advertising, and injunctive relief restraining Defendants from engaging in any such advertising
7    and marketing practices in the future.  Such misconduct by Defendants, unless and until enjoined
8    and restrained by order of this Court, will continue to cause injury in fact to the general public
9    and the loss of money and property in that the Defendants will continue to violate the laws of
10   California, unless specifically ordered to comply with the same.  This expectation of future
11   violations will require current and future customers to repeatedly and continuously seek legal
12   redress in order to recover monies paid to Defendants to which Defendants are not entitled.
13   Plaintiff and those similarly situated have no other adequate remedy at law to ensure future
14   compliance with the California Business and Professions Code alleged to have been violated
15   herein.

16        56.    As a direct and proximate result of such actions, Plaintiff and the other members of
17   the Class have suffered, and continue to suffer, injury in fact and have lost money and/or property
18   as a result of such false, deceptive and misleading advertising in an amount which will be proven
19   at trial, but which is in excess of the jurisdictional minimum of this Court.

20        57.    As a direct and proximate result of such actions, Defendants have enjoyed, and
21   continue to enjoy, significant financial gain in an amount which will be proven at trial, but which
22   is in excess of the jurisdictional minimum of this Court.

23              **PLAINTIFF'S THIRD CAUSE OF ACTION**
24   **(Violation of the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*)**

25        58.    Plaintiff realleges and incorporates the above paragraphs of this Class Action
26   Complaint as set forth herein.

27        59.    This cause of action is brought pursuant to the California Consumers Legal
28   Remedies Act, California Civil Code § 1750, *et seq.* ("CLRA").

1      60.    Defendants' actions, representations and conduct has violated, and continue to

2  violate the CLRA, because they extend to transactions that are intended to result, or which have

3  resulted, in the sale or lease of goods or services to consumers.

4      61.    Plaintiff and other Class Members and Subclass Members are "consumers" as that

5  term is defined by the CLRA in California Civil Code § 1761(d).

6      62.    The provision of online travel-related internet booking services, including the

7  provision of rental car reservations, that Plaintiff (and others similarly situated Class Members

8  and Subclass Members) purchased from Defendants were "goods" within the meaning of

9  California Civil Code § 1761(a).

10      63.    By engaging in the actions, representations and conduct set forth in this Class

11  Action Complaint, Defendants have violated, and continue to violate, § 1770(a)(5) of the CLRA.

12  Specifically, in violation of California Civil Code §1770(a)(5), Defendants' acts and practices

13  constitute improper representations that the goods or services that they sell have sponsorship,

14  approval, characteristics, ingredients, uses, benefits, or quantities, which they do not have.

15      64.    By engaging in the actions, representations and conduct set forth in this Class

16  Action Complaint, Defendants have violated, and continue to violate, § 1770(a)(7) of the CLRA.

17  Specifically, in violation of California Civil Code §1770(a)(7), Defendants' acts and practices

18  constitute improper representations that the goods or services that they sell are of a particular

19  standard, quality, or grade, or that goods are of a particular style or model, when they were not.

20      65.    By engaging in the actions, representations and conduct set forth in this Class

21  Action Complaint, Defendants have violated, and continue to violate, § 1770(a)(9) of the CLRA.

22  Specifically, in violation of California Civil Code §1770(a)(9), Defendants advertise goods or

23  services with intent not to sell them as advertised.

24      66.    By engaging in the actions, representations and conduct set forth in this Class

25  Action Complaint, Defendants have violated, and continue to violate, § 1770(a)(10) of the CLRA.

26  Specifically, in violation of California Civil Code §1770(a)(10), Defendants advertise goods or

27  services with intent not to supply reasonably expectable demand, but do not disclose a limitation

28  of quantity.

67.    Plaintiff requests that this Court enjoin Defendants from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to California Civil Code § 1780(a)(2). If Defendants are not restrained from engaging in these types of practices in the future, Plaintiff and the other members of the Class will continue to suffer harm.

68.    CLRA § 1782 NOTICE. **Irrespective of any representations to the contrary in this Class Action Complaint, Plaintiff specifically disclaims, at this time, any request for damages under any provision of the CLRA.** Plaintiff, however, hereby provides Defendants with notice and demand that within thirty (30) days from that date, Defendants correct, repair, replace or other rectify the unlawful, unfair, false and or deceptive practices complained of herein. Defendants' failure to do so will result in Plaintiff amending this Complaint to seek, pursuant to California Civil Code § 1780(a)(3), on behalf of himself and those similarly situated Class Members and Subclass Members, compensatory damages, punitive damages and restitution of any ill-gotten gains due to Defendants' acts and practices.

