1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   JACQUELINE M. JAUREGUI  Bar No. 095289
2  jacqueline.jauregui@sdma.com
   MARINA L. WHELAN  Bar No. 251087
3  marina.whelan@sdma.com
   801 South Figueroa Street, 19th Floor
4  Los Angeles, California 90017-5556
   Telephone: (213) 426-6900
5  Facsimile: (213) 426-6921

6  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   Matthew A. Fischer  (No. 191451)
7  matthew.fischer@sdma.com
   One Market Plaza
8  Steuart Tower, 8th Floor
   San Francisco, CA  94105
9  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
10
   Attorneys for Defendant
11 PRICELINE.COM, INC.

12             UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14

15 GLEN HAUER, an individual, on          CASE NO.   C 08-02608 JCS
   behalf of himself, the general public,
16 and those similarly situated,
                                           The Honorable Joseph C. Spero
17                    Plaintiff,

18       v.

19 PRICELINE.COM                           NOTICE OF ERRATA TO
   INCORPORATED, a foreign                 PRICELINE.COM, INC.'S
20 corporation; ALAMO RENT-A-              NOTICE OF REMOVAL
   CAR LLC, a foreign limited liability
21 company; VANGUARD CAR
   RENTAL USA, INC., a foreign
22 corporation; and DOES 1 through 50
                                           Class Action Complaint Filed:
23                    Defendant.           April 23, 2008

24

25       The following errors have been found in Defendant Priceline.com, Inc.'s

26 (Priceline) Notice of Removal.

27       1.    The three exhibits attached to Plaintiff's Complaint filed with the

28 Superior Court were inadvertently left off of Exhibit A to Priceline's Notice of

LA/784865v1

1  Removal of Action, the copy of Plaintiff's Complaint.  A true and correct copy of

2  Plaintiff's Complaint with the exhibits is attached hereto as Exhibit A.

3

4  DATED:  June 2, 2008              SEDGWICK, DETERT, MORAN & ARNOLD LLP

5

6                                    By: /s/ Jacqueline M. Jauregui
7                                        Jacqueline M. Jauregui
                                         Marina L. Whelan
8                                        Attorneys for Defendant
                                         PRICELINE.COM, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Errata to Priceline.com, Inc.'s Notice of Removal

# EXHIBIT A

*Hauer v. Priceline.com, Inc., et al.*
**Class Action Complaint filed April 23, 2008 With Exhibits**

1 | GUTRIDE SAFIER LLP
ADAM J. GUTRIDE (State Bar No. 181446)
2 | SETH A. SAFIER (State Bar No. 197427)
835 Douglass Street
3 | San Francisco, California 94114
Telephone: (415) 336-6545
4 | Facsimile: (415) 449-6469
5
6 | Attorneys for Plaintiff
7
8

ENDORSED
FILED
ALAMEDA COUNTY

APR 2 3 2008

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

7 |                SUPERIOR COURT OF THE STATE OF CALIFORNIA

8 |                     CITY AND COUNTY OF ALAMEDA

9

10 | GLEN HAUER, an individual, on behalf of himself, the
general public and those similarly situated
11
12 |     Plaintiff,
13 |         v.
14 | PRICELINE.COM INCORPORATED, a foreign corpora-
tion; ALAMO RENT-A-CAR LLC, a foreign limited li-
15 | ability company; VANGUARD CAR RENTAL USA,
INC., a foreign corporation; AND DOES 1 THROUGH 50
16
17 |     Defendants
18
19

CASE NO. RG 08383508

UNLIMITED CIVIL CASE

CLASS ACTION COMPLAINT
FOR UNFAIR BUSINESS
PRACTICES; FALSE ADVER-
TISING; VIOLATION OF THE
CALIFORNIA CONSUMERS
LEGAL REMEDIES ACT;
BREACH OF CONTRACT;
AND FRAUD, DECEIT
AND/OR MISREPRESENTA-
TION

JURY TRIAL DEMANDED

20
21
22
23
24
25
26
27
28

Class Action Complaint

1

1       Glen Hauer, by and through his counsel, brings this Class Action Complaint against

2  Defendants, on behalf of himself and those similarly situated, for violations of sections 17200 and

3  17500 *et seq.* of the California Business and Professions Code, violation of the California

4  Consumers Legal Remedies Act, breach of contract and fraud, deceit and/or misrepresentation.

5  The following allegations are based upon information and belief, including the investigation of

6  Plaintiff's counsel, unless stated otherwise.

7                     **INTRODUCTION**

8     1.    This case is about Defendants' systemic practice of accepting prepaid reservations

9  for rental cars but failing to provide the agreed to rental car at the agreed to price, failing to

10  refund customers' money, and failing to reimburse customers for expenses they incur because of

11  Defendants' actions.

12                        **PARTIES**

13     2.    Glen Hauer ("Plaintiff") is, and at all times alleged in this Class Action Complaint

14  was, an individual and a resident of the City of Berkeley in County of Alameda, California.

15     3.    Defendant Priceline.com Incorporated is a corporation duly incorporated under the

16  laws of the state of Delaware, having its principal place of business in Fairfield, Connecticut. It is

17  a leading provider of discount internet travel services, including car rentals.

18     4.    Defendant Alamo Rent-A-Car LLC is a limited liability company established,

19  under the laws of the state of Delaware, having its principal place of business in Fort Lauderdale,

20  Florida. It is a leading provider of car rentals.

21     5.    Vanguard Car Rental USA, Inc. is a corporation duly incorporated under the laws

22  of the state of Delaware, having its principal place of business in Tulsa, Oklahoma. It owns and

23  operates Alamo Rent-A-Car LLC and holds the copyright to all information provided on the

24  Alamo website.

25     6.    The true names and capacities of Defendants sued as Does 1 through 50 inclusive

26  are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to

27  section 474 of the California Code of Civil Procedure. Plaintiff will seek leave of Court to amend

28  this Class Action Complaint when said true names and capacities have been ascertained. The

1   Parties identified in paragraphs 3 through 6 of this Class Action Complaint are collectively

2   referred to hereafter as "Defendants." Defendants Priceline.com Incorporated and Does 1-20 are

3   referred to collectively herein as "Priceline." Defendants Alamo Rent-A-Car LLC; Vanguard Car

4   Rental USA, Inc.; and Does 21-50 are referred to collectively herein as "Alamo."

5          7.     At all times herein mentioned, each of the Defendants was the agent, servant,

6   representative, officer, director, partner or employee of the other Defendants and, in doing the

7   things herein alleged, was acting within the scope and course of his/her/its authority as such

8   agent, servant, representative, officer, director, partner or employee, and with the permission and

9   consent of each Defendant.

