



SEDGWICK, DETERT, MORAN & ARNOLD LLP
JACQUELINE M. JAUREGUI Bar No. 095289
jacqueline.jauregui@sdma.com
MARINA L. WHELAN Bar No. 251087
marina.whelan@sdma.com
801 South Figueroa Street, 19th Floor
Los Angeles, California 90017-5556
Telephone: (213) 426-6900
Facsimile: (213) 426-6921

SEDGWICK, DETERT, MORAN & ARNOLD LLP
Matthew A. Fischer (No. 191451)
matthew.fischer@sdma.com
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
PRICELINE.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN HAUER, an individual, on behalf of himself, the general public, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRICELINE.COM INCORPORATED, a foreign corporation; ALAMO RENT-A-CAR LLC, a foreign limited liability company; VANGUARD CAR RENTAL USA, INC., a foreign corporation; and DOES 1 through 50<br><br>Defendant. | CASE NO. CV 08-02608 JSW<br><br>The Honorable Jeffrey S. White<br><br>NOTICE OF LODGING [PROPOSED] STIPULATED PROTECTIVE ORDER NO. 1<br><br>Class Action Complaint Filed: April 23, 2008 |

//

//

//

//

Defendant Priceline.com, Inc., Plaintiff Glen Hauer, and Defendants Alamo Rent-A-Car LLC and Vanguard Car Rentals USA, Inc. hereby lodge the [Proposed] Stipulated Protective Order No. 1. A true and correct copy of the [Proposed] Stipulated Protective Order No. 1 is attached hereto as Exhibit A.

DATED: June 10, 2008 SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: /s/ Jacqueline M. Jauregui
Jacqueline M. Jauregui
Marina L. Whelan
Attorneys for Defendant
PRICELINE.COM, INC.

# LIST OF EXHIBITS

| | |
|---|---|
| *Hauer v. Priceline.com, Inc.*,<br>[Proposed] Stipulated Protective Order No. 1 | Exhibit A |

# EXHIBIT A

***Hauer v. Priceline.com***

**[Proposed] Stipulated Protective Order No. 1**



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GLEN HAUER, an individual, on behalf of himself, the general public and those similarly situated,

Plaintiff,

v.

PRICELINE.COM INCORPORATED, a foreign corporation; ALAMO RENT-A-CAR LLC, a foreign limited liability company; VANGUARD CAR RENTAL USA, INC., a foreign corporation; AND DOES 1 THROUGH 50

Defendants.

Case No. CV-08-2608 JSW

[The Honorable Jeffrey S. White, Courtroom 2, 17th Floor]

[PROPOSED] STIPULATED PROTECTIVE ORDER NO. 1

The parties hereby agree, through their attorneys to enter into this Stipulated Protective Order to address particularly sensitive and confidential materials (defined below) that may be exchanged in the course of discovery. Therefore, subject to the approval of this Court:

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all

disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; however, parties may seek permission from the Court to file material under seal provided they fully comply with the procedures set forth in Civil Local Rule 79-5.

2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c), including but not limited to confidential trade secrets, formulas, financial data, cost data, pricing data, sales data, production data, customer lists or information, matters relating to corporate transactions, information the party is obligated to preserve as confidential, and research, development, or commercial information.

2.4 "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means, or that would violate a contractual confidentiality agreement between the Designating Party and a third party, including but not limited to deal points, commercial agreements and drafts thereof.

2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7. Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

2.8 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9. Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 House Counsel: attorneys who are employees of a Party.

2.11 Counsel: (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection: Each Party or non-party that designates information or items for protection under this Order must do so in good faith and take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are adjudicated to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), may expose the Designating Party to sanctions upon motion to the Court.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations: Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that either party identify on the record or by written notice indicating page and line number of the designated material to counsel for all parties not later than 30 days after receipt of the final deposition transcript all protected testimony, and further identify the specific portions of the testimony as to which protection is sought and the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Unless good cause shown, only those portions of the testimony that are appropriately designated for protection within 30 days after receipt of a deposition transcript shall be covered by the provisions of this Stipulated Protective Order. No one (including the parties) may attend any portion of a deposition at which "Highly-

Confidential-Attorneys Eyes Only" information or documents are shown or discussed other than this Court and its personnel, the court reporter and such other individuals duly qualified under this Order.

