**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 336-6545
Facsimile:  (415) 449-6469

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNA

| | |
|---|---|
| GLEN HAUER, an individual, on behalf of himself, the general public and those similarly situated<br><br>  Plaintiff,<br><br>  v.<br><br>PRICELINE.COM INCORPORATED, a foreign corporation; ALAMO RENT-A-CAR LLC, a foreign limited liability company; VANGUARD CAR RENTAL USA, INC., a foreign corporation; AND DOES 1 THROUGH 50<br><br>  Defendants | CASE NO.  CV-08-2608-JSW<br><br>**DECLARATION OF ADAM GUTRIDE IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT**<br><br>Date: August 8, 2008<br>Time: 9:00 am<br>Dept:  Courtroom 2, 17th Floor<br>Judge:  Hon. Jeffrey S. White |

I, Adam Gutride, declare:

1.    I am an attorney of record for Plaintiff in this action and a member in good standing of the Bar of this State.  If called upon to testify, I could and would competently testify to the matters contained herein based upon my personal knowledge.

2.    Attached hereto as Exhibit A is a true and correct copy of a letter that I received from Priceline's counsel on or about May 25, 2008.

3.    Before bringing this motion, I met-and-conferred with Defendants about the inappropriateness of removal.

4.    I requested that Defendants stipulate to remand and stated that if they did not, Plaintiff would seek fees and costs incurred in connection with a motion to remand, as provided by 28 U.S.C. § 1447(c).  Defendants refused to so stipulate.

1  I declare under penalty of perjury under the laws of the State of California that the forego-
2  ing is true and correct. Executed this 23rd day of June, 2008, in San Francisco, California.

_____
Adam Gutride

# EXHIBIT A



**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

801 South Figueroa Street, 18th Floor
Los Angeles, California 90017-5556
Tel: 213.426.6900  Fax: 213.426.6921

www.sdma.com

May 23, 2008

**VIA FEDEX**

Adam J. Gutride, Esq.
Seth A. Safier, Esq.
Gutride Safier LLP
835 Douglass Street
San Francisco, CA 94114

Re:  *Hauer v. Priceline.com*, Superior Court Case No. 08383503
     Our File No. 2474-107689

Dear Counsel:

This letter will serve as Priceline's response under California Civil Code § 1782(b) and (c) to the preliminary notice contained in paragraph 68 of your Complaint. Priceline has investigated the allegations made in the Complaint, and is in the process of analyzing Priceline's records concerning your client's transaction and discussing the issues with Alamo to understand that company's role in your client's situation.

By way of background, much of the information in your Complaint is incorrect. Specifically, you suggest in paragraph 25 of your Complaint that a large proportion of Priceline-made reservations do not "transfer" properly to the rental car companies who will provide the vehicles. In fact, when a customer makes a Name Your Own Price offer on Priceline's website, the reservation is made directly through the Global Distribution System ("GDS") (through which Priceline receives confirmation from the rental car company that the reservation is confirmed) so that there is no "transfer." Your complaint also incorrectly includes reference to retail reservations on the price-disclosed side of Priceline's website, or the other Priceline-affiliated websites identified in paragraph 16 of your Complaint, which do not involve payment to Priceline, but rather to the rental car companies directly. Only Name Your Own Price customers pay Priceline directly. For other reservations, Priceline simply passes a reservation request through to the rental car companies through the GDS, confirms a booking with a partner if the requested car is available, receives a confirmation and then sends the consumer a confirmation number back. Under both systems, Priceline does not confirm the reservation or Name Your Own Price booking to the customer until Priceline receives a confirmation number from the rental car company.

LA/783078v1

Gutride Safier LLP
Re: *Hauer v. Priceline.com*
May 23, 2008
Page 2

Your complaint alleges that Alamo told Mr. Hauer that it could not confirm his prepaid reservation. Situations where a Name Your Own Price customer is told at the reservation desk that the car rental partner does not have the prepaid reservation are extremely rare, occurring to Priceline's knowledge in, at most, fewer than 1/10 of 1% of reservations. In the event of a problem with a reservation, Priceline's call center agents are instructed to follow certain steps, designed in the first instance to get the customer into a rental right away. Their instructions are to tell the customer how to obtain a partial refund, in the event the customer has to pay more than the Name Your Own Price reservation price at the desk, or, if an alternative car cannot be obtained, that the customer will get a full refund. Pricline's policies are contained within the pertinent customer care scripts, a copy of which can be provided upon execution of a protective order.