69.    Plaintiff also requests that this Court award him his costs and reasonable attorneys' fees pursuant to California Civil Code § 1780(d).

### PLAINTIFF'S FOURTH CAUSE OF ACTION
**(Breach of Written Contract)**

70.    Plaintiff realleges and incorporates by of the above paragraphs of this Class Action Complaint as if set forth herein.

71.    On or about November 19, 2007, Plaintiff entered into a written contract with Defendants for the 3-day rental of an economy automobile in Albuquerque, New Mexico for $75.51 (the "Agreement").

72.    The Agreement specified, *inter alia*, that the amount paid would be (1) non-refundable, non-transferable and non-changeable even if the reservation is not used and (2) if the bid was accepted, Priceline would "immediately lock in [the] reservation and charge [customer's] credit card." It also specified that an economy car would be made available at the airport in Albuquerque, New Mexico on November 22, 2007 (at 9:30 pm) through November 25, 2007 (at 11:00 am) for a total charge of $75.51, which included $30.51 in "Taxes and Fees." Pursuant to

1    the terms of the Agreement, Plaintiff paid to Defendants $75.51.

2        73.    Except for the dates, locations, and amounts, Defendants entered into identical
3    contractual agreements with Class Members and Subclass Members.

4        74.    Plaintiff and Class Members and Subclass Members performed all their
5    obligations under the contracts.

6        75.    On or about November 22, 2007, Plaintiff arrived at the airport in Albuquerque,
7    New Mexico but no economy car was available for the above-mentioned dates for the total charge
8    of $75.51.  Rather, Plaintiff was offered a 7-passenger van for an additional $206.10 including
9    taxes and fees.

10        76.    Class Members and Subclass Members also were informed, upon attempting to
11    procure their pre-paid rental cars, that such cars either had not been paid for or were not available,
12    and they were required to pay an additional amount to secure a car or obtain other transportation
13    and/or lose the amount already paid to Defendants.

14        77.    Accordingly Defendants breached the written contract in which Plaintiff and those
15    similarly situated entered into with Defendants.  Additionally, Defendant breached the Agreement
16    by refusing to refund Plaintiff's (and those similarly situated) payment for the rental cars that
17    were promised but not delivered.

18        78.    As a direct and proximate result of the breaches set forth herein, Plaintiff, and
19    those similarly situated, have suffered, and continue to suffer, damages in an amount which will
20    be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

21                    **PLAINTIFF'S FIFTH CAUSE OF ACTION**
                    **(Fraud, Deceit and/or Misrepresentation)**
22

23        79.    Plaintiff realleges and incorporates by reference the above paragraphs of this Class
24    Action Complaint as set forth herein.

25        80.    On or about November 19, 2007, and on numerous occasions since and prior to
26    that occasion, Defendants made, and continue to make, fraudulent, misrepresentative, false and/or
27    deceptive statements regarding their travel related services.  Specifically, Defendants stated and
28    continue to state that its rates on rental cars are "discount," "low price," "great deals," "value-

1   conscious," "last minute deals," "weekend deals" and "cheap."  Defendants also stated that for its

2   "name your own price" rental car reservations, "[i]f your offer is accepted, we will immediately

3   lock in your reservation and charge your credit card." In fact, Defendants do not provide

4   customers with the marketed and advertised discount rates, deals, etc. but rather force customers

5   to pay inflated, last-minute prices for rental cars that they previously reserved and paid for.

6   Defendants also do not "lock in" the reservation but rather charge customers' credit cards even

7   when the reserved car is not available and is not provided.  At the time of making these

8   statements, Defendants have known them to be false or have recklessly disregarded their veracity.

9       81.     Moreover, Defendants employ fraudulent, misrepresentative, false and/or

10  deceptive practices to force customers to pay for rental cars that are not provided at the agreed to

11  price or quality.  Among other things, after refusing to fulfill the terms of their contracts,

12  Defendants then dispute credit card chargebacks by falsely claiming that Class Members and

13  Subclass Members were "no-shows."  Accordingly, Defendants employ fraudulent,

14  misrepresentative, false and/or deceptive practices to force customers to pay additional amounts

15  for renting cars at inflated, last-minute rates or accept inferior rental cars at inflated prices or

16  abandon their pre-paid reservations.

17      82.     These aforementioned fraudulent, deceptive, and/or false statements and omissions

18  concerned material facts that were essential to the analysis undertaken by Plaintiff and those

19  similarly situated as to whether to pay Defendants for rental car reservations.