10         8.     At all times herein mentioned, Defendants, and each of them, were members of,

11  and engaged in, a joint venture, partnership and common enterprise, and acting within the course

12  and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

13         9.     At all times herein mentioned, the acts and omissions of Defendants, and each of

14  them, concurred and contributed to the various acts and omissions of each and all of the other

15  Defendants in proximately causing the injuries and damages as herein alleged.

16         10.    At all times herein mentioned, Defendants, and each of them, ratified each and

17  every act or omission complained of herein. At all times herein mentioned, the Defendants, and

18  each of them, aided and abetted the acts and omissions of each and all of the other Defendants in

19  proximately causing the damages, and other injuries, as herein alleged.

20                          **JURISDICTION AND VENUE**

21         11.    This action is brought by Plaintiff pursuant, *inter alia*, to the California Business

22  and Professions Code, Sections 17200 *et. seq.* Plaintiff and Defendants are "persons" within the

23  meaning of the California Business and Professions Code, section 17201.

24         12.    The injuries, damages and/or harm upon which this action is based, occurred or

25  arose out of activities engaged in by Defendants within, and affecting, the State of California.

26         13.    Defendants have engaged, and continue to engage, in substantial and continuous

27  business practices in the State of California, including in the City of Berkeley and the County of

28  Alameda.

14.    Plaintiff entered into the contract that is at issue in this dispute while in his residence in Berkeley, California.

15.    Accordingly, Plaintiff alleges that jurisdiction and venue are proper in this Court.

## SUBSTANTIVE ALLEGATIONS

### Priceline Markets, Advertises and Sells Travel Related Services On The Internet

16.    Priceline is a leading online provider of discount travel services. Priceline allows customers to use its websites at www.priceline.com, www.travelweb.com, www.lowestfare.com, www.rentalcars.com and www.breezenet.com (collectively referred to as "Websites") to make pre-paid reservations for rental cars, hotel rooms, airline tickets and vacation packages. On the Priceline Websites, customers can "name their own price" or select from previously negotiated rates for rental cars, hotel rooms, airline tickets and vacation packages.

17.    Priceline aggressively markets, advertises and represents its rates on hotels, rental cars and airfares as "discount," "low price," "great deals," "value-conscious," "last minute deals," "weekend deals," and "cheap." Priceline further states that for its "name your own price" rental car reservations, "[i]f your offer is accepted, we will immediately lock in your reservation and charge your credit card."

18.    Priceline also markets, advertises and represents that if customers name their own price, their "rental car will be booked through one of the following companies (Alamo, Avis, Budget, Hertz, or National)." Pursuant to the booking services provided by Priceline, and the contractual arrangements between Alamo and Priceline, Alamo is to provide to the rental car services in exchange for the payment collected by Priceline prepaid reservations. Alamo authorizes Priceline to use Alamo's trademarked logo in advertising rental car reservations and to include the following language on the Priceline website: "**Alamo and priceline:** Priceline offers great deals to all Alamo locations. Alamo has teamed-up with priceline.com to provide the lowest rates for the most Alamo customers." (emphasis supplied.)

### Plaintiff Made Pre-Paid Reservations For A Rental Car, But Did Not Receive The Promised Car At The Agreed To Price

19.    On or about November 19, 2007, Plaintiff placed a $15.00 per day bid for rental of

1  an economy-sized car in Albuquerque, New Mexico from November 22, 2007 through

2  November 25, 2007. Plaintiff's pick-up time was specified as 9:30 pm and drop-off time as

3  11:00 am. As part of the bid process, Plaintiff was required to input his credit card number to the

4  Priceline website and agree, if his bid was accepted, to pay the associated $45.00 charge (i.e., 3

5  days at $15.00 per day) as well as additional charges for "Taxes and Fees." Plaintiff's bid was

6  accepted and his credit card was accordingly charged $75.51 by Priceline. (A true and correct

7  copy of Plaintiff's reservation confirmation is attached hereto as Exhibit A.)

8       20.     On the evening of November 22, 2007, after taking a shuttle from the Albuquerque

9  International Airport terminal provided by the rental car companies, Plaintiff and his wife arrived

10  at the Alamo car rental desk at approximately 9:30 pm. At that time, he provided to the Alamo

11  agent a copy of Exhibit A. The Alamo agent indicated that Alamo had a record of his reservation

12  but no record of payment. Additionally, the Alamo agent stated that his reservation record

13  indicated that he had reserved a "full-size" car when, in fact, he had reserved an "economy" car.

14  Finally, the Alamo agent indicated that Alamo did not have available any "economy" cars or even

15  any "full-size" cars, but rather only a 7-passenger van that would cost $206.10 for Plaintiff's

16  specified rental dates. (A true and correct copy of the price quotation sheet provided by Alamo

17  to Plaintiff for the van is attached hereto as Exhibit B.)

18       21.     Plaintiff then telephoned Priceline to ask for guidance. He was required to

19  navigate through the Priceline automated telephone system, and speak to two or three different

20  representatives who were unable to assist him. Eventually, he was connected to a Priceline

21  representative named Heather. Heather acknowledged that she could see that the reservation had

22  been paid and that it was for an economy car. She refused, however, to instruct the Alamo rental

23  car agent that the rental had been prepaid, stating that the department of Priceline that works with

24  Alamo was closed, and that she could not agree that Priceline would pay the higher cost of the

25  rental van. Plaintiff asked to speak with a supervisor, but Heather stated that in order to do so,

26  Plaintiff would need to hang up and call a different number.

27       22.     Given Plaintiff's fear of not receiving reimbursement, the late hour (due to the

28  delay of dealing with the Priceline representative) and the weather (a snowstorm was approaching

1    from the North, and he did not feel safe driving a large van), Plaintiff elected not to accept the 7-

2    passenger van. Because of the delay caused by Defendants, Plaintiff also was unable to take a

3    bus to Santa Fe, as the last bus departed from Albuquerque airport at 10:00 p.m. (Plaintiff did

4    return to the terminal in an attempt to take the bus, but it had already departed and could not be

5    recalled). Plaintiff's wife asked a taxi driver if he would take them to Santa Fe, but the driver was

6    reluctant in light of the weather and further estimated the fare at least $100. Accordingly,

7    Plaintiff could not drive the approximately 75 miles to Santa Fe that evening, but rather he and

8    his wife were forced to stay in Albuquerque at a Wyndham hotel nearby the Airport. The hotel

9    cost Plaintiff $100.46.

10        23.    The next morning, Plaintiff's brother (whose wedding was occurring that

11   weekend) was forced to drive from Santa Fe to Albuquerque to retrieve the couple from the

12   Wyndham hotel and then drive them back to Santa Fe. To return from Santa Fe, Plaintiff's wife

13   took a shuttle and Plaintiff took a commuter bus, at additional expense.

14        24.    Despite the fact that no car was available for Plaintiff, and that Plaintiff had so

15   informed Priceline, Priceline still charged his credit card $75.51. Plaintiff disputed the charge

16   with his credit card company, but Priceline challenged the disputed charge, falsely claiming that

17   Plaintiff was a "no show" at the Alamo rental counter, so Plaintiff was forced to pay that amount.

18   (A true and correct copy of Priceline's response to the credit card charge dispute is attached

19   hereto as Exhibit C.)