Transcript pages and exhibits to the deposition which contain Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3 Inadvertent Failures to Designate: If timely corrected, an inadvertent failure to designate qualified information, testimony or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

Similarly, an inadvertent disclosure of information protected by the attorney-client privilege, work product doctrine or other applicable law, privilege, doctrine or immunity, does not necessarily, standing alone, waive the privilege or immunity protecting that information. The waiver of any such privilege shall be governed by applicable law. If allegedly protected material is produced, then the receiving party, upon request from the producing party, shall promptly return to the producing party the protected material and all copies in the receiving party's possession. The receiving party

shall use its best efforts to obtain all copies of the protected material that it may have disseminated to others and return the copies to the producing party.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges: Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer: A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 Judicial Intervention: A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Party with respect to the merits of the confidentiality designation. Until

the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation and shall not be used for any business or competitive purpose or for any purpose related to any other litigation, including any litigation involving one or more of the Parties or one or more of the Parties' counsel. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Counsel in this action, as well as officers, directors and employees of the Receiving Party to whom it is reasonably necessary to disclose the information for this litigation, and any Receiving Party who is a named plaintiff in this action;

(b) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters and their staffs;

(e) professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) (except that witnesses who are employees, agents, or class representative of the Designating Party need not sign an "Agreement to Be Bound by the Protective Order" to view their own Party's documents). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author and/or named recipients of the document or the original source of the information.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action;

(b) the Receiving Party's Counsel, the officers, directors, and employees of the Receiving Party, and any Receiving Party who is a named Plaintiff in this action, to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(c) the Court and its personnel;

(d) court reporters and their staffs;

(e) professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f) the author and/or named recipients of the document or the original source of the information; and

(g) Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); provided, however, that no disclosure of information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is made without the written permission of the Designating Party. The Designating Party must grant or deny permission within ten business days of any request for it, and shall deny permission only if can demonstrate that disclosure to the Expert will cause it extreme prejudice with regard to ongoing competitive business operations outside of the litigation. If permission is not granted, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or a court order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party shall make reasonable efforts to ensure that the written notice reached the appropriate contact at the Designating Party. The Receiving Party shall not produce any designated materials until ten days after providing written notice of the subpoena or court order to the Designating Party. If, within the Response Period, the Designating Party gives notice to the Receiving Party that the Designating Party opposes production, then the Receiving Party shall not thereafter produce such information except pursuant to Court Order requiring compliance with the subpoena, demand or other process.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A and that such person return all Protected Material to the Designating Party.

10. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Survives Conclusion of Action. This Stipulated Protective Order shall survive the final conclusion of this litigation and continue in full force and effect and the Court shall retain jurisdiction to enforce it.

////

////

12.4 General Order No. 45: Pursuant to General Order No. 45, Jacqueline M. Jauregui, attests that concurrence in the filing of the document has been obtained from Adam Gutride, attorney for Plaintiff Glen Hauer, and Jiyun Cameron Lee, attorney for Defendants Alamo Rent-A-Car LLC and Vanguard Car Rental USA, Inc.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: June 10, 2008

GUTRIDE SAFIER LLP

/s/ Adam Gutride
Adam Gutride, Esq.
835 Douglass Street
San Francisco, California 94114
*Attorneys for Plaintiff*

DATED: June 10, 2008

SEDGWICK, DETERT, MORAN & ARNOLD LLP

/s/ Jacqueline M. Jauregui
Jacqueline M. Jauregui
Marina Whelan
801 S. Figueroa St., 19th Fl.
Los Angeles , California 90017-5556
*Attorneys for Priceline.com, Inc.*

DATED: June 10, 2008

FOLGER LEVIN & KAHN LLP

/s/ Jiyun Cameron Lee
Jiyun Cameron Lee, Esq.
275 Battery Street
San Francisco, California 94111
*Attorneys for Defendants Alamo Rent-A-Car LLC and Vanguard Car Rentals USA, Inc.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: ____________________, 2008

____________________________________
United States District Judge,
Northern District of California

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________ [print or type full name], of __________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of ___________ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint ___________________________ [print or type full name] of ________________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ______________________________

City and State where sworn and signed: ______________________________

Printed name: ______________________________

Signature: ______________________________