What happened to Mr. Hauer was an aberration, involving errors by Alamo, American Express, and Priceline customer care. On Mr. Hauer's Priceline reservation, the driver's name was listed as Theresa G. Fletcher, age 48. We understand from Alamo that there were two reservations under the last name Fletcher. The Alamo agent at the rental counter accessed the wrong Fletcher reservation, and mistakenly advised Mr. Hauer that his reservation was not pre-paid and was for a different size vehicle. Alamo will also be sending a letter to you later today. When Mr. Hauer contacted Priceline customer care, the agent who spoke with him used the script for "Rental Car Partner Cannot Find Reservation." That script requires the agent to confirm that the customer was at the right rental car company, that he was picking the car up on the correct date, and that he was picking it up in the correct location. Next, the script instructs the agent to put the customer on hold in order to contact Alamo at a specific 800 number and resolve the issue with Alamo to enable whatever car was available to be given to Mr. Hauer at his agreed upon price. In Mr. Hauer's case, the agent followed these steps, but there was no answer at the number for Alamo, so the Priceline agent was unable to assist Mr. Hauer. According to Priceline's records of the call, the agent informed Mr. Hauer that he could receive a refund if he did not pick up a car from Alamo, once Priceline confirmed with Alamo that Mr. Hauer did not pick up the car.[1]

---

[1]   Because of the risk of customer fraud, Priceline does not offer a customer a refund while the customer is at the rental car counter. If Priceline did so, there would be no way to ensure that the customer did not turn around and take the rental car from the agent at the counter. Priceline only gives a refund after the pick up date has passed and Priceline can verify with the car rental partner that no car was picked up by the customer.

LA/783078v1

Gutride Safier LLP
Re: *Hauer v. Priceline.com*
May 23, 2008
Page 3

After the initial mishaps of Mr. Hauer being given information on the wrong reservation and the lack of an answer at the Alamo toll free number, the situation was further clouded when American Express contacted Priceline customer care on Mr. Hauer's behalf, but gave the customer care agent inaccurate information. This led to additional confusion as Priceline customer care agents tried to understand the true facts and to apply the correct policy in light of those facts. According to Priceline's records, a woman named Katie contacted Priceline on Mr. Hauer's behalf from American Express. Katie erroneously told Priceline that Mr. Hauer had been charged twice for his rental car, which was different from the information in Priceline's records from Mr. Hauer's original call (as well as from the allegations in your complaint). Priceline's agent informed Katie that Mr. Hauer had been told during his phone call with Priceline that he could get a refund once Priceline verified that he did not rent a car from Alamo. Going on Katie's statement of the facts, the agent then told Katie what documentation would be needed if the situation was in fact that Mr. Hauer paid twice and was thus entitled to a different amount in refund. Under Priceline's customer care policies, as discussed above, if a customer has a pre-paid reservation, but the rental car company insists on charging the customer, the Priceline agent will ask the customer to save the documentation from the charge and provide it to Priceline so that the customer can get a refund for the difference between the Priceline reservation price and the price paid at the counter. Unfortunately, neither American Express nor Mr. Hauer re-contacted Priceline to clarify which of the two scenarios presented to customer care had in fact occurred: had Mr. Hauer not been able to collect a car at all (due to a lack of an economy car being available at Alamo), and therefore was entitled to a refund of what he had paid Priceline, or he did collect a car, but was double-charged and therefore entitled to a refund to cover the difference of whatever he had paid Alamo?

Despite the fact that neither Mr. Hauer nor American Express called back with the necessary information, Priceline followed up on the open issue. Yet another error occurred when Priceline tried to research the situation further, again apparently resulting from the confusion over two bookings at Alamo under Fletcher at the same airport at the same time. A Priceline customer care representative contacted Alamo, and was told that Alamo's computer system showed Mr. Hauer as a "no show." Name Your Own Price car rental reservations, like Mr. Hauer's, are non-cancelable (as made clear in the customer's agreement), so that a customer who is a "no show" is not entitled to a refund. Because Alamo erroneously informed the Priceline agent researching the case that Mr. Hauer was a "no show" (again likely caused by the confusion resulting from the two Fletcher reservations), and because no further documentation of a double payment or other extra payment was forthcoming from American Express or Mr. Hauer, no refund was made to Mr. Hauer.