20      83.     Plaintiff and those similarly situated would have acted differently had he, and they,

21  not been misled, but instead been informed that (1) their reservations would not properly be

22  transmitted to Defendants' rental car partners, (2) they would not receive the rental car that they

23  reserved and paid for, (3) they would incur additional expenses, (4) they would not receive a

24  refund and (5) they would receive inferior rental cars at either the same or inflated prices.

25      84.     Defendants had a fiduciary duty to inform Plaintiff and those similarly situated that

26  (1) their reservations would not properly be transmitted to Defendants' rental car partners,

27  (2) they would not receive the rental car that they reserved and paid for, (3) they would incur

28  additional expenses, (4) they would not receive a refund and (5) they would receive inferior rental

1    cars at either the same or inflated prices.

2        85.    In not informing Plaintiff, and those similarly situated, Defendants breached this

3    duty. Defendants also gained financially from, and as a result of, their breach.

4        86.    By and through such fraud, deceit, misrepresentations and/or omissions, Defendants

5    intended to induce Plaintiff and those similarly situated to alter their position to their detriment.

6        87.    Plaintiff and those similarly situated justifiably and reasonably relied on

7    Defendants' misrepresentations, and, accordingly, were damaged by the Defendants.

8        88.    As a direct and proximate result of Defendants' misrepresentations, Plaintiff and

9    those similarly situated have suffered damages in an amount equal to the amount that Defendants

10   billed them, the inflated price they paid for inferior rental cars and the additional expenses that

11   they incurred.

12                                    **PRAYER FOR RELIEF**

13       WHEREFORE, Plaintiff prays for judgment as follows:

14           A.    On Causes of Action Numbers 1 and 2 against Priceline and in favor of

15                 Plaintiff and the other members of the Class, and on Causes of Action

16                 Numbers 1 and 2 against Alamo and in favor of Plaintiff and the other

17                 members of the Subclass,

18                   1. For the greater of actual or compensatory damages according to

19                      proof;

20                   2. For restitution and disgorgement pursuant to, without limitation, the

21                      California Business & Professions Code §§ 17200, et seq. and

22                      17500, et seq;

23                   3. For injunctive relief pursuant to, without limitation, the California

24                      Business & Professions Code §§ 17200, et seq and 17500, et seq;

25                      and

26                   4. For exemplary or statutory damages; see, e.g., Cal. Civil Code §§

27                      3294 and 3345;

28           B.    On Cause of Action Number 3 against Priceline and in favor of Plaintiff

-18-
Class Action Complaint

1     and the other members of the Class, and on Cause of Action Number 3

2     against Alamo and in favor of Plaintiff and the other members of the Sub-

3     class:

4         1. For restitution and injunctive relief pursuant to California Civil

5            Code section 1780;

6         2   [Reserved]; and

7         3   [Reserved]

8   C.   On Cause of Action Number 4 against Priceline and in favor of Plaintiff

9     and the other members of the Class, and on Cause of Action Number 4

10     against Alamo and in favor of Plaintiff and the other members of the Sub-

11     class:

12         1. For an award of compensatory damages, the amount of which is to

13            be determined at trial;

14   E.   On Cause of Action Number 5 against Priceline and in favor of Plaintiff

15     and the other members of the Class, and on Cause of Action Number 5

16     against Alamo and in favor of Plaintiff and the other members of the Sub-

17     class:

18         1. An award of compensatory damages, the amount of which is to be

19            determined at trial; and

20         2. For punitive, exemplary and statutory damages according to proof;

21   G.   On all causes of action against Priceline and in favor of Plaintiff, Class

22     Members and the general public, and on all causes of action against Alamo

23     and in favor of Plaintiff, Subclass Members and the general public:

24         1. For reasonable attorneys' fees according to proof pursuant to, with-

25            out limitation, the California Legal Remedies Act and California

26            Code of Civil Procedure § 1021.5;

27         2. For costs of suit incurred; and

28         3. For such further relief as this Court may deem just and proper.

1           **JURY TRIAL DEMANDED**

2      Plaintiff hereby demands a trial by jury.

3      Dated:  April 22, 2008              **GUTRIDE SAFIER LLP**

4

5

6
                                          Adam J. Gutride, Esq.
7                                         Seth A. Safier, Esq.
                                          835 Douglass Street
8                                         San Francisco, California 94114

9
                                          Attorneys for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-20-
Class Action Complaint

# EXHIBIT B

*Hauer v. Priceline.com, Inc.*
**Summons**

# SUMMONS
## *(CITACION JUDICIAL)*



**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PRICELINE.COM INCORPORATED, a foreign corpora-tion; ALAMO RENT-A-CAR LLC, a foreign limited li-ability company; VANGUARD CAR RENTAL USA, INC., a foreign corporation; AND DOES 1 THROUGH 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GLEN HAUER, an individual, on behalf of himself, the general public and those similarly situated