20        25.    Plaintiff's experience was not an isolated incident. Rather, up to 40% of the

21   reservations made through Priceline's Websites are improperly transferred to Priceline's rental

22   car partners. In each instance, however, Priceline refuses to refund customers' money or

23   reimburse customers' for any additional expenses that are incurred due to the fact that the

24   reservation was in error.

25        26.    For example, one customer posted this statement on an Internet complaint forum:

26              I booked a rental car via priceline.com on June 20,2004 from Aug 5
                to Aug 10. Pickup was from Avis of Boston airport. Amount was
27              $208.53 which Priceline charged on June 20 itself. On Aug 5 I
                reached Avis of Boston airport. Avis said that they did not receive
28

1     payment from priceline and cannot give me a car. I told them that I
2     had already paid priceline and have internet booking printouts.
They said it won't help and called up priceline. Priceline customer
3     rep found that they had a glich in their system and was sorry for not
sending the payment to Avis yet. She then told me that I should use
4     another credit card of mine to pick up the rental car now and price-
line will refund the amount charged by Avis. I used my visa credit
5     card and picked up the rental car. Avis told that my total for 5 days
would come to $541.19. I asked them why it was so high. They told
6     that they have special deals for priceline and that they always
charge this high when dealing with customers directly and that I
7     should not worry since Priceline will refund anyhow. ... I asked
priceline to refund $541.19 only, however they refunded my origi-
8     nal $208.53 and said that I upgraded my car so they will not refund
$541.19. Hence I ended up paying $578.39 for something which I
9     would have paid only $208.53. This is really crazy.

10

11  http://www.ectnews.com/perl/board/mboard.pl/ecttalkback/thread602/602.html, last visited April

12  22, 2008.

13        27.    Another customer posted this statement on another Internet complaint forum:

14            I live in the UK and arranged a hire car with Priceline. com. these
are agents for National and Alamo car hire. The cost was $454
15            guaranteed and covers insurance, taxes and surcharges.

16            At Charlotte airport they refused to accept the voucher that I pro-
duced and insisted I took cover for everything.
17

18            Quoted over $1200 from my credit card. I complained but got no-
where fast.
19                            * * *

20            I contacted both customer services and had no joy, be shunted from
pillar to post. Neither taking responsibility and neither offering or
21            honoring the original quotation.

22  http://www.my3cents.com/showReview.cgi?id=29821, last visited April 22, 2008.

23                             **CLASS ALLEGATIONS**

24        28.    Plaintiff brings this action against Defendants on behalf of himself and all others

25  similarly situated, as a class action pursuant to section 382 of the California Code of Civil

26  Procedure and section 1781 of the California Civil Code.  The class that Plaintiff seeks to

27  represent against Priceline is defined as follows:

28

1    All California residents who paid Priceline for a car rental but did not receive
     the agreed rental car at the agreed price when they attempted to claim their
2    pre-paid reservations,

3    For purposes of this Class Action Complaint, the phrases "Class" and "Class Members" shall re-

4    fer collectively to all members of this class, including the named Plaintiff.

5        29.    Plaintiff further seeks to represent a subclass against Alamo consisting of the

6    following:

7        All Class Members whose car rental was booked through Alamo.

8    For purposes of this Class Action Complaint, the phrases "Subclass" and "Subclass Members"

9    shall refer collectively to all members of this subclass, including the named Plaintiff.

10       30.    This action has been brought and may properly be maintained as a class action

11   against the Defendants pursuant to the provisions of California Code of Civil Procedure section

12   382 because there is a well-defined community of interest in the litigation and the proposed class

13   is easily ascertainable.

14       31.    Numerosity: Plaintiff does not know the exact size of the Class and Subclass, but it

15   is estimated that the Class and Subclass are each composed of more than 5,000 persons. The

16   persons in the Class and Subclass are so numerous that the joinder of all such persons is

17   impracticable and the disposition of their claims in a class action rather than in individual actions

18   will benefit the parties and the courts.

19       32.    Common Questions Predominate: This action involves common questions of law

20   and fact to the potential class because each Class Member's and Subclass Member's claim

21   derives from the unlawful or unfair charges to their credit card accounts. The common questions

22   of law and fact predominate over individual questions, as proof of a common or single set of facts

23   will establish the right of each member of the Class and Subclass to recover. Among the

24   questions of law and fact common to the class and Subclass are:

25       a)    Whether Defendants fail to transfer car rental reservation information to

26   their partner companies that provide the cars, but nevertheless charge (and refuse to refund)

27   customers for the reservations;

28

1            b)      Whether Defendants require Class Members and Subclass Members to pay

2 additional amounts to receive rental vehicles and refuse to reimburse them for additional expenses

3 related to Defendants' failure to provide agreed services;

4            c)      Whether Defendants engaged in the alleged conduct knowingly, recklessly,

5 or negligently;

6            d)      Whether Defendants' advertising regarding pre-paid reservations was likely

7 to deceive Class Members and Subclass Members or was unfair;

8            e)      Whether the alleged conduct by Defendants constitutes a breach of their

9 written contract(s) with Plaintiffs and Class Members and Subclass Members, as posted on the

10 Websites and contained in email confirmations;

11            f)      The amount of revenues and profits Defendants received and/or the amount

12 of monies or other obligations lost by Class Members and Subclass Members as a result of such

13 wrongdoing;

14            g)      Whether Class Members and Subclass Members are entitled to injunctive

15 and other equitable relief and, if so, what is the nature of such relief; and

16            h)      Whether Class Members and Subclass Members are entitled to payment of

17 actual, incidental, consequential, exemplary and/or statutory damages plus interest thereon, and if

18 so, what is the nature of such relief?

19      33.     Typicality: Plaintiff's claims are typical of the Class and Subclass because he

20 reserved and paid for a rental car from Defendants in the typical retail consumer process but was

21 not provided with the promised rental car at the agreed to price. Additionally, Plaintiff was (1)

22 not refunded the amount paid for the rental car that was not provided, (2) not compensated for

23 additional expenses related to Defendants' failure to provide the agreed to rental car, and (3) not

24 compensated for the additional time and hassle related to Defendants' failure to provide the

25 agreed to rental car. Thus, Plaintiff, Class Members and Subclass Members sustained the same

26 injuries and damages arising out of Defendants' conduct in violation of California law. The

27 injuries and damages of each Class Member and Subclass Member were caused directly by

28 Defendants' wrongful conduct in violation of law as alleged.

1    34.    Adequacy: Plaintiff will fairly and adequately protect the interests of all Class

2  Members and Subclass Members because it is in his best interests to prosecute the claims alleged

3  herein to obtain full compensation due to him for the unfair and illegal conduct of which he

4  complains. Plaintiff also has no interests that conflict with or are antagonistic to the interests of

5  Class Members and Subclass Members. Plaintiff has retained highly competent and experienced

6  class action attorneys to represent his interests and that of the Class and Subclass. No conflict of

7  interest exists between Plaintiff, Class Members and/or Subclass Members, because all questions

8  of law and fact regarding liability of Defendants are common to Class Members and Subclass

9  Members and predominate over any individual issues that may exist, such that by prevailing on

10  his own claim, Plaintiff necessarily will establish Defendants' liability to all Class Members and

11  Subclass Members. Plaintiff and his counsel have the necessary financial resources to adequately

12  and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary

13  responsibilities to the Class Members and Subclass Members and are determined to diligently

14  discharge those duties by vigorously seeking the maximum possible recovery for Class Members

15  and Subclass Members.