Had Priceline had a full understanding of the facts as stated in your complaint, a refund would have been made to Mr. Hauer. In fact, under Priceline's established customer service

LA/783078v1

Gutride Safier LLP
Re: *Hauer v. Priceline.com*
May 23, 2008
Page 4

policy, had Priceline been aware that there was either no reservation or no vehicle available, if the problem could not be remedied on the spot, Mr. Hauer was and is entitled to a refund. Under the Consumer Legal Remedies Act, Section 1782(b), we enclose a check for the full amount of the payment to Mr. Hauer, as a personal "cure" for him.

The Priceline policy, in the unusual event when the rental car partner cannot find a reservation, is very clearly to try to get the customer into a car on the spot, and if that cannot be done, to refund the customer in full after Priceline validates that the customer did not receive a car. In the event that the customer is required by the rental car agency to pay an amount in excess of the prepaid Name Your Own Price reservation, again, the customer care scripts plainly demonstrate that it is standard Priceline policy to inform the customer to pay the extra charges, retain the documentation of the extra charges, and present them to Priceline in order to obtain a refund.

Given these clear customer service policies, and the unusual and unfortunate series of errors which led to Mr. Hauer's failure to receive a refund, a class-wide cure under Section 1782(c) is unlikely to involve many people. A review of Priceline's customer care records demonstrate that there are at most 500 individuals over the last four years with California billing addresses whose use of Priceline's rental car service involved a situation at all similar to Mr. Hauer's. We are in the process of reviewing those records, to determine how many of those individuals, if any, were not made whole either by receiving a vehicle without paying any extra amount or by getting an appropriate refund under the customer care policies described above. To the extent there are other California Name Your Own Price customers who, like to Mr. Hauer, contacted Priceline complaining that the rental car company had no record matching their prepaid reservation and were not made whole by receiving a car without paying extra amounts in the end, Priceline will, pursuant to Civil Code Section 1782(c), within a reasonable time offer those individuals an appropriate remedy.

It is unfortunate Plaintiff elected to give initial notice under Section 1782 by way of a filed lawsuit, rather than a letter detailing the facts in your Complaint, so that appropriate research could be done and the issue resolved. We believe under Civil Code Section 1784 Priceline's undertaking of this cure process eliminates any possibility of recovering damages under any theory. Similarly, injunctive relief will not lie, since Priceline's policies are appropriate; indeed, they are consistent with what your Complaint apparently contends the practices should be, although their execution here was hampered by incorrect information and mistakes.

We trust under the circumstances you will give serious consideration to dismissing this case since, once the cure is complete, there will be no relief available either for your client or any

LA/783078v1

Gutride Safier LLP
Re: *Hauer v. Priceline.com*
May 23, 2008
Page 5


other members of the putative class, to the extent there in fact are other similarly situated individuals. While there is absolutely no question that your client had an unfortunate and doubtless unpleasant experience, it truly was aberrant, and thus provides no appropriate basis for class treatment.

Very truly yours,

Jacqueline M. Jauregui
Sedgwick, Detert, Moran & Arnold LLP

Enclosure (Priceline.com check no. 074478)

LA/783078v1

**priceline.com Incorporated**

CHECK NUMBER: 074478
CHECK DATE: 05/21/2008

| INVOICE NUMBER | DATE | DESCRIPTION | GROSS AMOUNT | DEDUCTIONS | AMOUNT PAID |
|---|---|---|---|---|---|
| 0508 SETTLEMENT | 05/19/2008 | | 75.51 | | 75.51 |
| | | PAGE TOTAL: | $75.51 | 0.00 | $75.51 |

THE FACE OF THIS CHECK IS PRINTED BLUE - THE BACK CONTAINS A SIMULATED WATERMARK

**priceline.com Incorporated**
800 Connecticut Avenue
Norwalk, CT 06854

Chase Manhattan Bank Delaware
1201 Market Street
Wilmington, DE 19801

62-26 / 311

**CHECK NO.** 074478

DATE: 05/21/2008
AMOUNT: ************$75.51

PAY
TO THE
ORDER OF:

*Seventy five and 51/100 Dollars*

HAUER, GLEN

Two Signatures Required for Amounts over $25,000.00

⑈000074478⑈ ⑈031100267⑈ 6301496901 509⑈