**FILED**
**ALAMEDA COUNTY**

APR 2 3 2008

CLERK OF THE SUPERIOR COURT
By _____ *Deputy*

---

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* | **CASE NUMBER** *(Número del Caso)*: **CG 0 8 3 8 3 5 0 3** |
|---|---|

San Francisco Superior Court
400 McAllister Street
San Francisco, California 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Seth A. Safier - Gutride Safier LLP
835 Douglass Street, San Francisco, CA 94114; 415-336-6545; 415-449-6469

DATE: **APR 2 3 2008**
*(Fecha)*          Clerk, by _____, Deputy
          Pat S. Sweeten *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

www.accesslaw.com



# EXHIBIT C

*Hauer v. Priceline.com, Inc.*
**Notice of Service of Process**

## Maritz, Maxine

**From:**    Jackson, Geri (PCLN-NW) [Geri.Jackson@priceline.com]

**Sent:**    Wednesday, May 07, 2008 10:25 AM

**To:**    Maritz, Maxine

**Subject:** FW: Notice of Service of Process

Maxine,

I get these electronically now. Please let me know if you need anything else.

Geri Jackson
Manager - Legal
*priceline.com Incorporated*
800 Connecticut Avenue
Norwalk, CT 06854
203-299-8672
203-299-8915 (F)
geri.jackson@priceline.com

---

*This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you receive this message in error, please notify priceline.com Incorporated immediately by telephone (203-299-8000) or by return E-mail and delete this message, along with any attachments from your computer. Thank you.*

---

**From:** sop@cscinfo.com [mailto:sop@cscinfo.com]
**Sent:** Wednesday, April 30, 2008 2:43 PM
**To:** Jackson, Geri (PCLN-NW)
**Subject:** Notice of Service of Process

# Corporation Service Company ®

*CSC SameDay SOP and CSC PowerBrief clients, click here to receive and view your Service of Process documents now.*
*For more information on instant access to your SOP, click Sign Me Up.*

## NOTICE OF SERVICE OF PROCESS

Transmittal Number: 5749269
Date: 04/30/2008

Pursuant to client instructions, we are forwarding this summary and notice of Service of Process. The Service of Process document has been sent to the primary contact listed below.

---

**Entity:**                     Priceline.Com Incorporated

**Entity I.D. Number:**            1853583
**Entity Served:**                 Priceline.com Incorporated
**Title of Action:**               In Re: Glen Hauer
**Document(s) type:**              Letter: Failed to Comply
**Nature of Action:**              Other
**Jurisdiction Served:**           California
**Date Served on CSC:**            04/30/2008
**Answer or Appearance Due:** 30 Days
**Originally Served On:**           CSC
**How Served:**                    Certified Mail

**Sender Information:**
Seth A. Safier
415-336-6545

**Primary Contact:**
Geri Jackson
Priceline.Com Incorporated

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

Please visit www.incspot.com for more information on CSC's Litigation and Matter Management services, including service of process (SOP) history, online acknowledgement of SOP, fully electronic scanned SOP and SOP package tracking information.

**CSC is SAS70 Type II certified for its Litigation Management System.**

**2711 Centerville Road   Wilmington, DE 19808**
**(888) 690-2882   |   sop@cscinfo.com**

5/7/2008

JS 44 (Rev. 12/07)(cand rev 1-16-08)

**CIVIL COVER SHEET**

E-filing

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

GLEN HAUER, an individual on behalf of himself, the general public and those similarly situated

## DEFENDANTS

PRICELINE.COM, INC., a foreign corporation; ALAMO RENT-A-CAR LLC, a foreign limited liability company; et al.

**(b)** County of Residence of First Listed Plaintiff **Alameda**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Gutride Safier LLP
Adam Gutride, Esq., Seth Safier, Esq.
835 Douglass Street
San Francisco, CA 94114

Attorneys (If Known)

Sedgwick, Detert, Moran & Arnold LLP
Jacqueline Jauregui, Esq., Matthew A. Fischer, Esq., Marina Whelan, Esq.
801 South Figueroa Street, 19th Floor
Los Angeles, CA 90017

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☒ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☒ 196 Franchise | | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | | | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 791 Empl. Ret. Inc. | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | | or Defendant) | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | **IMMIGRATION** | ☐ 871 IRS—Third Party | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus – | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332, 1441, 1446 and 1453

Brief description of cause:
Class action alleging violation of California consumer statutes, breach of contract, and fraud.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $ over $5,000,000**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE  5/23/08

SIGNATURE OF ATTORNEY OF RECORD