16    35.    Superiority: There is no plain, speedy, or adequate remedy other than by

17  maintenance of this class action. The prosecution of individual remedies by members of the

18  Class and Subclass will tend to establish inconsistent standards of conduct for the Defendants and

19  result in the impairment of Class Members' and Subclass Members' rights and the disposition of

20  their interests through actions to which they were not parties. Class action treatment will permit a

21  large number of similarly situated persons to prosecute their common claims in a single forum

22  simultaneously, efficiently, and without the unnecessary duplication of effort and expense that

23  numerous individual actions world engender. Furthermore, as the damages suffered by each

24  individual member of the Class and Subclass may be relatively small, the expenses and burden of

25  individual litigation would make it difficult or impossible for individual members of the Class

26  and Subclass to redress the wrongs done to them, while an important public interest will be served

27  by addressing the matter as a class action.

28    36. Nexus to California. The State of California has a special interest in regulating the

1    affairs of corporations that do business here and persons who live here.  Accordingly, there is a

2    substantial nexus between Defendants' unlawful behavior and California.

3        37.    Plaintiff is unaware of any difficulties that are likely to be encountered in the

4    management of this action that would preclude its maintenance as a class action.

5                                    **CAUSES OF ACTION**

6                          **PLAINTIFF'S FIRST CAUSE OF ACTION**
     **(Unfair, Unlawful and Deceptive Trade Practices, Business and Professions Code § 17200,**
7                                        **et seq.)**

8        38.    Plaintiff realleges and incorporates by reference the above paragraphs of this Class

9    Action Complaint as if set forth herein.

10       39.    Within four (4) years preceding the filing of this Class Action Complaint, and at

11   all times mentioned herein, Defendants have engaged, and continue to engage, in unfair, unlawful

12   and deceptive trade practices in California by engaging in the unfair and illegal business practices

13   outlined above, in particular by (1) charging customers for rental cars but not providing the

14   promised rental cars, (2) refusing to refund the amounts paid for the rental cars that were

15   promised but not provided, and (3) refusing to compensate customers for additional expenses

16   incurred as a result of Defendants' failure to provide the promised rental cars.  Additionally,

17   Defendants have engaged, and continue to engage, in unfair, unlawful and deceptive trade

18   practices in California by failing to properly inform their rental car partners of the true nature and

19   existence of their reservations and breaching the contracts that they enter into with customers.

20       40.    Defendants engage in these unfair practices to increase their profits.  Accordingly,

21   Defendants have engaged in unlawful trade practices, as defined and prohibited by section 17200,

22   *et seq.* of the California Business and Professions Code.

23       41.    The aforementioned practices, which Defendants have used, and continue to use,

24   to their significant financial gain, also constitute unlawful competition and provide an unlawful

25   advantage over Defendants' competitors as well as injury to the general public.

26       42.    Plaintiff seeks, on behalf of those similarly situated, full restitution and

27   disgorgement of monies, as necessary and according to proof, to restore any and all monies

28   acquired by Defendants from Plaintiff, the general public, or those similarly situated by means of

                                          -10-

1   the unfair and/or deceptive trade practices complained of herein, plus interest thereon.

2       43.    Plaintiff seeks, on behalf of those similarly situated, an injunction to prohibit

3   Defendants from continuing to engage in the unfair trade practices complained of herein. The

4   acts complained of herein occurred, at least in part, within four (4) years preceding the filing of

5   this Class Action Complaint.

6       44.    Plaintiff and those similarly situated are further entitled to and do seek both a

7   declaration that the above-described trade practices are unfair, unlawful and/or fraudulent and

8   injunctive relief restraining Defendants from engaging in any of such deceptive, unfair and/or

9   unlawful trade practices in the future. Such misconduct by Defendants, unless and until enjoined

10  and restrained by order of this Court, will continue to cause injury in fact to the general public

11  and the loss of money and property in that the Defendants will continue to violate the laws of

12  California, unless specifically ordered to comply with the same. This expectation of future

13  violations will require current and future customers to repeatedly and continuously seek legal

14  redress in order to recover monies paid to Defendants to which Defendants are not entitled.

15  Plaintiff and those similarly situated have no other adequate remedy at law to ensure future

16  compliance with the California Business and Professions Code alleged to have been violated

17  herein.

18      45.    As a direct and proximate result of such actions, Plaintiff and the other members of

19  the Class have suffered and continue to suffer injury in fact and have lost money and/or property

20  as a result of such deceptive, unfair and/or unlawful trade practices and unfair competition in an

21  amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this

22  Court.

23      46.    As a direct and proximate result of such actions, Defendants have enjoyed, and

24  continue to enjoy, significant financial gain in an amount which will be proven at trial, but which

25  is in excess of the jurisdictional minimum of this Court.

26  **PLAINTIFF'S SECOND CAUSE OF ACTION**

27  **(False Advertising, Business and Professions Code § 17500, et seq.)**

28      47.    Plaintiff realleges and incorporates by reference the above paragraphs of this Class

1 | Action Complaint.

2    48.    Beginning at an exact date unknown to Plaintiff, but within three (3) years

3 | preceding the filing of the Class Action Complaint, Defendants have made untrue, false,

4 | deceptive and or misleading statements in connection with the advertising and marketing of their

5 | provision of rental cars throughout the State of California, including in the City of Berkeley and

6 | County of Alameda.

7    49.    Defendants have made representations and statements that their rates on rental cars

8 | are "discount," "low price," "great deals," "value-conscious," "last minute deals," "weekend

9 | deals" and "cheap."   In fact, Defendants do not provide customers with the marketed and

10 | advertised discount rates, deals, etc. but rather force customers to pay inflated, last-minute prices

11 | for rental cars that they previously reserved and paid for at "discount rates."

12    50.    Defendants have made representations and statements that for its "name your own

13 | price" rental car reservations, "[i]f your offer is accepted, we will immediately lock in your

14 | reservation and charge your credit card."   In fact, Defendants do not "lock in" the reservation but

15 | rather charge customers' credit cards even when the reserved car is not available and is not

16 | provided.

17    51.    Defendants engaged in these false, misleading and deceptive advertising and

18 | marketing practices to increase their profits.   Accordingly, Defendants have engaged in unlawful

19 | trade practices, as defined and prohibited by section 17500, *et seq.* of the California Business and

20 | Professions Code.

21    52.    The aforementioned practices, which Defendants have used, and continue to use,

22 | to their significant financial gain, also constitute unlawful competition and provide an unlawful

23 | advantage over Defendants' competitors as well as injury to the general public.

24    53.    Plaintiff seeks, on behalf of those similarly situated, full restitution and

25 | disgorgement of monies, as necessary and according to proof, to restore any and all monies

26 | acquired by Defendants from Plaintiff, the general public, or those similarly situated by means of

27 | the unfair and/or deceptive trade practices complained of herein, plus interest thereon.

28    54.    Plaintiff seeks, on behalf of those similarly situated, an injunction to prohibit

1  Defendants from continuing to engage in the false, misleading and deceptive advertising and
2  marketing practices complained of herein. The acts complained of herein occurred, at least in
3  part, within three (3) years preceding the filing of this Class Action Complaint.
4      55.    Plaintiff and those similarly situated are further entitled to and do seek both a
5  declaration that the above-described practices constitute false, misleading and deceptive
6  advertising, and injunctive relief restraining Defendants from engaging in any such advertising
7  and marketing practices in the future. Such misconduct by Defendants, unless and until enjoined
8  and restrained by order of this Court, will continue to cause injury in fact to the general public
9  and the loss of money and property in that the Defendants will continue to violate the laws of
10 California, unless specifically ordered to comply with the same. This expectation of future
11 violations will require current and future customers to repeatedly and continuously seek legal
12 redress in order to recover monies paid to Defendants to which Defendants are not entitled.
13 Plaintiff and those similarly situated have no other adequate remedy at law to ensure future
14 compliance with the California Business and Professions Code alleged to have been violated
15 herein.
16     56.    As a direct and proximate result of such actions, Plaintiff and the other members of
17 the Class have suffered, and continue to suffer, injury in fact and have lost money and/or property
18 as a result of such false, deceptive and misleading advertising in an amount which will be proven
19 at trial, but which is in excess of the jurisdictional minimum of this Court.
20     57.    As a direct and proximate result of such actions, Defendants have enjoyed, and
21 continue to enjoy, significant financial gain in an amount which will be proven at trial, but which
22 is in excess of the jurisdictional minimum of this Court.
23                 **PLAINTIFF'S THIRD CAUSE OF ACTION**
24     **(Violation of the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*)**
25     58.    Plaintiff realleges and incorporates the above paragraphs of this Class Action
26 Complaint as set forth herein.
27     59.    This cause of action is brought pursuant to the California Consumers Legal
28 Remedies Act, California Civil Code § 1750, *et seq.* ("CLRA").

60.     Defendants' actions, representations and conduct has violated, and continue to violate the CLRA, because they extend to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

61.     Plaintiff and other Class Members and Subclass Members are "consumers" as that term is defined by the CLRA in California Civil Code § 1761(d).

62.     The provision of online travel-related internet booking services, including the provision of rental car reservations, that Plaintiff (and others similarly situated Class Members and Subclass Members) purchased from Defendants were "goods" within the meaning of California Civil Code § 1761(a).

63.     By engaging in the actions, representations and conduct set forth in this Class Action Complaint, Defendants have violated, and continue to violate, § 1770(a)(5) of the CLRA. Specifically, in violation of California Civil Code §1770(a)(5), Defendants' acts and practices constitute improper representations that the goods or services that they sell have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities, which they do not have.

64.     By engaging in the actions, representations and conduct set forth in this Class Action Complaint, Defendants have violated, and continue to violate, § 1770(a)(7) of the CLRA. Specifically, in violation of California Civil Code §1770(a)(7), Defendants' acts and practices constitute improper representations that the goods or services that they sell are of a particular standard, quality, or grade, or that goods are of a particular style or model, when they were not.

65.     By engaging in the actions, representations and conduct set forth in this Class Action Complaint, Defendants have violated, and continue to violate, § 1770(a)(9) of the CLRA. Specifically, in violation of California Civil Code §1770(a)(9), Defendants advertise goods or services with intent not to sell them as advertised.

66.     By engaging in the actions, representations and conduct set forth in this Class Action Complaint, Defendants have violated, and continue to violate, § 1770(a)(10) of the CLRA. Specifically, in violation of California Civil Code §1770(a)(10), Defendants advertise goods or services with intent not to supply reasonably expectable demand, but do not disclose a limitation of quantity.

67.    Plaintiff requests that this Court enjoin Defendants from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to California Civil Code § 1780(a)(2). If Defendants are not restrained from engaging in these types of practices in the future, Plaintiff and the other members of the Class will continue to suffer harm.

68.    CLRA § 1782 NOTICE. **Irrespective of any representations to the contrary in this Class Action Complaint, Plaintiff specifically disclaims, at this time, any request for damages under any provision of the CLRA.** Plaintiff, however, hereby provides Defendants with notice and demand that within thirty (30) days from that date, Defendants correct, repair, replace or other rectify the unlawful, unfair, false and or deceptive practices complained of herein. Defendants' failure to do so will result in Plaintiff amending this Complaint to seek, pursuant to California Civil Code § 1780(a)(3), on behalf of himself and those similarly situated Class Members and Subclass Members, compensatory damages, punitive damages and restitution of any ill-gotten gains due to Defendants' acts and practices.

69.    Plaintiff also requests that this Court award him his costs and reasonable attorneys' fees pursuant to California Civil Code § 1780(d).

## PLAINTIFF'S FOURTH CAUSE OF ACTION
### (Breach of Written Contract)

70.    Plaintiff realleges and incorporates by of the above paragraphs of this Class Action Complaint as if set forth herein.

71.    On or about November 19, 2007, Plaintiff entered into a written contract with Defendants for the 3-day rental of an economy automobile in Albuquerque, New Mexico for $75.51 (the "Agreement").

72.    The Agreement specified, *inter alia,* that the amount paid would be (1) non-refundable, non-transferable and non-changeable even if the reservation is not used and (2) if the bid was accepted, Priceline would "immediately lock in [the] reservation and charge [customer's] credit card." It also specified that an economy car would be made available at the airport in Albuquerque, New Mexico on November 22, 2007 (at 9:30 pm) through November 25, 2007 (at 11:00 am) for a total charge of $75.51, which included $30.51 in "Taxes and Fees." Pursuant to

1   the terms of the Agreement, Plaintiff paid to Defendants $75.51.

2       73.     Except for the dates, locations, and amounts, Defendants entered into identical

3   contractual agreements with Class Members and Subclass Members.

4       74.     Plaintiff and Class Members and Subclass Members performed all their

5   obligations under the contracts.

6       75.     On or about November 22, 2007, Plaintiff arrived at the airport in Albuquerque,

7   New Mexico but no economy car was available for the above-mentioned dates for the total charge

8   of $75.51. Rather, Plaintiff was offered a 7-passenger van for an additional $206.10 including

9   taxes and fees.

10      76.     Class Members and Subclass Members also were informed, upon attempting to

11  procure their pre-paid rental cars, that such cars either had not been paid for or were not available,

12  and they were required to pay an additional amount to secure a car or obtain other transportation

13  and/or lose the amount already paid to Defendants.

14      77.     Accordingly Defendants breached the written contract in which Plaintiff and those

15  similarly situated entered into with Defendants. Additionally, Defendant breached the Agreement

16  by refusing to refund Plaintiff's (and those similarly situated) payment for the rental cars that

17  were promised but not delivered.

18      78.     As a direct and proximate result of the breaches set forth herein, Plaintiff, and

19  those similarly situated, have suffered, and continue to suffer, damages in an amount which will

20  be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

21                  **PLAINTIFF'S FIFTH CAUSE OF ACTION**
                    (Fraud, Deceit and/or Misrepresentation)
22

23      79.     Plaintiff realleges and incorporates by reference the above paragraphs of this Class

24  Action Complaint as set forth herein.

25      80.     On or about November 19, 2007, and on numerous occasions since and prior to

26  that occasion, Defendants made, and continue to make, fraudulent, misrepresentative, false and/or

27  deceptive statements regarding their travel related services. Specifically, Defendants stated and

28  continue to state that its rates on rental cars are "discount," "low price," "great deals," "value-

1    conscious," "last minute deals," "weekend deals" and "cheap." Defendants also stated that for its

2    "name your own price" rental car reservations, "[i]f your offer is accepted, we will immediately

3    lock in your reservation and charge your credit card." In fact, Defendants do not provide

4    customers with the marketed and advertised discount rates, deals, etc. but rather force customers

5    to pay inflated, last-minute prices for rental cars that they previously reserved and paid for.

6    Defendants also do not "lock in" the reservation but rather charge customers' credit cards even

7    when the reserved car is not available and is not provided.  At the time of making these

8    statements, Defendants have known them to be false or have recklessly disregarded their veracity.

9         81.     Moreover, Defendants employ fraudulent, misrepresentative, false and/or

10   deceptive practices to force customers to pay for rental cars that are not provided at the agreed to

11   price or quality.  Among other things, after refusing to fulfill the terms of their contracts,

12   Defendants then dispute credit card chargebacks by falsely claiming that Class Members and

13   Subclass Members were "no-shows." Accordingly, Defendants employ fraudulent,

14   misrepresentative, false and/or deceptive practices to force customers to pay additional amounts

15   for renting cars at inflated, last-minute rates or accept inferior rental cars at inflated prices or

16   abandon their pre-paid reservations.

17        82.     These aforementioned fraudulent, deceptive, and/or false statements and omissions

18   concerned material facts that were essential to the analysis undertaken by Plaintiff and those

19   similarly situated as to whether to pay Defendants for rental car reservations.

20        83.     Plaintiff and those similarly situated would have acted differently had he, and they,

21   not been misled, but instead been informed that (1) their reservations would not properly be

22   transmitted to Defendants' rental car partners, (2) they would not receive the rental car that they

23   reserved and paid for, (3) they would incur additional expenses, (4) they would not receive a

24   refund and (5) they would receive inferior rental cars at either the same or inflated prices.

25        84.     Defendants had a fiduciary duty to inform Plaintiff and those similarly situated that

26   (1) their reservations would not properly be transmitted to Defendants' rental car partners,

27   (2) they would not receive the rental car that they reserved and paid for, (3) they would incur

28   additional expenses, (4) they would not receive a refund and (5) they would receive inferior rental

1   cars at either the same or inflated prices.

2       85.    In not informing Plaintiff, and those similarly situated, Defendants breached this

3   duty. Defendants also gained financially from, and as a result of, their breach.

4       86.    By and through such fraud, deceit, misrepresentations and/or omissions, Defendants

5   intended to induce Plaintiff and those similarly situated to alter their position to their detriment.

6       87.    Plaintiff and those similarly situated justifiably and reasonably relied on

7   Defendants' misrepresentations, and, accordingly, were damaged by the Defendants.

8       88.    As a direct and proximate result of Defendants' misrepresentations, Plaintiff and

9   those similarly situated have suffered damages in an amount equal to the amount that Defendants

10  billed them, the inflated price they paid for inferior rental cars and the additional expenses that

11  they incurred.

12                                  **PRAYER FOR RELIEF**

13      WHEREFORE, Plaintiff prays for judgment as follows:

14          A.    On Causes of Action Numbers 1 and 2 against Priceline and in favor of

15                Plaintiff and the other members of the Class, and on Causes of Action

16                Numbers 1 and 2 against Alamo and in favor of Plaintiff and the other

17                members of the Subclass,

18                1.    For the greater of actual or compensatory damages according to

19                      proof;

20                2.    For restitution and disgorgement pursuant to, without limitation, the

21                      California Business & Professions Code §§ 17200, et seq. and

22                      17500, et seq;

23                3.    For injunctive relief pursuant to, without limitation, the California

24                      Business & Professions Code §§ 17200, et seq and 17500, et seq;

25                      and

26                4.    For exemplary or statutory damages; see, e.g., Cal. Civil Code §§

27                      3294 and 3345;

28          B.    On Cause of Action Number 3 against Priceline and in favor of Plaintiff

1     and the other members of the Class, and on Cause of Action Number 3

2     against Alamo and in favor of Plaintiff and the other members of the Sub-

3     class:

4          1.   For restitution and injunctive relief pursuant to California Civil

5              Code section 1780;

6          2   [Reserved]; and

7          3   [Reserved]

8     C.   On Cause of Action Number 4 against Priceline and in favor of Plaintiff

9     and the other members of the Class, and on Cause of Action Number 4

10    against Alamo and in favor of Plaintiff and the other members of the Sub-

11    class:

12         1.   For an award of compensatory damages, the amount of which is to

13             be determined at trial;

14    E.   On Cause of Action Number 5 against Priceline and in favor of Plaintiff

15    and the other members of the Class, and on Cause of Action Number 5

16    against Alamo and in favor of Plaintiff and the other members of the Sub-

17    class:

18         1.   An award of compensatory damages, the amount of which is to be

19             determined at trial; and

20         2.   For punitive, exemplary and statutory damages according to proof;

21    G.   On all causes of action against Priceline and in favor of Plaintiff, Class

22    Members and the general public, and on all causes of action against Alamo

23    and in favor of Plaintiff, Subclass Members and the general public:

24         1.   For reasonable attorneys' fees according to proof pursuant to, with-

25             out limitation, the California Legal Remedies Act and California

26             Code of Civil Procedure § 1021.5;

27         2.   For costs of suit incurred; and

28         3.   For such further relief as this Court may deem just and proper.

1   JURY TRIAL DEMANDED

2   Plaintiff hereby demands a trial by jury.

3   Dated:  April 22, 2008                    GUTRIDE SAFIER LLP

4

5

6                                             _____
                                              Adam J. Gutride, Esq.
7                                             Seth A. Safier, Esq.
                                              835 Douglass Street
8                                             San Francisco, California 94114

9
                                              Attorneys for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-20-
Class Action Complaint

**EXHIBIT A**

Priceline.com - Travel, airline tickets, cheap flights, hotels, hotel rooms, ...    https://travela.priceline.com/rentalcars/cs.do?session_key=410011AC42...



Flights | Hotels | Cars | Vacation Packages | Cruises | Tours & Attractions | PriceBreakers | Groups
Sign In | My Profile | My Trips | Check Your Request | First Time Users | Help

## Your Price Was Accepted

Congratulations Glen Hauer, you got your price of $15.00 per day for your Economy rental car. Your complete rental car itinerary is shown below.

Your itinerary Number is 110-614-612-61

Your purchase is complete.
Click here to claim 10% Cash Back on this purchase!
Click for details
A Priceline.com marketing partner...

 Map/Driving Directions     Print Your Itinerary    Email Itinerary to a Friend

### Air + Hotel Deals - Book Together and Save!

- Pick Your Exact Hotel
- Get Round-Trip Airline tickets too
- More than 100 destinations

**Name Your Own Price**

### Hotel Deals - Get the Guaranteed Best Price.

- Top-of-the-line hotels
- Guaranteed for late night arrivals
- Save up to 40% over leading sites*

**Name Your Own Price for a Hotel Room**

## Your Rental Car Reservation



Economy (Unlimited Mileage)

**Pick-Up Location:**
Alamo Rent a Car
ALBUQUERQUE ARPT
In-Terminal
3400 University Blvd Se
Albuquerque, NM 87106
1-877-252-6600

**Drop-Off Location:**
Same as above

Pick-Up Date: November 22, 2007 - 9:30 PM
Drop-Off Date: November 25, 2007 - 11:00 AM
Driver: Theresa Fletcher
Driver's Age: 48
Confirmation #: 119375490COUNT
Voucher #: 11061461261
Priceline Request #: 110-614-612-61

## Summary of Charges

Billing Name:                Glen Hauer
Your Offer Price:            $15.00 (per day)
Total Rental Days:           3 days(2 days and 13 1/2 hours)
Subtotal:                    $45.00
Taxes and Fees:              $30.51
Total Charges:               $75.51
Please Note: Prices are in US dollars

Your purchase is complete.
Click here to claim 10% Cash Back on this purchase!
Click for details
A Priceline.com marketing partner...

## Important information

11/29/2007 9:50 AM

At your arrival airport, follow signs to Alamo Rent a Car. Please provide your Confirmation Number at the rental counter. Although not required, presenting a copy of this page can simplify the pick-up process. In addition, Alamo Rent a Car will require a major credit card or debit card, a valid driver's license in Theresa Fletcher's Name, and will verify Theresa Fletcher's age at time of rental. Renters with only a debit card will also be required to show proof of round trip airline travel in order to rent the vehicle.

All rentals will take place at the rental counter. Rental cars purchased through priceline can not be cancelled or changed and refunds are not allowed -- even if the reservation is not used. If flight cancellations outside of your control keep you from picking up your car, you will be able to cancel your reservation upon verification.

If you have any questions or require further assistance, please visit our Customer Help Area, or contact Customer Service at 1-800-774-2354 and have your itinerary number 110-614-612-61 and the phone number you provided when you placed your request 510-841-5514 ready when you call.

- Credit Card
- Items Available for Purchase at the Counter
- Driver's License
- Help Center
- Pick/Drop Off Dates and Times
- Contact Alamo Rent a Car: 1-877-252-6600.



All material herein © 1998-2007 priceline.com Incorporated, all rights reserved.
PRICELINE, PRICELINE.COM and NAME YOUR OWN PRICE are
registered service marks of priceline.com Incorporated.
U.S. Patents 5,794,207, 5,897,620, 6,085,169, 6,510,418 and 6,553,346

(CST-2040530-50)

ws-58

**EXHIBIT B**

NOV-29-07 THU 09:28 GLEN HAUER                510 841 5514           P.01

 Alamo                                

| RA # 513351305 | RES # 559614716 | CANCELLED |
|---|---|---|
| THERESA FLETCHER | CONTRACT ID | QS # |
| BERKLEY, CA 94702 | EXT REF # | FT # |

| RENTAL LOCATION | RENTAL DATE | RETURN LOCATION | RETURN DATE |
|---|---|---|---|
| ALBUQUERQUE ARPT (888)826 6893 | 22-NOV-2007 | ALBUQUERQUE ARPT (888)826 6893 | 22-NOV-2007 |
| 3400 UNIVERSITY BLVD SE | RENTAL TIME | 3400 UNIVERSITY BLVD SE | RETURN TIME |
| SUITE K | 09:46 PM | SUITE K | 10:08 PM |
| ALBUQUERQUE, NM 87106 | | ALBUQUERQUE, NM 87106 | |

| RATE RULES AND QUALIFICATIONS  INITIAL X_____ | VEHICLE INFORMATION | |
|---|---|---|
| WEEKEND FRI OVERNIGHT | RESERVED | Full Size 2/4 Door Car Auto A/C |
| Max. rental 5 days | DRIVEN | Full Size 2/4 Door Car Auto A/C |
| Mon at 11:59 PM | CHARGED | Full Size 2/4 Door Car Auto A/C |
| Sat | MAKE | |
| Must Exclude: Tue | MODEL | |
| | COLOR | |
| | ODOMETER | 0 |
| | PLATE | |
| | REG AREA | |
| | VEHICLE # | |
| | BAY | |
| | STALL | |

| CHARGES | UNIT | PRICE/UNIT | CURRENT CHARGE |
|---|---|---|---|
| RENTER'S RESPONSIBILITY | | | |
| * TIME & DISTANCE | Day | 51.62 X 3 | 154.86 |
| * TIME & DISTANCE | Hour | 17.21 X | 0.00 |
| OVERSTAY FEES | Day | 10.99 X | 0.00 |
| UNDERSTAY FEES | Day | 15.00 X | 0.00 |
| * EXTRA - TIME & DISTANCE | Day | 71.62 X | 0.00 |
| * EXTRA - TIME & DISTANCE | Hour | 23.87 X | 0.00 |
| * UNLIMITED MILES/KM-TIME & DISTANCE | M/KM | 0.00 X | 0.00 |
| REFUELING SERVICE CHARGE | Gallon | 6.99 X | 0.00 |
| * CUSTOMER FACILITY CHARGE 2.90/DAY | Day | | 8.70 |
| * CONCESSION FEE 9.89 PCT @ 9.89% | | | 15.31 |
| NM LEASED VEHICLE GROSS RECEIPTS @ 5.00% | | | 8.94 |
| NM LEASED VEHICLE SURCHARGE | Day | | 6.00 |
| NM GROSS RECEIPTS TAX 6.88% | | | 12.30 |
| | ESTIMATED CHARGES | | 206.10  INITIAL X_____ |
| | PAYMENTS | | |
| | VISA 5486 Auth # | | |

I DECLINE OPTIONAL ALAMO PROTECTION PLUS (APP) AS OF 22-NOV-2007 09:46 PM. X _____

I DECLINE OPTIONAL COLLISION DAMAGE WAIVER AS OF 22-NOV-2007 09:46 PM. X _____

I DECLINE OPTIONAL EXTENDED PROTECTION (EP) AS OF 22-NOV-2007 09:46 PM. X _____

I DECLINE OPTIONAL CAREFREE PERSONAL PROTECTION COVERAGE (PERSPRO) AS OF 22-NOV-2007 09:46 PM. X _____

I DECLINE ALAMO'S OPTIONAL ROADSIDE SERVICE PLAN AS OF 22-NOV-2007 09:46 PM X _____

'OVERSTAY' IS THE RATE PER DAY OVERSTAY FEE. IF I VIOLATE THE RENTAL AGREEMENT BY FAILING TO RETURN THE CAR AS STATED, I UNDERSTAND THAT THE RENTAL RATE MAY INCREASE AND I WILL BE ASSESSED AN OVERSTAY FEE OF 10.99 PER DAY IN ADDITION TO MY OTHER CHARGES. X _____

'EARLY RETURN' IS RETURNING THE RENTAL VEHICLE PRIOR TO THE SCHEDULED DAY. IF I VIOLATE THE RENTAL AGREEMENT BY FAILING TO RETURN THE CAR AS STATED, I UNDERSTAND THAT, IN ADDITION TO MY OTHER CHARGES, THE RENTAL RATE WILL INCREASE AND I WILL BE ASSESSED AN EARLY RETURN FEE OF 15.00 PER RENTAL. X _____

RENTER'S OWN AUTO INSURANCE POLICY MAY PROVIDE COVERAGE FOR RENTAL CAR DAMAGE/LOSS; LIABILITY; ACCIDENTAL DEATH/DISMEMBERMENT; OR PERSONAL EFFECTS. IF RENTER'S INSURANCE COMPANY CONFIRMS COVERAGE EXISTS, RENTER MAY REQUIRE ALAMO TO SUBMIT CLAIMS DIRECTLY TO THAT COMPANY AS RENTER'S AGENT.

NO ADDITIONAL DRIVERS ARE AUTHORIZED TO DRIVE THE VEHICLE WITH THE EXCEPTION OF THE DRIVERS LISTED BELOW.

RA # 513351305
PAGE 1 OF 2



**EXHIBIT C**

Z97593

Page 1 of 3

[Cover Page]

American Express
Case # 85218
Division #: 2060010066
Card Type #: AX
Credit Card Number #:
Case Amount: 70.61
Date of Sale : 11/20/2007
Case Reason Code #: R116
Manager Order #

Merchant Response :
Accept: No
Reason :
Mistk.
The Customer is Not due credit. The Rental agency was contacted by Priceline on December 01 2007. We were advised by Avino, that the Rental Car was Fully available for the Customer. The Customer having a change of plans is Not due credit.

Account Notes Record:

Date 17/01/2007 14:54:17 ET
By amagline B.G
Details
Taylor and Kevin from Alamo's customer service. Yes stating that the customer was a no-show, and they had his reservation on file, that it was purchased for. Customer is not due a refund since he was a no-show, by no fault of the partner.

The Customer is Not due credit
The Customer Fully Requested and Purchased the Rental Vehicle for the dates, price, car type and destination that the Customer requested. Priceline fulfilled the Customers order. The Customer is able to view and review all of their selections before submitting the offer to Priceline for the Purchase of the Rental.
The Customer is aware that credit is Not due, whether the Rental was Fully, Partly or Non used, as per the Non-Refundable Non-Cancellable Terms the Customer agreed to. The Customer is Not due credit. Priceline billed the customer correctly for this purchase which the customer requested.

Priceline.com in disputing the cardholders inquiry. At the time of purchase, the customer agreed that the Rental Car purchase is non-refundable/non-changeable. The attached documentation which includes an initial contract page, is being presented in support of our dispute of the inquiry.

About the priceline.com Rental Car offer process

The process starts on our website with the customer providing the date(s) of their trip, including the airport where they would like to reserve the car, their pick-up and drop-off dates and times. The car type they would like and the drivers full name and date of birth. The customer then tells us the price they would like to pay per day (excluding taxes, fees, and surcharges) and guarantees the request with a major credit or debit card. Prior to submitting their offer by clicking the "Buy my Rental Car Now" button, the customer is able to review the summary of their request and make any changes to the information provided. By initiating the contract page, they agree to priceline's terms and conditions and that the information they provided is accurate.

With priceline Rental Cars real-time response, customers usually know if their offer was accepted in just a few moments. Customers also have the option of visiting the "Check Your Request" section of our website or by calling 1-800-priceline if a customer fails to check the status of an accepted offer within 1 hour of submission, we will send a courtesy email to let the customer know that we have an answer for them and to visit the "Check Your Request" section of the website. Since email is not

We contacted the merchant and requested credit for an error made by them with the reservation. The merchant denied our request for credit indicating that the car was reserved with the Albuquerque International location from November 22, 2007 to November 25, 2007. The merchant stated that Alamo confirmed that the reservation was available for the dates requested, but the customer did not show. A copy of the terms and conditions of the reservation is enclosed for your review.

Please understand that American Express is not in a position to dictate the merchant's refund policies.

Thank you for choosing American Express. We place enormous emphasis on our ability to provide exceptional service to our customers. We hope you will refer us to your friends and family.

Therefore, we have adjusted your account for the previously suspended amount, which will reflect on an upcoming statement.

If we can be of any further assistance, please call the toll-free telephone number on your statement to speak with a Customer Service Representative. If you are calling from outside the United States, please call collect (336) 393-1111. You can also visit us online at www.americanexpress.com.

Sincerely,

H. Figueroa

H. Figueroa
Customer Service Supervisor
Dispute Reference Number: G946340

The issuer of this card is American Express Centurion Bank.

3A01-10    FTL    201H    QMS    PV9914A    G946340    TRMAJNCS200004001    N    1

[Customer Offer Details]
file://T:\VH\Projects\Chbk_Support\HTML\297593.htm                12/18/2007

297593                                                              Page 3 of 3

[Customer Contact Page]

| OFFER NUMBER | DATE | REASON |
|---|---|---|
| 1109145139 | 11/23/2007 | Parties Charged Customer |