1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   JACQUELINE M. JAUREGUI  Bar No. 095289
2  jacqueline.jauregui@sdma.com
   MARINA L. WHELAN  Bar No. 251087
3  marina.whelan@sdma.com
   801 South Figueroa Street, 19th Floor
4  Los Angeles, California  90017-5556
   Telephone: (213) 426-6900
5  Facsimile: (213) 426-6921

6  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   MATTHEW A. FISCHER  Bar No. 191451
7  matthew.fischer@sdma.com
   One Market Plaza
8  Steuart Tower, 8th Floor
   San Francisco, CA  94105
9  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635

10
   Attorneys for Defendant
11 PRICELINE.COM, INC.

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14

15 GLEN HAUER, an individual, on behalf of        CASE NO.  CV 08 2608 JSW
   himself, the general public, and those
16 similarly situated,                            [The Honorable Jeffrey S. White]

17                              Plaintiff,        **DEFENDANT PRICELINE.COM, INC.'S**
                                                  **NOTICE OF MOTION AND MOTION TO**
18              v.                                **DISMISS AND STRIKE ALLEGATIONS IN**
                                                  **THE FIRST AMENDED COMPLAINT;**
19 PRICELINE.COM INCORPORATED, a                  **MEMORANDUM OF POINTS AND**
   foreign corporation; ALAMO RENT-A-            **AUTHORITIES [Fed. Rules of Civ. P. 12(f),**
20 CAR LLC, a foreign limited liability           **12 (b)(6), and 9(b)]**
   company; VANGUARD CAR RENTAL
21 USA, INC., a foreign corporation; and          **[Declaration of Marina Whelan filed**
   DOES 1 through 50                              **concurrently herewith]**
22
                              Defendants.
23                                                Date:     September 19, 2008
                                                  Time:     9:00 a.m.
24                                                Place:    17th Floor

25                                                Amended Class Action Complaint filed:
                                                  June 9, 2008
26

27 **TO PLAINTIFF AND TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

28    **PLEASE TAKE NOTICE** that on Friday, September 19, 2008, at 9:00 a.m., in the

1   courtroom of the Honorable Jeffrey S. White, United States Courthouse, 17th Floor, 450 Golden
2   Gate Avenue, San Francisco, California, Defendant Priceline.com Incorporated ("Priceline") will
3   move to dismiss the First, Second, Third, and Fifth Claims Alleged in the First Amended Class
4   Action Complaint filed in this action by plaintiff Glen Hauer ("Plaintiff"), pursuant to Federal
5   Rules of Civil Procedure 9(b) and 12(b)(6). Priceline alternatively moves to strike the claim for
6   consequential, punitive and exemplary damages pursuant to Rule 12(f) of the Federal Rules of
7   Civil Procedure. This motion is based on this Notice of Motion and Motion, the Memorandum
8   of Points and Authorities that follows, all pleadings and papers filed herein, oral argument by
9   counsel and such other and further matters that properly may be received by the Court.

10

11  DATED: July 9, 2008                SEDGWICK, DETERT, MORAN & ARNOLD LLP

12

13                                     By: /s/ Jacqueline M. Jauregui
                                           Jacqueline M. Jauregui
                                           Marina L. Whelan
14                                         Attorneys for Defendant
                                           PRICELINE.COM, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

3    I.    INTRODUCTION.................................................................................................. 1

4    II.   ISSUES TO BE DECIDED ................................................................................ 2

5    III.  FACTS AS PLEADED IN THE FIRST AMENDED COMPLAINT................................ 2

6          A.    Priceline ........................................................................................................ 2

7          B.    Plaintiff's Transaction.......................................................................................... 3

8    IV.   ARGUMENT........................................................................................................ 5

9          A.    The Court Should Strike and Dismiss Plaintiff's Improper Claims and
                 Prayer for Damages Pursuant to Fed. Rule of Civ. P. 12(b)(6) , 12(f)
10               and 9(b). .......................................................................................................... 5

11         B.    The First Amended Complaint Fails To State A Claim For Fraud,
                 Deceit And/Or Misrepresentation ...................................................................... 6
12
                 1.    Plaintiff's Fraud Claims Are Barred By The Economic Loss
13                     Rule ............................................................................................... 6

14               2.    Plaintiff's Fraud Claim Fails To Meet 9(b) Standards................................ 7

15         C.    The First Amended Complaint Does Not State A Claim Under The
                 FAL, UCL or CLRA Because Plaintiff Alleges No Statements Likely
16               To Deceive The Public........................................................................................ 9

17               1.    Plaintiff Fails To State A Claim Under The UCL .................................... 10

18               2.    Plaintiff Fails To State A Claim Under The FAL Because He
                       Alleges No Untrue Or Misleading Statement Likely To Deceive
19                     The Public ...................................................................................... 12

20         D.    Plaintiff's Claim For Consequential, Incidental, And Punitive
                 Damages Should Be Stricken Because Priceline's Terms And
21               Conditions Expressly Disclaim Liability For Such Damages................................ 15

22   V.    CONCLUSION.................................................................................................... 17

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

Page

3

## Cases

4

*Banquis v. Merchants Collection Ass'n,*
   7 Cal. 3d 94 (1972) ............................................................................................................. 11

5

*Bardin v. DaimlerChrysler Corp.,*
   136 Cal. App. 4th 1255 (2006) ........................................................................................... 10

6

*Bell Atlantic v. Twombly,*
   127 S. Ct. at 1964-65 ......................................................................................................... 15

7

*Berryman v. Merit Prop. Mgmt., Inc.,*
   152 Cal.App.4th 1544 (2007) ............................................................................................. 14

8

*Blakemore v. Superior Court,*
   129 Cal. App. 4th 36 (2005) .............................................................................................. 11

9

10

*Bomanite Corp. v. Cathay Pigment (USA), Inc.,*
   2005 WL 1661899, *7-*8 (E.D. Cal. July 14, 2005) ........................................................ 16

11

*Caldwell v. Caldwell,*
   No. C 05-4166, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006) ................................... 3

12

*Chavez v. Blue Sky Natural Beverage Co.,*
   503 F. Supp.2d 1370 (N.D.Cal. 2007) ............................................................................... 12

13

*Chip-Mender, Inc. v. Sherwin-Williams Co.,*
   No. 05-3465, 2006 WL 13058, *11 (N.D.Cal. 2006) ................................................. 12, 13

14

15

*Conley v. Gibson,*
   355 U.S. 41 (1957) ............................................................................................................. 15

16

*Consumer Advocates v. Echostar Satellite Corp.,*
   113 Cal. App. 4th 1351 (2003) (Cal. Ct. App. 2003) .......................................... 10, 13, 14

17

*Coremetrics, Inc. v. Atomic Park.com, LLC,*
   370 F. Supp. 2d 1013 (N.D. Cal. 2005) ............................................................................... 3

18

19

*Cruz v. PacifiCare Health Sys., Inc.,*
   30 Cal. 4th 303 (2003) ....................................................................................................... 10

20

*Desaigoudar v. Meyercord,*
   223 F.3d 1020 (9th Cir. 2000) ............................................................................................. 8

21

22

*Eminence Capital, LLC v. Aspeon, Inc.,*
   316 F.3d 1048 (9th Cir. 2003) ........................................................................................... 17

23

*Fantasy, Inc. v. Fogerty,*
   984 F.2d 1524 (9th Cir. 1993) ............................................................................................. 5

24

*Foman v. Davis,*
   371 U.S. 178 (1962) ........................................................................................................... 17

25

*Frances Kenny Family Trust v. World Sav. Bank FSB,*
   No. C 04-03724, 2005 WL 106792, at *1 (N.D. Cal. Jan. 19, 2005) .................................. 3

26

*Girard v. Delta Towers Joint Venture,*
   20 Cal. App. 4th 1741 (1993) .............................................................................................. 9

27

*Gonzales v. Hodgson,*
   38 Cal.2d 91 (1951) ............................................................................................................. 9

28

*Harris v. Atlantic Richfield Co.,*
  14 Cal. App. 4th 70 (1993) ................................................................................ 6

*Haskell v. Time, Inc.,*
  857 F.Supp. 1392 (E.D.Cal. 1994) ............................................................... 10, 12

*Hendrickson v. eBay, Inc.,*
  165 F. Supp. 2d 1082 (C.D. Cal. 2001) ............................................................ 3

*Hunter v. Up-Right, Inc.,*
  6 Cal.4th 1174 (1993) ....................................................................................... 6

*Huron Tool & Eng'g Co. v. Precision Consulting Serv.,*
  209 Mich. App. 365 (1995) ............................................................................... 6

*In re GlenFed, Inc. Securities Litigation,*
  42 F.3d 1541 (9th Cir. 1994) ............................................................................ 8

*Kaiser Steel Corp. v. Westinghouse Elec. Corp.,*
  55 Cal. App. 3d 737 (1976) ............................................................................... 6

*Kennedy v. Natural Balance Pet Foods, Inc.,*
  No. 07-CV-1082, 2007 WL 2300746, at *5 (S.D. Cal. Aug. 8, 2007) (Huff, J.) .......... 5

*Khoury,* 14 Cal. App. 4th at 618, 17 Cal. Rptr. 2d at 712 ............................................ 11

*Markborough California, Inc. v. Superior Court,*
  227 Cal.App.3d 705 (Cal. Ct. App. 1991) ......................................................... 16

*Mateo v. M/S KISO,*
  805 F. Supp. 761 (N.D. Cal. 1992) ................................................................... 17

*Nat'l Rural Telcomms. Coop. v. DIRECTV, Inc.,*
  319 F. Supp. 2d 1059 (CD. Cal. 2003) ........................................................ 10, 16

*Nicosia v. DeRooy,*
  72 F. Supp. 2d 1093 (N.D. Cal. 1999) .............................................................. 17

*Persson v. Smart Inventions, Inc.,*
  125 Cal. App. 4th 1141 (2005) .......................................................................... 9

*Rickel v. Schwinn Bicycle Co.,*
  144 Cal. App. 3d 648 (1983) ............................................................................. 9

*Sec. Dynamics Techs., Inc. v. Activcard Networks Inc.,*
  No. 95-20870, 1996 WL 263648, at *2 (N.D. Cal. May 13, 1996) ......................... 11

*Semegen v. Weidner,*
  780 F.2d 727 (9th Cir. 1985) ............................................................................ 8

*Shvarts v. Budget Group, Inc.,*
  81 Cal. App. 4th 1153 (2000) .......................................................................... 10

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.,*
  983 F. Supp. 1303 (N.D. Cal. 1997) ................................................................ 11

*Single Chip Sys. Corp. v. Intermec IP Corp.,*
  495 F. Supp. 2d 1052 (S.D. Cal. 2007) .............................................................. 3

*Smith & Hawken, Ltd. v. Gardendance, Inc.,* No. C04-1664 SBA,
  2004 WL 2496163, at *6 (N.D. Cal, Nov. 5, 2004) ............................................. 11

*State of Cal. v. United States,*
  512 F.Supp. 36 (N.D. Cal. 1981) ....................................................................... 5

*Sun Microsystems, Inc. v. Microsoft Corp.,*
  999 F. Supp. 1301 (N.D. Cal. 1998) ................................................................ 16

ii

TABLE OF AUTHORITIES

*United States v. Ritchie,*
   342 F.3d 903 (9th Cir. 2003) ............................................................................................... 2

*Vess v. Cib-Geigy Corp USA,*
   317 F.3d 1097 (9th Cir. 2003) ............................................................................................ 5

*Wheeler v. Oppenheimer,*
   140 Cal.App.2d 497 (Cal. Ct. App. 1956) ......................................................................... 16

*Whitaker v. Tandy, Corp.,* No. C-97-00803,
   1997 U.S. Dist. 1997 WL 703766 (N.D. Cal. Oct. 31, 1997).......................................... 10

*Williams v. Gerber Products Co.,*
   439 F.Supp. 2d 1112 (S.D. Cal. 2006).............................................................................. 10

## **Statutes**

California Civil Code Section 1750 ............................................................................................ 4

California Civil Code Section 1770................................................................................... 14, 15

California Civil Code Section 1782........................................................................................... 4

California Civil Code Section 3294 ........................................................................................... 7

## **Rules**

Federal Rule of Civil Procedure 8........................................................................................... 15

Federal Rule of Civil Procedures 9 .............................................................. 2, 5, 6, 7, 8, 9, 15

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This is a breach of contract matter arising out of a commercial transaction between Plaintiff Glen Hauer and Defendants Priceline.com, Incorporated ("Priceline") and Alamo Rent-A-Car, LLC ("Alamo"). The First Amended Complaint alleges that Mr. Hauer reserved and pre-paid for a rental car through Priceline's website (FAC ¶ 19).[1] Upon arrival at the Alamo rental car counter he was told that his reservation was not pre-paid and that he had to pay for the reserved car. (FAC ¶¶ 20, 21.) Rather than pay and seek a refund from Priceline, Plaintiff refused to rent a car. (FAC ¶ 22.) Thereafter, Plaintiff filed this class action lawsuit alleging not only breach of contract, but also fraud and violation of the Consumer Legal Remedies Act (CLRA), Unfair Competition Law (UCL), and False Advertising Law (FAL). However, as set forth herein, Plaintiff's allegations, are wholly deficient to sustain a claim for fraud or any claim based on alleged violations of the CLRA, UCL and FAL. These claims should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12 (b)(6).[2]

Specifically, Plaintiff's fraud claim is barred by the Economic Loss Doctrine, in addition to not being pled with sufficient particularity. Plaintiff also has failed to properly assert a claim under the UCL, CLRA, and FAL because he does not allege a single false or misleading statement made by Priceline that is likely to deceive a reasonable consumer. Finally, Plaintiff's far-reaching complaint is devoid of any allegations that would even arguably constitute grounds for exemplary or punitive damages. Moreover, as set forth below, the clear and express Terms and Conditions on Priceline's website are fatal to Plaintiff's request for consequential, punitive and exemplary damages. The prayer for these damages should, therefore, be stricken pursuant to Rule 12 (f).

---

[1]    All "¶" citations refer to paragraphs of Plaintiff's First Amended Complaint (referred at times as "FAC".)

[2]    All references to Rule 12(b)(6) and Rule 12(f) shall refer to the Federal Rules of Civil Procedure.

## II.

### ISSUES TO BE DECIDED

1.  Whether the Economic Loss Doctrine bars Plaintiff's fraud, deceit and/or misrepresentation claim.

2.  Whether Plaintiff's fraud, deceit and/or misrepresentation claim is pled without sufficient particularity as required under FRCP 9(b).

3.  Whether Plaintiff fails to state a claim under the UCL, FAL, and CLRA because no representations have been alleged that are likely to deceive a reasonable consumer.

4.  Whether Plaintiff's prayer for punitive and exemplary damages is sufficiently pled.

5.  Whether Plaintiff's prayer for consequential, punitive and exemplary damages is barred by Priceline's Terms and Conditions.

## III.

### FACTS AS PLEADED IN THE FIRST AMENDED COMPLAINT

#### A.    Priceline

Priceline is an Internet based service provider focused on the travel industry. (FAC ¶ 16.) It facilitates consumers in making reservations with rental car companies, as well as with airlines and hotels, or a combination of any of these services as a vacation package. *Id.* Priceline's Name Your Own Price® (NYOP) system facilitates consumers in placing bids to rent cars at a discount from rental car companies, including Alamo, Avis, Budget, Hertz, and National. (FAC ¶¶ 16-18.) All rental car reservations booked through the Priceline website are governed by Priceline's Terms and Conditions. These Terms and Conditions are attached as Exhibit A to the Whelan Declaration ("Whelan Decl."). Because the Terms and Conditions form the basis of Plaintiff's allegations and are referenced in the First Amended Complaint (FAC ¶¶ 19 and 20, Ex. "A" to FAC), the Court may consider these documents on a motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("The defendant may offer such a document," - that is, a document that is incorporated by reference into the complaint or that forms the basis of the plaintiff's claims - "and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule

1    12(b)(6).”); *see also*, *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057

2    (S.D. Cal. 2007).[3]

3        At the very outset, the Terms and Conditions confirm that by using Priceline's website a

4    customer is “[l]egally bound without limitation, qualification, or change to abide by these terms

5    and conditions, which will constitute our agreement (“Agreement”).” (Whelan Decl. Ex. A at

6    ¶ 2.) The Terms and Conditions further indicate that if the consumer does not agree to abide by

7    the Terms and Conditions, the consumer must immediately discontinue use of Priceline's

8    website. (*Id.* at ¶ 3.)

9        The Terms & Conditions also set forth a limitation on liability.  Specifically, it includes a

10    limitation on consequential and punitive damages, stating that Priceline is not liable for “indirect,

11    incidental, special, exemplary, compensatory, consequential, or punitive damages” and “[i]f,

12    notwithstanding the above, a Covered Party is found liable for any loss or damage relating to the

13    use of this Site, User agrees the liability of any such party shall in no event exceed the total

14    charge to the User assessed by Priceline.com for making a Request.” (Whelan Decl., Ex. A at

15    ¶ 2.)

16        **B.    Plaintiff's Transaction**

17        According to the First Amended Complaint, Plaintiff utilized Priceline's NYOP service

18    to book a rental car.  (FAC ¶ 19.)  Plaintiff's Priceline booking was for an economy-size car at a

19    price of $15 a day (not including taxes and fees) for three days, to be picked up from the Alamo

20    rental car counter located at the Albuquerque, New Mexico International Airport on November

21    22, 2007.  (FAC ¶¶ 19, 20, Ex. A.)  Priceline charged Plaintiff's credit card a total of $75.51 for

22    his rental car reservation.  (FAC ¶ 19, Ex. A.)

23

24    [3]    The Court can also consider these documents for a second, independent reason. “As a
      general matter, websites and their contents may be proper subjects for judicial notice”
25    provided that the party provides the court with a copy of the relevant web page. *Caldwell*
      *v. Caldwell*, No. C 05-4166, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006); *see also*,
26    *Hendrickson v. eBay, Inc.*, 165 F. Supp. 2d 1082, 1084 (C.D. Cal. 2001) (taking judicial
      notice of eBay's website to determine the nature of its business); *Coremetrics, Inc. v.*
27    *Atomic Park.com, LLC*, 370 F. Supp. 2d 1013, 1021 (N.D. Cal. 2005) (same); *Frances*
      *Kenny Family Trust v. World Sav. Bank FSB*, No. C 04-03724, 2005 WL 106792, at *1
28    (N.D. Cal. Jan. 19, 2005) (same).

1    When Plaintiff arrived at the Alamo rental counter on November 22, the Alamo agent

2  indicated that Alamo had a record of his reservation, but that the record showed it was not pre-

3  paid. (FAC ¶ 20.) The Alamo agent also stated that the Alamo record was for a "full size" car,

4  not an economy-size car and that Alamo did not have any more economy-size vehicles left on the

5  lot. *Id.*

6    Plaintiff telephoned Priceline for assistance while at the rental car counter. (FAC ¶ 21.)

7  He spoke to a Priceline representative who confirmed to Plaintiff that he did have a pre-paid

8  reservation for an economy-sized car. *Id.* The Priceline representative then told Plaintiff that she

9  could not instruct the Alamo rental car agent to honor the pre-paid reservation, and that the

10  department of Priceline that works with Alamo was closed, it being after 9:30 p.m. *Id.* at

11  ¶¶ 20-21.

12    Rather than accept a car from Alamo that evening and seek reimbursement from

13  Priceline, Plaintiff made other arrangements. (FAC ¶ 22.) He elected to stay overnight at the

14  Wyndham hotel near the Albuquerque airport (costing him $100.46) and arranged for alternative

15  transportation to and from Santa Fe, his ultimate destination. (FAC ¶¶ 22, 23.)

16    After his experience at Alamo, Plaintiff instructed his credit card company to dispute the

17  $75.51 charge for his rental car reservation. (FAC ¶ 24.) Priceline disputed the challenge,

18  claiming plaintiff was a "no show" at the Alamo counter. *Id.* Other than his initial call from the

19  counter and his disputed charge with his credit card company, Plaintiff alleges no further action

20  on his part to resolve the situation with Priceline, including no allegation of compliance with

21  California Civil Code Section 1782(a), the provision of until service of his Original Complaint.

22    Plaintiff's unique and unfortunate experience forms the basis for his class and

23  representative allegations. He purports to represent a class of: "All California residents who paid

24  Priceline for a rental car but did not receive the agreed rental car at the agreed price when they

25  attempted to claim their pre-paid reservations." (FAC ¶ 28.)

26    On April 23, 2008, Plaintiff filed his Class Action Complaint asserting violations of

27  Business and Professions Code Section 17200, *et seq.* (UCL); Business and Professions Code

28  Section 17500, *et seq.* (FAL); Civil Code § 1750, *et seq.* (CLRA); and causes of action for

1   Breach of Written Contract and Fraud, Deceit and/or Misrepresentation. (FAC ¶¶ 38-88.) His

2   Class Action Complaint was amended on or about June 9, 2008, changing Plaintiff's factual

3   recitation. The claims remain the same. Aside from the Breach of Contract claim, none of

4   Plaintiff's claims can withstand a challenge under Rule 12.

5                                        **IV.**

6                                   **ARGUMENT**

7   **A.    The Court Should Strike and Dismiss Plaintiff's Improper Claims and**

8          **Prayer for Damages Pursuant to Fed. Rule of Civ. P. 12(b)(6) , 12(f) and 9(b).**

9          Fed. Rule of Civ. P. 12(b)(6) provides that the defense of "failure to state a claim upon

10  which relief can be granted" may be asserted by motion. In addition, Fed. Rule of Civ. P. 9(b)

11  requires that "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be

12  stated with particularity." Fed. Rule of Civ. P. 9(b). This particularity requirement applies to

13  both federal and state law causes of action. *Kennedy v. Natural Balance Pet Foods, Inc.*, No. 07-

14  CV-1082, 2007 WL 2300746, at *5 (S.D. Cal. Aug. 8, 2007) (Huff, J.) (citing *Vess v. Cib-Geigy*

15  *Corp USA*, 317 F.3d 1097, 1103 (9th Cir. 2003)).

16         Fed. Rule of Civ. P. 12(f) provides that a party may move to strike from any pleading

17  "any redundant, immaterial, impertinent, or scandalous matter." The essential function of a Rule

18  12(f) motion is to "avoid expenditure of time and money that must arise from litigating spurious

19  issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524,

20  1527 (9th Cir. 1993). Also, "[w]here the motion may have the effect of making the trial of the

21  action less complicated, or have the effect of otherwise streamlining the ultimate resolution of

22  the action, the motion [to strike] will be well taken." *State of Cal. v. United States,* 512 F.Supp.

23  36, 38 (N.D. Cal. 1981) (same).

24         As set forth below, the allegations in Plaintiff's First Amended Complaint make it clear

25  there is no basis for a fraud claim. Not only is it barred by the Economic Loss Doctrine, it does

26  not meet the heightened pleading requirements of Fed. Rule of Civ. P. 9(b). Plaintiff's claims

27  under the UCL, FAL, and CLRA are equally flawed inasmuch as Plaintiff has failed to allege a

28  single representation made by Priceline that is likely to deceive the reasonable consumer. Thus,

1 | these claims are also subject to dismissal pursuant to F.R.C.P. 12(b)(6).

2 |       In addition, Plaintiff's prayer for punitive and exemplary damages cannot withstand

3 | scrutiny because the First Amended Complaint is wholly devoid of allegations meeting the

4 | requisite specificity required by F.R.C.P. 9(b).  Finally, Plaintiff's prayer for consequential,

5 | punitive and exemplary damages is barred by the express terms of the Parties' agreement.  As

6 | such, Plaintiff's prayer for consequential, punitive and exemplary damages should be stricken

7 | pursuant to Rule 12(f) as immaterial and impertinent to this action.[4]

8 |     **B.**    **The First Amended Complaint Fails To State A Claim For Fraud, Deceit**

9 |         **And/Or Misrepresentation**

10 |        **1.**    **Plaintiff's Fraud Claims Are Barred By The Economic Loss Rule**

11 |       Plaintiff's Fifth claim for fraud, deceit and/or misrepresentation is nothing more than a

12 | breach of contract claim (which Plaintiff brings as its Fourth claim for relief) "dressed up" as a

13 | tort, in clear violation of the Economic Loss Rule.  California courts have explained that a fraud

14 | claim is not the remedy for a breach of contract.  *See, e.g., Kaiser Steel Corp. v. Westinghouse*

15 | *Elec. Corp.,* 55 Cal. App. 3d 737, 747-48 (1976) (ruling there can be no masquerading between

16 | tort and contract claims); *Hunter v. Up-Right, Inc.,* 6 Cal.4th 1174, 1187 (1993) ("Fraud…has

17 | long been recognized as an independent tort which may arise together with, but is distinct from, a

18 | breach of contract.")  As a California court of appeal noted, "[P]roposals to extend tort remedies

19 | to commercial contracts create the potential of turning every breach of contract dispute into a

20 | punitive damage claim." *Harris v. Atlantic Richfield Co.,* 14 Cal..App. 4th 70, 81 (1993); *see*

21 | *also, Huron Tool & Eng'g Co. v. Precision Consulting Serv.,* 209 Mich. App. 365, 545 (1995)

22 | (where a fraud committed with respect to the performance of a contract does not induce a

23 | 

---

[4]    In addition, although not a basis for this Motion to Dismiss, it should be noted that despite Plaintiff's valiant effort to manufacture facts supporting a class, he cannot escape the inevitable conclusion that his First Amended Complaint, as pled, is the epitome of a case where the issue of liability will depend on the circumstances surrounding each individual transaction.  Plaintiff has alleged a series of unique and highly individualized circumstances relevant to him alone, and how he elected to handle the situation.  The complaint does not allege any general pattern, practice, or policy on the part of Priceline that ubiquitously affects all California consumers that contracted to reserve a rental car through Priceline.  Consequently, individualized inquiries will predominate, precluding class treatment of Plaintiff's claims.

1   plaintiff to enter into additional undertakings or cause any harm distinct from that caused by the

2   breach of contract, it does not give rise to an independent action in tort.)

3          Here, the court need look no further than the claim for fraud itself to see that the only

4   allegations contained therein concern Priceline's purported failure to live up to the contractual

5   terms of the rental agreement. *See* ¶¶ 19, 80-82, Ex A to FAC and Ex A to Whelan Declaration.

6   Indeed, Plaintiff has not alleged any harm distinct from that caused by the breach of contract

7   itself. As such, Plaintiff's fraud claim is barred by the Economic Loss Rule, which is intended to

8   prevent a plaintiff from "dressing up" a breach of contract claim merely to gain a tactical

9   advantage of asserting tort claims and requesting punitive damages.[5]

10         Specifically, Plaintiff has alleged in his Fourth Cause of Action for Breach of Contract

11  that Priceline breached the Parties' written agreement because he was told by Alamo that he

12  would have to pay to secure a car and that the car he reserved was not available. (FAC ¶¶ 19, 71

13  and 76.) He also has alleged Priceline breached the Agreement by refusing to refund his

14  payment. (FAC ¶ 77.) He then parrots these very allegations in his Fifth Cause of Action for

15  fraud, averring that Priceline "refus[ed] to fulfill the terms of their contracts" by requiring

16  customers to pay for rental cars previously reserved and paid for, failing to ensure the availability

17  of the reserved car and disputing credit card chargebacks. (FAC ¶¶ 80 and 81.) The only

18  difference between the two causes of action is the conclusory allegation, made without any

19  support, that Priceline's alleged failure to perform in accord with the Parties' Agreement

20  amounts to fraud and deceit. Conclusory allegations of this nature will not suffice to overcome

21  the Economic Loss Rule, or to meet the specificity requirements of Rule 9(b), discussed below.

22              **2.    Plaintiff's Fraud Claim Fails To Meet 9(b) Standards**

23         The court should also dismiss Plaintiff's fraud claim for failing to comply with FRCP

24  9(b) which provides: "In all averments of fraud or mistake, the circumstances constituting fraud

25  or mistake shall be stated with particularity." Plaintiff is required to plead the fraud claim (and

26  _____

[5]   As addressed below, punitive damages are only allowed in an action for "the breach of an
27    obligation not arising from contract." *California Civil Code* Section 3294. Thus, if the
      court dismisses Plaintiff's claim for fraud, and only the contract claim is allowed to stand,
28    the court must also strike his prayer for punitive damages.

1  request for punitive damages contained therein) with "a high degree of meticulousness," which

2  Plaintiff has failed to do. *Desaigoudar v. Meyercord,* 223 F.3d 1020, 1022 (9th Cir. 2000).

3      The Ninth Circuit, sitting *en banc,* concluded that the stringent pleading standard of

4  FRCP 9(b) "requires particularized allegations of the circumstances constituting fraud." *In re*

5  *GlenFed, Inc. Securities Litigation,* 42 F.3d 1541, 1547 (9th Cir. 1994). In *GlenFed,* the court

6  held that merely identifying the time, place and content of an alleged misrepresentation alone is

7  not sufficient. *Id.* at 1548. A plaintiff may not simply plead "fraud by hindsight," using later

8  events to claim that earlier statements were false; instead, a plaintiff is required to explain why

9  the challenged statement was false when made, and it may not, by contrast, merely set forth

10 conclusory allegations that a defendant's statements were false. *See In re Glenfed, Inc. Sec. Litig.,*

11 42 F.3d 1541, 1548-49, n.7 *(en banc)* (9th Cir. 1994). As the Ninth Circuit has held, "[t]he

12 requirements of Rule 9(b) are designed to prohibit a plaintiff from unilaterally imposing upon the

13 court, the parties and society enormous social and economic costs absent some factual basis."

14 *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir. 1985). Failure to meet Rule 9(b)'s heightened

15 pleading requirements is a proper basis for a motion to dismiss under Rule 12(b)(6).

16      Here, Plaintiff's allegations of fraud fall far short of the specificity required by Rule 9(b).

17 As set forth above, the First Amended Complaint alleges breach of contract in the Fourth claim

18 and then simply recasts these allegations as the incidents of fraudulent misrepresentation in the

19 Fifth claim, using language that mirrors the breach of contract allegations in the Fourth claim

20 (FAC ¶ 71-78), *i.e.,* a "refus[al] to fulfill the terms of their contracts." (FAC ¶ 81.) The only

21 material difference between the breach of contract and fraud causes of action is Plaintiff's

22 interjection that Priceline describes its services on its website with terms such as: "discount,"

23 "low price," "great deals," "value conscious," "last minute deals" "weekend deals" and "cheap,"

24 and that Priceline's NYOP service states "[i]f your offer is accepted, we will immediately lock in

25 your reservation and charge your credit card." (FAC ¶ 80.) Plaintiff does not allege he reviewed

26 these terms or relied on them in any way. Nor does Plaintiff allege with any specificity the falsity

27 or misleading nature of such terms. And, he has pled no other facts that would support even an

28 inference of fraud or deceit. Without such, Plaintiff's fraud claim should fail.

1    Simply put, Plaintiff cannot assert a fraud claim based on the mere allegation that
2    Priceline failed to perform in accordance with the terms of his reservation. (Exhibit A to FAC
3    and Exhibit A to Whelan Decl.). His suggestion to the contrary is without any legal support and
4    is impermissible under Rule 9(b). Indeed, Plaintiff's dressed up fraud claim, arising out of the
5    parties' contractual relations, is precisely the type of claim that Rule 9(b) is intended to prevent.

6    Moreover, Plaintiff's attempt to save his fraud claim by asserting a fiduciary relationship
7    between Priceline and Plaintiff further demonstrates the frivolity of his claim. (FAC ¶ 84.) The
8    relationship between Priceline and Plaintiff is not fiduciary in nature. It is settled law in
9    California that a confidential and fiduciary relationship does not arise out of arms-length business
10   transactions between two parties, as occurred here. *See Gonzales v. Hodgson,* 38 Cal.2d 91, 99
11   (1951) ( "There is no fiduciary relation in the case of debt or other contract duty" ); *Persson v.*
12   *Smart Inventions, Inc.,* 125 Cal. App. 4th 1141, 1162 (2005) (holding that a confidential
13   relationship does not arise out of an arms-length negotiation between two corporate
14   shareholders); *Girard v. Delta Towers Joint Venture,* 20 Cal. App. 4th 1741, 1749 (1993) (there
15   is no fiduciary relationship between two parties in an ordinary commercial contractual
16   relationship); *Rickel v. Schwinn Bicycle Co.,* 144 Cal. App. 3d 648, 654-55 (1983) ("California
17   law is that parties to a contract, by that fact alone, have no fiduciary duties toward one another" ).
18   Accordingly, Plaintiff has not and cannot plead facts establishing a fiduciary relationship
19   between Priceline and Plaintiff. Thus, Plaintiff's allegations supporting his fraud claim are
20   insufficient to withstand a challenge under Rule 12(b)(6).

21   **C.    The First Amended Complaint Does Not State A Claim Under The FAL,**
22   **UCL or CLRA Because Plaintiff Alleges No Statements Likely To Deceive**
23   **The Public**

24   The First, Second and Third claims are based on California's consumer statutes known as
25   California's Unfair Competition Statute (§ 17200, *et seq.,* "UCL"), False Advertising Law
26   (§ 17500, *et seq.,* "FAL"), and the Consumer Legal Remedies Act (California Code of Civil
27   Procedure § 1750, "CLRA").

28   The law is clear that, to state a claim under the UCL, CLRA or FAL, Plaintiff must allege

1    that Defendant made a representation, whether through advertising or otherwise, that was likely

2    to deceive a reasonable consumer. *See Whitaker v. Tandy, Corp.*, No. C-97-00803, 1997 U.S.

3    Dist. 1997 WL 703766 , at *3 (N.D. Cal. Oct. 31, 1997) ("The court... may dismiss the matter if

4    it decides that no reasonable consumer could have been misled by the alleged

5    misrepresentation.") (entering judgment on the pleadings that defendant did not violate the UCL

6    or FAL because statement in electronics advertisement was not deceptive as a matter of law);

7    *Haskell v. Time, Inc.*, 857 F.Supp. 1392, 1399-1402 (E.D.Cal. 1994) ("[I]f the alleged

8    misrepresentation, in context, is such that no reasonable consumer could be misled, then the

9    allegation may be ... dismissed as a matter of law.") (dismissing UCL and FAL claims after

10   determining that alleged misrepresentations were not likely to mislead a reasonable consumer);

11   *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1274-76 (2006) (affirming dismissal

12   of UCL claim because plaintiff did not allege facts showing members of the public were likely to

13   be deceived or misled); *Shvarts v. Budget Group, Inc.*, 81 Cal. App. 4th 1153, 1158-60 (2000)

14   (affirming dismissal of action because alleged misrepresentation would not mislead a reasonable

15   consumer).   The term *"likely" means probable,* not just possible. *Williams v. Gerber Products*

16   *Co.,* 439 F.Supp. 1112, 1115 (S.D. Cal. 2006).   The analysis is straightforward in this case

17   because the same "reasonable consumer" standard applies to all of Plaintiff's claims. *See*

18   *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351 (2003) (Cal. Ct. App.

19   2003) (reasonable consumer standard applies to UCL, FAL, and CLRA).   Plaintiff has failed to

20   plead any representation made by Priceline likely to deceive the reasonable consumer. Therefore,

21   his claims brought under the UCL, CLRA and FAL should be dismissed.

22                    **1.    Plaintiff Fails To State A Claim Under The UCL**

23        The UCL (Cal. Bus. & Prof. Code § 17200-17209) prohibits "unfair competition," and to

24   sustain an unfair competition claim, the defendant must have engaged in an unlawful, unfair or

25   fraudulent "business act or practice." *See, e.g., Nat'l Rural Telcomms. Coop. v. DIRECTV, Inc.*,

26   319 F. Supp. 2d 1059, 1074-78 (CD. Cal. 2003) (business practice or act required for each kind

27   of activity actionable under the UCL, *i.e.*, unlawful, unfair or fraudulent conduct); *Cruz v.*

28   *PacifiCare Health Sys., Inc.,* 30 Cal. 4th 303, 315 (2003) and *Blakemore v. Superior Court,* 129

1    Cal. App. 4th 36, 43 (2005). Though interpreted broadly, the UCL is not boundless: Business

2    practices are limited to activities "that can properly be called a business practice and that at the

3    same time [are] forbidden by law." *Banquis v. Merchants Collection Ass'n,* 7 Cal. 3d 94, 113

4    (1972).

5        In this case, the allegations of the First Amended Complaint are wholly deficient to

6    establish that Priceline engaged and continues to engage in a "business practice" of any unfair,

7    fraudulent, or unlawful acts likely to deceive a reasonable consumer. Reference to an off-hand

8    comment by an Alamo employee and two unverified internet postings will not suffice. (FAC ¶¶

9    25-27.) Under established law, "[a] plaintiff alleging unfair business practices under [the UCL]

10    'must state with reasonable particularity the *facts* supporting the statutory elements of the

11    violation.'" *Silicon Knights, Inc.* v. *Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1316 (N.D. Cal.

12    1997) (emphasis added). In particular, the plaintiff must offer more than conclusory statements,

13    and must set forth facts establishing the manner in which the defendant's practices allegedly

14    violated the UCL. *See, e.g., Khoury*, 14 Cal. App. 4th at 618, 17 Cal. Rptr. 2d at 712 (UCL claim

15    not adequately plead because it failed to "describe the manner in which respondent's practice is

16    'unlawful'"); *Smith & Hawken, Ltd.* v. *Gardendance, Inc.*, No. C04-1664 SBA, 2004 WL

17    2496163, at *6 (N.D. Cal, Nov. 5, 2004) (dismissing UCL claim because complaint alleges "no

18    facts to support [plaintiff's] conclusory allegations" that defendant's practices were unfair); *Sec.*

19    *Dynamics Techs., Inc.* v. *Activcard Networks Inc.*, No. 95-20870, 1996 WL 263648, at *2 (N.D.

20    Cal. May'13, 1996) (UCL claim dismissed because "allegations do not explain with any

21    reasonable particularity what acts Defendants committed or how these acts are unlawful").

22        Here, Plaintiff has not alleged that he or others were misled by the representations made

23    by Priceline at the time of the transaction or that Priceline engaged in some fraudulent, unfair or

24    unlawful conduct when entering into the agreement with Plaintiff. Rather, he proffers that

25    Priceline engaged in "unfair, unlawful, and deceptive trade practices" merely by failing to

26    perform in accordance with the terms of the Parties' contract, *i.e.*, by failing to provide the

27    promised rental car and refusing to refund both the amount of the rental car and the additional

28    expenses incurred as a result of not getting it. (FAC ¶ 39.) These facts are, however, simply

1   insufficient to demonstrate the "unfair" "fraudulent" or "unfair" business act or practice

2   necessary to sustain a UCL claim. If that were not the case, and Plaintiff was permitted to plead

3   a UCL claim based solely on speculation as to the defendants' lack of intention to act fairly or

4   lawfully in performing its obligations under the agreement, then every breach of contract dispute

5   would give rise to a claim under the UCL. Clearly, that was not the intention of the California

6   legislature. Because Plaintiff has failed to allege facts demonstrating that Priceline engaged in an

7   illegal, unfair or deceptive business act or practice, the First Cause of Action should be

8   dismissed.

9            **2.        Plaintiff Fails To State A Claim Under The FAL Because He Alleges**

10                      **No Untrue Or Misleading Statement Likely To Deceive The Public**

11          The FAL (Cal. Bus. & Prof. Code § 17500, *et seq.*) makes it unlawful for a business, with

12  the intent to perform services or to induce the public to enter into any obligation, to disseminate

13  any statement "which is untrue or misleading, and which is known, or which by the exercise of

14  reasonable care should be known, to be untrue or misleading ...." *See Haskell v. Time, Inc.,* 857

15  F. Supp. 1392, 1398 (E.D. Cal. 1994) (dismissing claims for false or misleading advertising and

16  unfair competition); *see also, Chip-Mender, Inc. v. Sherwin-Williams Co.,* No. 05-3465, 2006

17  WL 13058, *11 (N.D.Cal. 2006) (granting motion to dismiss on FAL claim because plaintiff

18  failed to allege facts showing that defendant made untrue or misleading statements with the

19  intent to deceive); *see Chavez v. Blue Sky Natural Beverage Co.,* 503 F. Supp.2d 1370 (N.D.Cal.

20  2007) (dismissing plaintiff's false advertising claims with prejudice.). Here, Plaintiff fails to

21  allege any untrue or misleading statement made by Priceline. *Haskell, supra,* at 1397-98

22  (Plaintiff's Complaint actually *did* identify allegedly misleading statements but court still

23  dismissed FAL claims because the allegations were conclusory and statements were not

24  presented in a misleading context).

25          The only affirmative statements challenged in the First Amended Complaint is Priceline's

26  representation of the Priceline rate on its website as: "discount," "low price," "great deals,"

27  "value conscious," "last minute deals" "weekend deals" and "cheap," and that if a customer's

28  NYOP offer "is accepted, [Priceline] will immediately lock in your reservation and charge your

1   credit card." (FAC ¶¶ 49, 50.)  Importantly, however, Plaintiff does not allege that these

2   statements – which in any event are "puffing" -- are likely to deceive a reasonable consumer.

3   Nor does he allege any facts showing Priceline made these statements with the intention to

4   deceive.  As such, the FAL claim must fail.  *Chip-Mender, Inc, supra,* No. 05-3465, 2006 WL

5   13058.

6          Moreover, these representations have no application to Plaintiff's claims.  Plaintiff's

7   reservation *was* locked in and it *was* for a discount rate.  (FAC ¶ 19.)  This was confirmed by the

8   Reservation Confirmation attached as Exhibit A to the First Amended Complaint and by the

9   Priceline representative when she spoke with Mr, Hauer on November 22, 2007.  (FAC ¶ 21.)

10  ("Heather acknowledged that she could see that the reservation had been paid for and that it was

11  for an economy car.")  Plaintiff's allegations thus confirm that Priceline charged Plaintiff the

12  advertised discounted rate and intended to and did in fact lock in the reservation.  The First

13  Amended Complaint is, therefore, devoid of facts establishing untrue or misleading advertising

14  necessary to sustain a claim under the FAL and thus are subject to dismissal under Rule 12(b)(6).

15         Moreover, Plaintiff's allegation that Alamo refused to honor Priceline's reservation does

16  not, without more, amount to fraudulent or misleading advertising.  *See Consumer Advocates v.*

17  *Echostar Satellite Corp.*, 113 Cal.App.4th 1351 (2003).  In *Consumer Advocates*, the plaintiffs

18  alleged that a defendant satellite television service violated the UCL and FAL by making the

19  following false or misleading statement in its brochure: that the system provided "crystal clear

20  digital video."  *Id.* at 1353.  Applying the reasonable consumer standard, the court of appeal

21  rejected Plaintiff's argument and held that the first two statements did not amount to the false and

22  misleading statements necessary to establish a violation of the UCL and FAL.  *Id.* at 1360-1361.

23  The court held the defendant's statement that its service delivered a "digital signal" to the

24  consumer was, in fact, factually true and thus not in violation of the UCL or FAL.  *Id.* at 1360.

25  The court further held that the representations that the system provided "crystal clear" digital

26  video did not constitute untrue or misleading advertising because neither statement could

27  reasonably be understood as a promise of perfection.  *Id.* at 1361.  The same analysis applies

28  here.

1    Plaintiff does not allege that Priceline's representations regarding "low fares" and its

2    intention to "lock in [the] reservation and charge [a consumer's] credit card" are false. By failing

3    to do so, he has conceded by admission that these representations are in fact true and thus do

4    nothing to establish violations of the FAL. Moreover, as in *Consumer Advocates*, the

5    representations relied upon by Plaintiff do not suggest "a promise of perfection" – *i.e.*, free from

6    human and technical error. Simply put, the First Amended Complaint does not allege facts

7    establishing the dissemination of any statement which is untrue or misleading and thus does not

8    give rise to a FAL claim. As such, Plaintiff's Second Cause of Action (FAL claim) should be

9    dismissed.

10    **3.    The CLRA Claim Should Be Dismissed Because The Pleading Fails**

11    **To Allege Supporting Facts And Merely Parrots The Language Of**

12    **The Statute**

13    Plaintiff's third claim alleges violations of California's Consumers Legal Remedies Act

14    (CLRA) (Cal. Civ. Code § 1750 - 1784) (FAC ¶¶ 47-53.) It is deficient for the same reasons set

15    forth above concerning his FAL and UCL claims: Plaintiff has failed to allege that Priceline

16    made any untrue or misleading statements likely to deceive a reasonable consumer.

17    The CLRA does not give consumers license to sue for any practice that the consumer

18    considers to be unfair. Rather, the CLRA prohibits only specific practices set forth in Civil Code

19    § 1770. Unless a practice falls within the scope of one of the 23 listed practices, it does not

20    violate the CLRA. *See Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal.App.4th 1544, 1557

21    (2007). Plaintiff alleges that Priceline's conduct violated four subsections of the CLRA, *infra,*

22    however, there are no facts pled which would support the alleged violations. (FAC ¶¶ 63-66.)

23    Instead, Plaintiff merely parrots the language of the statute without alleging the factual bases that

24    cases under Rule 12(b)(6) have required.

25    Specifically, plaintiff alleges, without any support, that Priceline violated subsections (5),

26    (7), (9) and (10) of Civil Code § 1770. Yet, he does not allege any facts informing Priceline how

27

28

it violated each section, as required by Federal Rule of Civil Procedure 8(a)(2).[6]  For instance,
Plaintiff claims that Priceline violated Civil Code § 1770(a)(5) in that it "represented that its
services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities
which they do not have ..." (FAC ¶ 63.)  Plaintiff does not, however, allege what specific
representation supports this claim, relying instead on a recitation of the language of the statute,
which is prohibited. *See Bell Atlantic v. Twombly*, 127 S. Ct. at 1964-65.  Similarly, Plaintiff
claims that Priceline violated Civil Code § 1770(a)(7) by making "representations that the goods
or services that they sell are of a particular standard, quality, or grade, or that the goods are of a
particular style or model, when they are not." (FAC ¶ 64.)  Again, Plaintiff fails to allege what
specific representations supports this claim.  The same holds true for Plaintiff's allegations that
Priceline violated Civil Code § 1770(a)(9) and (10), which prohibit a company from advertising
services with an intent not to sell them as advertised or with an intent not to supply a reasonably
expectable demand. All Plaintiff does is recite, word for word, the language of the statutory
prohibition without pleading any actual facts. (FAC ¶¶ 65, 66.) *Twombly* teaches that Plaintiff
cannot maintain a claim merely by parroting the statutory language and stating legal conclusions.
Plaintiff's claim should therefore be dismissed pursuant to Rule 12(b)(6).

## D.    Plaintiff's Claim For Consequential, Incidental, And Punitive Damages Should Be Stricken Because Priceline's Terms And Conditions Expressly Disclaim Liability For Such Damages

In addition to Plaintiff's failure to properly plead a request for punitive or expemplary
damages with the specificity required under Rule 9(b), *supra*, his request for consequential,
punitive and exemplary damages is prohibited by the express terms of the Parties' agreement.

---

[6]    Rule 8(a)(2) requires " 'a short and plain statement of the claim showing that the pleader
is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and
the grounds upon which it rests." ' Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1964
(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (citation omitted) (alteration
in original). "[A] plaintiffs obligation to provide the 'grounds' of his 'entitle[ment] to
relief requires more than labels and conclusions, and a formulaic recitation of the
elements of a claim will not do." *Twombly*, 127 S. Ct. at 1964-65  (quoting Fed. R. Civ.
P. 8(a)(2)) (citations omitted) (alteration in original).  Plaintiff's "formulaic recitation of
the elements" of the CLRA's prohibitions will not suffice.

1    Specifically, Plaintiff alleges that he and the putative class are entitled to recover all

2    incidental and consequential damages incurred as a result of his inability to get a rental car from

3    Priceline at the agreed upon price. (FAC ¶¶ 32(b), 32(h), 33, 39, 76.) Plaintiff also alleges that

4    he is entitled to punitive damages based on Priceline's alleged fraudulent conduct. "Prayer for

5    Relief" ¶¶ A, E. However, the Terms and Conditions on Priceline's website expressly disclaim

6    any liability for such damages, stating that Priceline will not be liable "for any indirect,

7    incidental, special, exemplary, compensatory, consequential, or punitive damages..." (Whelan

8    Decl. at ¶ 2, Ex. A.) Further, the Terms and Conditions Provide that "If, notwithstanding the

9    above, a Covered Party is found liable for any loss or damage relating to the use of this Site, User

10   agrees the liability of any such party shall in no event exceed the total charge to the User assessed

11   by Priceline.com for making a Request." (*Id.*)

12    Contractual limitation of liability provisions have been long recognized as valid in

13   California. *Markborough California, Inc. v. Superior Court,* 227 Cal.App.3d 705, 714 (Cal. Ct.

14   App. 1991) (construction contract provisions limiting liability to damages caused by negligence

15   valid); *Wheeler v. Oppenheimer,* 140 Cal.App.2d 497, 499 (Cal. Ct. App. 1956) (the "validity of

16   [such clauses] is not open to doubt." ); *Bomanite Corp. v. Cathay Pigment (USA), Inc.,* 2005 WL

17   1661899, *7-*8 (E.D. Cal. July 14, 2005) (motion to dismiss properly granted because prayer for

18   consequential damages for breach of contract barred by contractual clause in parties' agreement

19   limiting damages); *Sun Microsystems, Inc. v. Microsoft Corp.,* 999 F. Supp. 1301, 1306 (N.D.

20   Cal. 1998) (applying California law, court states "a clear and unambiguous contractual provision

21   providing for an exclusive remedy for breach will be enforced") (citations omitted).

22    The garden variety limitations clause used by Priceline in its agreement is routinely

23   upheld by courts. For example, in *National Rural Telecommunications Cooperative v.*

24   *DIRECTV, Inc.,* 319 F. Supp. 2d 1040, 1046-55 (C.D.Cal. 2003), plaintiff sued DirecTV seeking

25   fees and restitution pursuant to a distribution agreement. The agreement provided that

26   "[defendant's] sole obligation and liabilities resulting from a breach of this agreement .... are

27   limited to" indemnification and investigative costs. *Id.* at 1047. The court held that the damages

28   limitation was clear, unambiguous, and fully enforceable. It rejected plaintiff's claims that the

1 | liability limitation was unconscionable and/or would deprive it of the benefit of its bargain. *Id* at

2 | 1054-1055. The same conclusion should be reached here.

3 |     Priceline's "Limitation on Liability" is clear, unambiguous, and fully enforceable. As

4 | such, the damages that Plaintiff and the alleged putative class may seek *cannot* include punitive,

5 | consequential or any other exemplary damages, and thus plaintiff's prayer for these should be

6 | stricken pursuant to Fed.R.Civ P. 12(f). Moreover, the order striking the prayer for

7 | consequential, punitive and exemplary damages should be with prejudice as no conceivable

8 | amendment will enable Plaintiff to plead around the Parties' written agreement limiting the

9 | damages available to Plaintiff. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th

10 | Cir. 2003) (*per curiam*) (dismissal without leave to amend appropriate where amendment would

11 | be futile) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Nicosia v. DeRooy*, 72 F. Supp.

12 | 2d 1093, 1109-11 (N.D. Cal. 1999) (Striking allegations without leave to amend appropriate

13 | where amendment would be futile)); *see also, Mateo v. M/S KISO*, 805 F. Supp. 761, 774 (N.D.

14 | Cal. 1992).

15 | **V.**

16 | **CONCLUSION**

17 |     For the reasons set forth above, Priceline respectfully requests that, pursuant to Rule

18 | 12(b)(6), Plaintiff's First, Second, Third and Fifth causes of action of the First Amended

19 | Complaint be dismissed for failure to state a claim. Alternatively, Priceline requests that the

20 | Court strike the prayer for punitive and exemplary damages on the ground that exemplary and

21 | punitive damages are not plead with the requisite specificity required under Rule 9(b). Priceline

22 | //

23 | //

24 | //

25 | //

26 | //

27 | //

28 | //

1   also requests that the Court strike the punitive, exemplary and other alleged consequential

2   damages on the grounds that the Parties' written agreement prohibits the recovery of such

3   damages.

4   DATED:  July 9, 2008                    SEDGWICK, DETERT, MORAN & ARNOLD LLP

5

6                                    By:    /s/ Jacqueline M. Jauregui
                                            Jacqueline M. Jauregui
                                            Marina L. Whelan
7                                           Attorneys for Defendant
                                            PRICELINE.COM, INC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   JACQUELINE M. JAUREGUI  Bar No. 095289
2  jacqueline.jauregui@sdma.com
   MARINA L. WHELAN  Bar No. 251087
3  marina.whelan@sdma.com
   801 South Figueroa Street, 19th Floor
4  Los Angeles, California 90017-5556
   Telephone: (213) 426-6900
5  Facsimile: (213) 426-6921

6  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   Matthew A. Fischer  (No. 191451)
7  matthew.fischer@sdma.com
   One Market Plaza
8  Steuart Tower, 8th Floor
   San Francisco, CA  94105
9  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635

10
   Attorneys for Defendant
11  PRICELINE.COM, INC.

12                UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14

15  GLEN HAUER, an individual, on behalf of        CASE NO.    C 08-02608 JSW
    himself, the general public, and those
16  similarly situated,
                                                   The Honorable Jeffrey S. White
17                            Plaintiff,
                                                   DECLARATION OF MARINA L. WHELAN
18        v.                                       IN SUPPORT OF DEFENDANT
                                                   PRICELINE.COM, INC.'S NOTICE OF
19  PRICELINE.COM INCORPORATED, a                  MOTION AND MOTION TO DISMISS AND
    foreign corporation; ALAMO RENT-A-             STRIKE ALLEGATIONS IN THE FIRST
20  CAR LLC, a foreign limited liability           AMENDED COMPLAINT
    company; VANGUARD CAR RENTAL
21  USA, INC., a foreign corporation; and
    DOES 1 through 50
22                                                 Date:   Friday, Sept. 19, 2008
                              Defendant.           Time:   9:00 a.m.
23                                                 Place:  17th Floor

                                                   Amended Class Action Complaint filed:
24                                                 June 9, 2008

25  I, Marina Whelan, hereby declare as follows:

26        1.    I am an attorney licensed to practice in the State of California and am an associate

27  with the law firm of Sedgwick, Detert, Moran & Arnold LLP, located at 801 S. Figueroa St., 19th

28  Floor, Los Angeles, California 90017, attorneys of record for Priceline.com, Incorporated

1  ("Priceline"). I have personal knowledge of all the facts stated below, and if called as a witness,

2  could and would testify competently to them.

3      2.    Attached to this declaration as Exhibit A is a true and correct copy of Priceline's

4  Terms and Conditions, which are publicly available on Priceline's website (http://www.priceline.

5  com). On July 9, 2008, I visited the Priceline website and printed out the attached Terms and

6  Conditions.

7      I declare under penalty of perjury under the laws of the United States that the foregoing is

8  true and correct.

9

10  DATED:  July 9, 2008                SEDGWICK, DETERT, MORAN & ARNOLD LLP

11

12                                      By:
                                            Marina L. Whelan
13                                          Attorneys for Defendant
                                            PRICELINE.COM, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA/821205v1

-2-

DECLARATION OF MARINA L. WHELAN

## LIST OF EXHIBITS

Priceline's Terms and Conditions                                        Exhibit A

**EXHIBIT A**

Priceline's Terms and Conditions

Close Window

**Select Language**



EN

**Priceline.com Incorporated Web Site Terms & Conditions**

### Agreement between User and priceline.com Incorporated

priceline.com is owned and operated by priceline.com Incorporated ("priceline.com", "Priceline", or "we"). This web site ("Site") is intended for personal, noncommercial use. This Agreement describes the terms and conditions applicable to the services available through this Site. This Agreement describes your responsibilities and, among other things, limits the liability of priceline.com. BEFORE SUBMITTING AN ACCOUNT REGISTRATION FORM AND/OR USING ANY OF THESE SERVICES, PLEASE READ ALL OF THIS AGREEMENT CAREFULLY. BY ACCESSING ANY AREAS OF THIS SITE, USERS ("USERS" OR "YOU") AGREE TO BE LEGALLY BOUND WITHOUT LIMITATION, QUALIFICATION, OR CHANGE AND TO ABIDE BY THESE TERMS AND CONDITIONS, WHICH WILL CONSTITUTE OUR AGREEMENT ("AGREEMENT"). If at any time you do not agree with any part of this Agreement, YOU MUST DISCONTINUE USE OF THIS SITE. Priceline.com reserves the right, in its sole discretion, to amend, modify, or alter this Agreement at any time by posting the amended terms on this Site. We recommend that you review these terms and conditions periodically. The amended terms shall be effective from and after the date that they are posted on the Site. This Agreement may not otherwise be amended except in writing signed by both parties. Priceline.com incorporates herein, by reference, its Privacy Policy.

WITHOUT LIMITATION OF ANY OTHER PROVISIONS OF THIS AGREEMENT, YOU MAY NOT USE THIS SITE FOR ANY PURPOSE THAT IS UNLAWFUL OR PROHIBITED BY THIS AGREEMENT AND/OR ANY APPLICABLE ADDITIONAL TERMS. YOUR ACCESS TO THIS SITE MAY BE TERMINATED IMMEDIATELY IN PRICELINE.COM'S SOLE DISCRETION, WITH OR WITHOUT NOTICE, IF YOU FAIL TO COMPLY WITH ANY PROVISION OF THIS AGREEMENT AND/OR ADDITIONAL TERMS, OR FOR ANY OTHER REASON, OR NO REASON.

### Table of Contents

PART I: General Terms and Conditions

Copyright Notice
Trademark Notice
Acceptable Use/License
Accounts, Security, Passwords
Privacy Policy
Diclaimer of Warranties
General Limitation of Liability
Indemnification
Third Parties
User Comments, Feedback and Other Submissions
Response to Requests
Links to Other Web Sites and Services
Modification/Termination of Usage
Pricing Errors
Electronic Notification
International Use
Hyperlinks
Miscellaneous

PART II: Travel Services

A. General
B. Airline Service Restrictions
C. Hotel Service Restrictions
D. Rental Car Service Restrictions
E. Vacation Package Restrictions
F. Tours and Attractions Restrictions
G. Travel Service Disclosures

**PART I**
**General Terms and Conditions**

**Copyright Notice**

You, the User, acknowledge that all content included on this Site, including the information, data, software, photographs, graphs, video, typefaces, graphics, music, sounds, images, illustrations, maps, designs, icons, written and other material (collectively, "Content") and the arrangement and compilation of the Content are intellectual property and copyrighted works of priceline.com and/or its third-party providers including, without limitation, the airline, hotels, rental car companies and other travel suppliers that provide travel or other services through this Site ("Providers"). Reproduction or storage of information or works retrieved from this Site, in all forms, media and technologies now existing or hereafter developed, is subject to the U.S. Copyright Act of 1976, Title 17 of the United States Code and all applicable international copyright treaties and conventions, including without limitation, the Berne Convention and the Universal Copyright Convention.

**Trademark Notice**

"PRICELINE.COM" and "PRICELINE" and "NAME YOUR OWN PRICE" are registered service marks of priceline.com. Other product and company names identified on this Site may be the name, trademark, trade name, service mark, logo, symbol or other proprietary designation of priceline.com or a third-party. The use on this Site of any name, trade name, trademark, service mark, logo, symbol or other proprietary designation or marking of or belonging to any third-party, and the availability of specific goods or services from such third-party through this Site, should not be construed as an endorsement or sponsorship of this Site by any such third-party, or the participation by such third-party in the offering of goods, services or information through this Site.

**Acceptable Use/License**

Priceline grants you a limited, personal, nontransferable, non-sublicensable, revocable license to access and use this Site only as expressly permitted in this Agreement. Except for this limited license, we do not grant you any other rights or license with respect to this Site; any rights or license not expressly granted herein are reserved. The content and information on this Site (including, without limitation, price and availability of travel services), as well as the infrastructure used to provide such content and information, is proprietary to priceline.com or its suppliers and providers. Accordingly, as a condition of using this Site, you agree not to use this Site or its contents or information for any commercial or non-personal purpose (direct or indirect) or for any purpose that is unlawful or prohibited by this Agreement. While you may make limited copies of your travel itinerary (and related documents) for travel or services purchased through this Site, you agree not to modify, copy, distribute, transmit, display, perform, reproduce, publish, license, create derivative works from, transfer, or sell or re-sell any information, software, products, or services obtained from this Site. In addition, whether or not you have a commercial purpose, you agree not to:

   i.  access, monitor or copy any content or information of this Site using any robot, spider, scraper or other automated means or any manual process for any purpose without express written permission of priceline.com;

    ii.   violate the restrictions in any robot exclusion headers on this Site or bypass or circumvent other measures employed to prevent or limit access to this Site;

    iii.   take any action that imposes, or may impose, in the discretion of priceline.com, an unreasonable or disproportionately large load on the priceline.com infrastructure; or

    iv.   deep-link to any portion of this Site (including, without limitation, the purchase path for any travel services) for any purpose without express written permission of priceline.com.

    v.   deliver any unlawful (according to local, state, federal, or international law or regulation) postings to or through the this Site, or any postings which advocate illegal activity.

    vi.   deliver, or provide links to, any postings containing material that could be considered harmful, obscene, pornographic, indecent, lewd, violent, abusive, profane, insulting, threatening, tortuous, harassing, hateful or otherwise objectionable.

    vii.   deliver or provide links to, any postings containing material that harasses, victimizes, degrades, or intimidates an individual or group of individuals on the basis of religion, race, ethnicity, sexual orientation, gender, age, or disability.

    viii.   deliver or provide links to, any postings containing defamatory, false or libelous material.

    ix.   deliver any posting that infringes or violates any intellectual property or other right of any entity or person, including, without limitation, copyrights, patents, trademarks, laws governing trade secrets, rights to privacy, or publicity.

    x.   deliver any posting to that you do not have a right to make available under law or contractual or fiduciary relationships.

    xi.   impersonate another person or entity or falsely state or otherwise misrepresent your affiliation with a person or entity, or adopt a false identity if the purpose of doing so is to mislead, deceive, or defraud another.

    xii.   manipulate identifiers, including by forging headers, in order to disguise the origin of any posting that you deliver.

    xiii.   use this Site in any manner which could damage, disable, overburden, or impair or otherwise interfere with the use of this Site or other users' computer equipment, or cause damage, disruption or limit the functioning of any software, hardware, or telecommunications equipment.

    xiv.   attempt to gain unauthorized access to this Site, any related website, other accounts, computer system, or networks connected to this Site, through hacking, password mining, or any other means.

    xv.   obtain or attempt to obtain any materials or information through any means not intentionally made available through this Site, including harvesting or otherwise collecting information about others such as email addresses

You may only use this Site to make legitimate reservations, purchases or requests to purchase the products or services offered (each, a "Request") and shall not use this Site to make any speculative, false or fraudulent Requests or any Requests in anticipation of demand. You represent that you are of sufficient legal age to create binding legal obligations for any liability you may incur as a result of your use of this Site. You agree to provide correct and true information in connection with your use of this Site and you agree to promptly update your membership information (if applicable) in order to keep it current, complete and accurate. It is a violation of law to place a Request in a false name or with an invalid method of payment. Please be aware that even if you do not give us your real name, your web browser

transmits a unique Internet address to us that can be used by law enforcement officials to identify you. Fraudulent users will be prosecuted to the fullest extent of the law.

Priceline reserves the right to cancel any airline, hotel or rental car reservation or any other transaction that it reasonably believes to have been fraudulently made, including without limitation, by unauthorized use of a credit or debit card.

## Accounts, Security, Passwords

You may register to utilize this Site by completing the specified registration process and providing us with current, complete, and accurate information as requested by the online registration form. It is your responsibility to maintain the currency, completeness and accuracy of your registration data, and any loss caused by your failure to do so is your responsibility. As part of the registration process, you will be asked to choose a security question. It is entirely your responsibility to maintain the confidentiality of your security question and your account. Additionally you are entirely responsible for any and all activities that occur under your account. You agree to notify priceline.com immediately of any unauthorized use of your account. Priceline.com is not liable for any loss that you may incur as a result of someone else using your account, either with or without your knowledge.

## Privacy Policy

You confirm that you have read our Privacy Policy, the terms of which are incorporated herein, and agree that the terms of such policy are reasonable and satisfactory to you. You consent to the use of your personal information by priceline.com and/or its third-party providers and distributors in accordance with the terms of and for the purposes set forth in the Privacy Policy. To the extent permitted by law, Priceline.com makes no representation or warranty with regard to the sufficiency of the security measures used for data handling and storage. Priceline.com will not be responsible for any actual or consequential damages that result from a lapse in compliance with the Privacy Policy because of a security breach or technical malfunction.

## Disclaimer of Warranties

UNLESS A PROVIDER HAS AGREED OTHERWISE, ALL CONTENT, INCLUDING SOFTWARE, PRODUCTS, SERVICES, INFORMATION, TEXT AND RELATED GRAPHICS CONTAINED WITHIN OR AVAILABLE THROUGH THIS SITE ARE PROVIDED TO YOU ON AN "AS IS," "AS AVAILABLE" BASIS. PRICELINE.COM MAKES NO REPRESENTATIONS OR WARRANTIES OF ANY KIND, EITHER EXPRESS OR IMPLIED, AS TO THE OPERATION OF THIS WEBSITE OR THE INFORMATION, CONTENT OR MATERIALS INCLUDED ON THIS WEBSITE TO THE FULLEST EXTENT PERMISSIBLE PURSUANT TO APPLICABLE LAW, PRICELINE.COM DISCLAIMS ALL REPRESENTATIONS AND WARRANTIES OF ANY KIND, EITHER EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, THE IMPLIED WARRANTIES OF MERCHANTABILITY OR SATISFACTORY WORKMANLIKE EFFORT, INFORMATIONAL CONTENT, TITLE, OR NON-INFRINGEMENT OF THE RIGHTS OF THIRD PARTIES. PRICELINE.COM DOES NOT WARRANT OR MAKE ANY REPRESENTATIONS THAT THIS SITE WILL OPERATE ERROR-FREE OR UNINTERRUPTED, THAT DEFECTS WILL BE CORRECTED, OR THAT THIS SITE AND/OR ITS SERVERS WILL BE FREE OF VIRUSES AND/OR OTHER HARMFUL COMPONENTS. PRICELINE.COM DOES NOT WARRANT OR MAKE ANY REPRESENTATIONS REGARDING SUITABILITY, AVAILABILITY, ACCURACY, RELIABILITY, COMPLETENESS, OR TIMELINESS OF ANY MATERIAL OF ANY KIND CONTAINED WITHIN THIS SITE FOR ANY PURPOSE, INCLUDING SOFTWARE, PRODUCTS, SERVICES, INFORMATION, TEXT AND RELATED GRAPHICS CONTENT.

PRICELINE.COM IS NOT RESPONSIBLE FOR ANY FAILURES CAUSED BY SERVER ERRORS, MISDIRECTED OR REDIRECTED TRANSMISSIONS, FAILED INTERNET CONNECTIONS, INTERRUPTIONS IN THE TRANSMISSION OR RECEIPT OF TICKET ORDERS OR, ANY COMPUTER VIRUS OR OTHER TECHNICAL DEFECT, WHETHER HUMAN OR TECHNICAL IN NATURE.

WITHOUT LIMITING THE FOREGOING, NO WARRANTY OR GUARANTEE IS MADE (I) REGARDING THE ACCEPTANCE OF ANY REQUEST, (II) THAT A USER WILL RECEIVE THE LOWEST AVAILABLE PRICE FOR GOODS AND/OR SERVICES AVAILABLE THROUGH THIS SITE, (III) REGARDING THE AVAILABILITY OF PRODUCTS AND/OR SERVICES THROUGH THIS SITE OR, WHERE APPLICABLE, AT ANY PARTICIPATING RETAILER OR RETAILER LOCATION, OR (IV) REGARDING THE RESULTS THAT MAY BE OBTAINED FROM THE USE OF THIS SITE.

**General Limitation of Liability**

TO THE EXTENT PERMITTED BY LAW, IN NO EVENT SHALL PRICELINE.COM, INCLUDING ITS RESPECTIVE OFFICERS, DIRECTORS, EMPLOYEES, REPRESENTATIVES, SUBSIDIARIES, AFFILIATES, DISTRIBUTORS, SUPPLIERS, LICENSORS, AGENTS OR OTHERS INVOLVED IN CREATING, SPONSORING, PROMOTING, OR OTHERWISE MAKING AVAILABLE THE SITE AND ITS CONTENTS (COLLECTIVELY THE "COVERED PARTIES"), BE LIABLE TO ANY PERSON OR ENTITY WHATSOEVER FOR ANY DIRECT, INDIRECT, INCIDENTAL, SPECIAL, EXEMPLARY, COMPENSATORY, CONSEQUENTIAL, OR PUNITIVE DAMAGES OR ANY DAMAGES WHATSOEVER, INCLUDING BUT NOT LIMITED TO: (I) LOSS OF GOODWILL, PROFITS, BUSINESS INTERRUPTION, DATA OR OTHER INTANGIBLE LOSSES; (II) YOUR INABILITY TO USE, UNAUTHORIZED USE OF, PERFORMANCE OR NON-PERFORMANCE OF THE SITE; (III) UNAUTHORIZED ACCESS TO OR TAMPERING WITH YOUR PERSONAL INFORMATION OR TRANSMISSIONS; (IV) THE PROVISION OR FAILURE TO PROVIDE ANY SERVICE; (V) ERRORS OR INACCURACIES CONTAINED ON THE SITE OR ANY INFORMATION, SOFTWARE, PRODUCTS, SERVICES, AND RELATED GRAPHICS OBTAINED THROUGH THE SITE; (VI) ANY TRANSACTIONS ENTERED INTO THROUGH THIS SITE; (VII) ANY PROPERTY DAMAGE INCLUDING DAMAGE TO YOUR COMPUTER OR COMPUTER SYSTEM CAUSED BY VIRUSES OR OTHER HARMFUL COMPONENTS, DURING OR ON ACCOUNT OF ACCESS TO OR USE OF THIS SITE OR ANY SITE TO WHICH IT PROVIDES HYPERLINKS; OR (VIII) DAMAGES OTHERWISE ARISING OUT OF THE USE OF THE SITE, ANY DELAY OR INABILITY TO USE THE SITE, OR ANY INFORMATION, PRODUCTS, OR SERVICES OBTAINED THROUGH THE SITE. THE LIMITATIONS OF LIABILITY SHALL APPLY REGARDLESS OF THE FORM OF ACTION, WHETHER BASED ON CONTRACT, TORT, NEGLIGENCE, STRICT LIABILITY OR OTHERWISE, EVEN IF A COVERED PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF DAMAGES. Further, to the extent permitted by law, the Covered Parties accept no responsibilities for any damage and/or delay due to Provider cancellations, shortages, sickness, pilferage, labor disputes, bankruptcy, machinery breakdown, quarantine, government restraints, weather, terrorism or causes beyond the Covered Parties' control. No responsibility is accepted for any additional expense, omissions, delays, re-routing or acts of any governmental authority. No Covered Party shall be responsible for any Provider's breach of any warranty including, but not limited to, implied warranties of fitness for a particular purpose or of merchantability, nor shall any Covered Party be responsible for any other wrongdoing of a Provider (including any liability in tort), as to any products and/or services available through this Site. No Covered Party shall be responsible for any Provider's failure to comply with this Agreement nor for any Provider's failure to comply with applicable federal, state, provincial and local law.

If, notwithstanding the above, a Covered Party is found liable for any loss or damage relating to the use of this Site, User agrees the liability of any such party shall in no event exceed the total charge to the User assessed by priceline.com for making a Request. Some states, to the extent their law might be deemed to apply notwithstanding the selection of Connecticut law as described below, do not allow the limitation of liability, so the foregoing limitations might not apply to you.

**Indemnification**

You agree to defend and indemnify Priceline, their affiliates, and/or their respective suppliers and any of their officers, directors, employees and agents from and against any claims, causes of action, demands, recoveries, losses, damages, fines, penalties or other costs or expenses of any kind or nature including but not limited to reasonable legal and accounting fees, brought (i) by you or on behalf in excess of the liability described above; or (ii) by third parties as a result of:

a. your breach of this Agreement

b.   your violation of any law or the rights of a third party; or

c.   your use of this Site.

**Third Parties**

If you use this Site to submit Requests for or on behalf of a third-party ("Third-party"), such as a family member or a traveling companion, you are responsible for any error in the accuracy of information provided in connection with such use. In addition, you must inform the Third-party of all Terms and Conditions applicable to all products or services acquired through this Site including all rules and restrictions applicable thereto. Each User using this Site for or on behalf of a Third-party agrees to indemnify and hold each Covered Party harmless from and against any and all liabilities, losses, damages, suits and claims (including the costs of defense), relating to the Third-party's or the User's failure to fulfill any of its obligations as described above. You are directly responsible for any Request submitted including for total charges and performance obligations.

**User Comments, Feedback, and Other Submissions**

All comments, feedback, suggestions and ideas disclosed, submitted or offered to a Covered Party in connection with your use of this Site (collectively, "Comments"), shall be and remain the exclusive property of priceline.com and may be used by a Covered Party in any medium in accordance with our Privacy Policy. By providing your Comments to a Covered Party, you shall be indicating your consent to the Covered Party's use of your Comments. For example, your Comments could be used on this Site and in radio, television, and print advertisements. Your first name, first initial of your last name, and town and state may be used with any Comments you submit. The information and opinions expressed in Comments on this Site are not necessarily those of priceline.com or its content providers, advertisers, sponsors, affiliated or related entities, and priceline.com makes no representations or warranties regarding that information or those opinions. Priceline.com does not represent or guarantee the truthfulness, accuracy, or reliability of any Comments or determine whether the Comments violate the rights of others. You acknowledge that any reliance on material posted by other users will be at your own risk. No Covered Party is under any obligation to maintain your Comments (and the use of your first name and first initial of your last name with any comments) in confidence, to pay to you any compensation for any Comments submitted, or to respond to any of your Comments. You agree you will be solely responsible for the content of any Comments you make.

**Response to Requests**

While priceline.com will use its good faith efforts to respond to Requests within the time periods indicated on this Site, no guarantee is made that the status of your Request will be made available to you within the stated processing time. None of the Covered Parties is responsible for any errors or delays in responding to a Request including, without limitation, error or delays in responding to a Request caused by an incorrect e-mail address or other data provided by you or other technical problems beyond their control.

**Links to Other Web Sites and Services**

To the extent this Site contains links to outside services and resources, any concerns regarding such services or resources should be directed to the particular outside service or resource provider. Priceline.com does not monitor or control the linked sites and makes no representations regarding, and is not liable or responsible for the accuracy, completeness, timeliness, reliability, or availability of any of the content upload, displayed, or distributed, or products or services available at these sites. If you choose to access any third-party site, you do so at your own risk. The presence of a link to a third-party site does not constitute or imply priceline.com's endorsement, sponsorship, or recommendation of the third-party, or of the content, products or services contained on, or available through, any such third-party site.

**Modification/Termination of Usage**

Priceline.com reserves the right, in its sole discretion, to modify, suspend, or terminate this Site and/or any portion thereof, including any service or product available through the Site, and/or your profile, password, or use of the Site, or any portion thereof, at any time for any reason with or without notice to you. In the event of termination, you will still be bound by your obligations under this Agreement and any Additional Terms, including the warranties made by you, and by the disclaimers and limitations of liability. Additionally, priceline.com shall not be liable to you or any third-party for any termination of your access to this Site.

## Pricing Errors

We endeavor to publish and maintain accurate prices and information for the services we offer, including but not limited to our Name Your Own Price® services. Our suppliers provide us with the price and other information related to these services. In the event, however, that a service is listed or provided to us at an incorrect price or with incorrect information due to typographical error or other error in pricing or service information received from our suppliers, we retain the right to refuse or cancel any orders placed for such service. We shall have the right to refuse or cancel any such orders whether or not the order has been confirmed and/or your credit card charged. If your credit card has already been charged for the purchase and your order is canceled because of incorrect supplier information, we will promptly issue a credit to your credit card account in the amount of the charge.

## Electronic Notification

To the extent that we need to contact you, you agree that we may do so via any electronic means, including but not limited to communications posted on this Site or electronic mail.

## International Use

Accessing materials on this Site by certain persons in certain countries may not be lawful, and priceline.com makes no representation that materials on this Site are appropriate or available for use in locations outside of the United States, other than the countries listed here. If you are located in a country other than the counties listed here, you must not transact business with this Site.

## Hyperlinks

Unless otherwise expressly permitted, websites may not hyperlink to any page beyond the homepage of this Site or frame this Site or any web page or material herein, nor may any entity hyperlink any aspect of this Site in an email for commercial purposes without the express written permission of priceline.com.

## Miscellaneous

The captions in this Agreement are only for convenience, and do not, in any way, limit or otherwise define the terms and provisions of this Agreement.

This Agreement, and the related parts of this Agreement relating to each service represent the entire agreement between you and each Covered Party regarding your use of this Site and supersede any prior statements, representations, or prior versions of these Terms and Conditions relating to the use of the Site that were displayed on this Site before. We reserve the right to modify, revise or update this Agreement from time to time by updating this posting. Your continued use of this Site will be subject to the terms of this Agreement in effect at the time of your use. Certain provisions of this Agreement may be superseded by expressly designated legal notices or terms located elsewhere on this Site. In the event that any provision of this Agreement is determined to be unenforceable or invalid, such provision shall nonetheless be enforced to the fullest extent permitted by applicable law, and such determination shall not affect the validity and enforceability of any other remaining provisions. The internal laws of the State of Connecticut shall govern the performance of this Agreement. You consent and submit to the exclusive jurisdiction of the state and federal courts located in Fairfield County, Connecticut, in all questions and controversies arising out of your use of this Site and this Agreement. To the extent

permitted by applicable law, any claim or cause of action arising from or relating to your use of this Site must be brought within two (2) years from the date on which such claim or action arose or accrued.

## PART II
### Travel Services

## A. General

### Travel Service Limitation of Liability

THE AIRLINES, HOTELS, RENTAL CAR COMPANIES AND OTHER SUPPLIERS PROVIDING TRAVEL OR OTHER SERVICES THROUGH THE SITE (COLLECTIVELY, "TRAVEL SUPPLIERS") ARE INDEPENDENT CONTRACTORS AND NOT AGENTS OR EMPLOYEES OF THE COVERED PARTIES. TO THE EXTENT PERMITTED BY LAW, THE COVERED PARTIES DO NOT ASSUME LIABILITY FOR ANY INJURY, DAMAGE, DEATH, LOSS, ACCIDENT OR DELAY DUE TO AN ACT OR OMISSION OF A TRAVEL SUPPLIER, INCLUDING, WITHOUT LIMITATION, AN ACT OF NEGLIGENCE OR THE DEFAULT OF A TRAVEL SUPPLIER, OR AN ACT OF GOD. FURTHER AND TO THE EXTENT PERMITTED BY LAW, NO RESPONSIBILITIES ARE ACCEPTED FOR ANY DAMAGE AND/OR DELAY DUE TO SICKNESS, PILFERAGE, LABOR DISPUTES, BANKRUPTCY, MACHINERY BREAKDOWN, QUARANTINE, GOVERNMENT RESTRAINTS, WEATHER, TERRORISM OR CAUSES BEYOND THE COVERED PARTIES' CONTROL. NO RESPONSIBILITY IS ACCEPTED FOR ANY ADDITIONAL EXPENSE, OMISSIONS, DELAYS, FAILURE TO MAKE CONNECTIONS,RE-ROUTING OR ACTS OF ANY GOVERNMENTAL AUTHORITY.

### Passports, Visas, and Hazards

We have no special knowledge regarding foreign entry requirements such as the need for passports and visas, unsafe conditions, health hazards, weather hazards, supplier bankruptcies, or the suitability for disabled persons of any portion of any tour. For foreign entry requirements, go to travel.state.gov/travel/foreignentryreqs.html. For State Department travel warnings and advisories, go to travel.state.gov/travel/warnings.html. For foreign health requirements and dangers, go to www.cdc.gov/travel/index.htm. Other information relating to particular international destinations can be found at www.tsa.gov, www.faa.gov, www.treas.gov/ofac, or www.customs.gov. You hereby release the Covered Parties from any claims resulting in whole or in part from any problem covered in this paragraph and any other causes not within our control.

BY OFFERING OR FACILITATING TRAVEL TO PARTICULAR INTERNATIONAL DESTINATIONS, WE DO NOT REPRESENT OR WARRANT THAT TRAVEL TO SUCH POINTS IS ADVISABLE OR WITHOUT RISK, AND WE SHALL NOT BE LIABLE FOR DAMAGES OR LOSSES THAT MAY RESULT FROM TRAVEL TO SUCH DESTINATIONS.

You agree to abide by the terms or conditions of purchase imposed by any Travel Supplier, whether that Travel Supplier is selected by you or by priceline.com, including, but not limited to, payment of all amounts when due and compliance with the Travel Supplier's rules and restrictions regarding availability and use of fares, products, or services. You understand that any violation of any such Travel Supplier's conditions of purchase may result in cancellation of your reservation(s) or purchase(s), in your being denied access to any flights, hotels, or automobiles, in your forfeiting any monies paid for such reservation(s) or purchase(s), and in priceline.com debiting your account for any costs priceline.com incurs as a result of such violation. You shall be completely responsible for all charges, fees, duties, taxes, and assessments arising out of the use of this Site.

## B. Airline Service Restrictions

**General**

Airline tickets available through this Site are subject to the published conditions of carriage and rules of the applicable airline. The contract of carriage in use by the applicable airline, when issued, shall be between the applicable airline and the passenger. Airlines retain the right to adjust flight times and schedules at any time - schedule changes can result in an itinerary that falls outside of contractual agreements.

**Non-Use of Flight Segments**

You agree not to purchase a ticket or tickets containing flight segments that you will not be using, such as a "point-beyond", "hidden-city", or "back-to-back tickets". You further agree not to purchase a round-trip ticket that you plan to use only for one-way travel. You acknowledge that the airlines generally prohibit all such tickets, and therefore we do not guarantee that the airline will honor your ticket or tickets. You agree to indemnify the Covered Parties against airline claims for the difference between the full fare of your actual itinerary and the value of the ticket or tickets that you purchased.

**Name Your Own Price® Airline Services**

In addition, the following restrictions apply to priceline.com's Name Your Own Price® airline service:

i.   All tickets are non-refundable, non-endorsable and non-changeable. At the time your Request is accepted, your method of payment will be charged for the amount shown, regardless of whether or not the airline ticket is used. Credit will not be given for any unused airline tickets and cannot be used toward any future purchases;

ii.  Once a priceline.com Request is submitted, it cannot be modified by you;

iii. All travel will be round-trip with no unscheduled stopovers or open-jaw travel (i.e. destination of outbound flight and origin of return flight are not the same) permitted. If you do not use one of the flights in your reservation, the airline will cancel your remaining itinerary;

iv.  Frequent Flyer mileage and upgrades will not be permitted. Standbys and other uses of frequent flyer miles will not be permitted; and

v.   All tickets will be issued for Economy class only.

If you submit a Name Your Own Price® Request for airline tickets, you agree that if tickets satisfying your Name Your Own Price® Request are located, the amount of the submitted Name Your Own Price® Request, and all taxes, charges, surcharges, shipping/handling and/or processing or other fees, which are described in more detail in the click through "Taxes and Fees" will be automatically charged to the method of payment you provided to priceline.com. The "Total Trip Cost" will be disclosed to you before you submit your Request. Our fee for fulfilling a Request is included in the amount of your Request. In addition, we charge a separate and additional processing fee, which is included in the "Taxes and Fees" amount disclosed to you.

**C. Hotel Service Restrictions**

**General**

Hotel room bookings made available through priceline.com's hotel service are subject to the disclosed terms and conditions of the applicable hotel.

The "Total Charges" that you will pay for using our hotel service will always be disclosed to you before you submit your Request.

**Charges for Taxes and Service Fees:** In connection with facilitating your hotel transaction, we will charge your method of payment for Taxes and for Service Fees. This charge includes an estimated amount to recover the amount we pay to the hotel in connection with your reservation for taxes owed by the hotel including, without limitation, sales and use tax, occupancy tax, room tax, excise tax, value added tax and/or other similar taxes. The amount paid to the hotel in connection with your reservation for taxes may vary from the amount we estimate and include in the charge to you. The balance of the charge for Taxes and Service Fees is a fee we retain as part of the compensation for our services and to cover the costs of your reservation, including, for example, customer service costs. The charge for Taxes and Service Fees varies based on a number of factors including, without limitation, the amount we pay the hotel and the location of the hotel where you will be staying.

We are not the vendor collecting and remitting taxes to the applicable taxing authorities. Our hotel suppliers, as vendors, bill all applicable taxes to us and we pay over such amounts directly to the vendors. We are not a co-vendor associated with the vendor with whom we book or reserve our customer's travel arrangements. Taxability and the appropriate tax rate and the type of applicable taxes vary greatly by location.

Depending on the city and property you stay in, you may also be charged resort fees or other incidental fees, such as parking charges. These charges, if applicable, are payable by you to the hotel directly at checkout. When you check in, a credit card or, in the hotel's discretion, a debit card, will be required to secure these charges and any incidental fees (phone calls, room service, movie rentals, etc.) that you may incur during your stay.

**Late Arrival and Failure to Check-in on First Night:** If you are going to be delayed or find that you cannot check in to your hotel on the date you requested, you should contact the hotel to let them know. If you fail to check in to your hotel on the day of your reservation and do not alert the hotel, the remaining portion of your reservation will be canceled and you will not be entitled to a refund.

**Special Needs:** If you have special needs (e.g., wheelchair accessible room) you must call the hotel and verify that special needs can be met. Your hotel reservation will be refunded, canceled or modified if special handicapped needs cannot be met.

**Must be 21 Years of Age:** The guest on the reservation must be 21 years or older to check into the hotel.

**Frequent Traveler Points:** Frequent traveler points, upgrades, certificate vouchers and other discounts or incentives may not apply to priceline.com's hotel service.

### Name Your Own Price® Hotel Service

**Additional Restrictions.** In addition to any restrictions described above, the following restrictions apply to priceline.com's Name Your Own Price® hotel service:

  i.   All hotel reservations are non-cancelable, non-refundable, non-changeable and non-transferable by you. Once you purchase a reservation, your method of payment will be charged for the amount shown - regardless of whether or not the reservation is used. Credit will not be given for any unused reservations and cannot be used toward any future purchases;

  ii.  Once a priceline.com Request is submitted, it cannot be modified by you; and

  iii. Upon check-in, guests must present a valid ID and credit card or, in the hotel's discretion, debit card, in their name that is consistent with the transactional details provided to priceline.com (the amount of available credit required will vary by hotel). Debit cards may not be accepted.

We or the applicable hotel may, on an exception basis and at the request of the hotel guest, waive one or more of the restrictions after the hotel room has been booked. We may, in our discretion, impose

additional obligations and/or fees in connection with any such waiver. No User waiver requests will be accepted or considered prior to or as part of a Request.

You agree that if a priceline.com accepts your offer, priceline.com will confirm the reservation and charge the entire amount of the stay, including applicable Taxes and Service Fees (as described above) disclosed to you before submitting an offer, to your method of payment. The price you name is per night and does not include priceline.com's charge to you for Taxes and Service Fees.

**Hotel Accommodations and Special Requests:** All Name Your Own Price® hotel reservations are guaranteed for double occupancy (one double bed or two twin beds). Priceline.com requests that our hotel suppliers provide non-smoking rooms. However room assignments are based on hotel availability and are at the hotel's discretion. We cannot guarantee a non-smoking room, nor can we guarantee you will have one bed or two. If you have special requests (such as smoking room, pet accommodations, type of bedding, connecting rooms, view, floor location, etc.), you must call the hotel and verify that special requests can be met after your reservation is confirmed. Priceline.com makes no guarantee that special requests will be met. A hotel reservation cannot be refunded, canceled or modified on the basis that a special request was not (or could not be) met by the hotel.

**Hotel Star Ratings:** Priceline.com's star rating system is provided for your reference. Like other well-known hotel rating systems, priceline considers a number of factors in evaluating the quality of participating hotels such as: amenities, facilities, reputation, brand, other rating services, customer feedback from guests who have stayed at the hotel, etc., to assign a single star rating. Priceline.com screens participating hotels carefully and updates our information periodically to ensure the validity of our ratings. Our ratings systems may sometimes differ from those of other rating systems that you may be familiar with. We do not warrant or guarantee that our star rating system is equal to or consistent with any other star rating system.

When using our Name Your Own Price® service, Priceline.com will book your reservation in a property with at least an equal or higher star level than you requested. Please note that it is possible that the hotel you are booked in could be a Resort or Boutique hotel, which will at least meet the minimum qualifications of the star level you initially requested.

**Median Retail Price:** The "median retail price" which we may display to you is the median of the lowest rates our participating hotels are offering to the general public for the travel dates you selected based on information our hotel suppliers have loaded into our global distribution system. These rates are based on the quality level you chose, the city, and the area you selected. These rates are recorded at the time of booking and do not include rates that are restricted to membership programs (such as AAA, AARP, etc.), Government rates, negotiated corporate rates, etc. Although we routinely review this data, we make no guarantee or warranty, either express or implied, with respect to the accuracy or completeness of the data used or provided. Further, we make no guarantee or warranty that a room will be available below or within the disclosed price range. The ranges are provided to you solely for information purposes and are not actual rates. All hotel pricing information available on this Site is subject to change without notice.

**D. Rental Car Service Restrictions**

**General**

Vehicle rentals available through this Site are subject to standard rental contracts of the car rental companies, which will be completed by you at the time of pick-up of a vehicle.

The "Total Charges" that you will pay for using our Name Your Own Price® rental car service will always be disclosed to you before you submit your Request.

**Charges for Taxes and Service Fees:** In connection with facilitating your Name Your Own Price® rental car transaction, we will charge your method of payment, in addition to the price you name, a charge for Taxes and Fees (an amount that will always be disclosed to you before you elect to proceed). This

charge includes an amount to recover the amount we pay to the rental car supplier in connection with your reservation for taxes, fees and surcharges owed by the rental car supplier including, without limitation, sales and use tax, excise tax, value added tax, airport or facility taxes, surcharges or fees and/or other similar taxes, surcharges or fees. The amount of this charge is intended by us to be sufficient to cover the maximum amount we may be required to pay to a rental car supplier, and may be greater or less than the amount we actually pay the rental car supplier in connection with your reservation for taxes, fees and surcharges. The balance of the charge for Taxes and Fees is a fee which we retain as part of the compensation for our services and to cover the costs of your reservation, including, for example, customer service costs and additional fees which may be charged from time to time by the rental car suppliers. The charge for Taxes and Fees varies based on a number of factors, including, without limitation, the amount you pay to priceline.com and the location at which you will pick-up your car from the rental car supplier.

We are not the vendor collecting and remitting taxes to the applicable taxing authorities. The rental car companies, as vendors, bill all applicable taxes to us and we pay over such amounts directly to the vendors. We are not a co-vendor associated with the vendor with whom we reserve our customer's travel arrangements. Taxability and the appropriate tax rate and the type of applicable taxes vary greatly by location.

In connection with facilitating your price-disclosed rental car transaction (i.e., those transactions where you do not "Name Your Own Price®"), we will provide you with a breakdown of the estimated taxes, fees and surcharges that may apply to your transaction. We will not charge you for these taxes, fees and surcharges, but the car rental supplier will charge you taxes, fees and surcharges at the time you rent your car.

## Name Your Own Price® Rental Car Service

Additional Restrictions. In addition, the following restrictions will apply to rental car Requests made using our Name Your Own Price® service:

a. If priceline.com finds a rental car company willing to accept your Request, priceline.com will immediately charge your method of payment the total cost of the rental transaction including applicable Taxes and Service Fees (see above);

b. Priceline.com rental car reservations are non-changeable, non-endorsable, non-transferable and non-refundable;

c. Valid Driver's License AND credit card or, in the rental car company's discretion, debit card, which is consistent with the transactional details provided to priceline.com, must be presented when a vehicle is picked-up at the designated location;

d. When picking up the vehicle, a credit card or, in the rental car company's discretion, debit card, will be required to pay for any additional ancillary charges (including insurance, child seats, gas, etc.). Debit cards may not be accepted;

e. Priceline.com does NOT provide rental car insurance. It is the customer's sole responsibility to determine the applicability and eligibility of any pre-existing insurance coverage. Priceline.com's car rental suppliers generally offer several insurance alternatives as incremental and completely distinct transactions with the customer agreed to at the time of pick-up;

f. All rentals will include Time and Mileage ("T&M"), as well as all Taxes, Fees, and Surcharges ("TFS") associated with the T&M for the rental based on the timing and pick-up/drop-off of the rental; and

g. Express service and loyalty programs (frequent flyer points, frequent rental points, etc.) are not applicable to priceline.com rentals.

We may, on an exception basis and at the request of the customer, waive the restrictions identified above after the rental has been reserved. We may, in our discretion, impose additional obligations and/or fees in connection with any such waiver. No User waiver requests will be accepted or considered prior to or as part of a priceline.com Request.

## E. Vacation Package Restrictions

Vacation packages available through this Site will be subject to the published conditions of carriage and, as applicable, rules of the applicable airline, hotel, car rental company or attractions and services provider. The following restrictions will apply:

i. Any package including an airline ticket purchase is subject to the restrictions listed in the Airline Service Restrictions section above;

ii. Any package including a hotel purchase is subject to the restrictions listed in the Hotel Service Restrictions section above;

iii. Any package including a car rental purchase is subject to the restrictions listed in the Car Rental Service Restrictions section above; and

iv. Any package including a tour or attraction purchase is subject to the restrictions listed in the Tours and Attractions section below and is subject to the restrictions set forth by the tour and attraction provider.

## F. Tours and Attractions Restrictions

The following Tours and Attractions restrictions ("T & A Restrictions") shall apply to a voucher ("Voucher") issued by Priceline to you ("You") in connection with an attraction or service ("Attraction") operated by an independent operator ("Attraction Operator") of such Attraction. You must be at least 18 years of age and able to enter into binding contracts. You shall be deemed to have the authority to act on behalf of and to bind the person named on the Voucher to these T & A Restrictions. Acceptance or usage of a Voucher shall be deemed as the acceptance by You and the person named on the Voucher to these T & A Restrictions.

i. A Voucher, when issued by Priceline and presented to the Attraction Operator, shall entitle the person named on the Voucher, subject to these T & A Restrictions, to use the Attraction described in the Voucher. The Attraction Operator will verify the identity of the person named on the Voucher prior to accepting the Voucher; and may require a signature from such named person. The person named on the Voucher will be required to present a government-issued photo ID to the Attraction Operator. Admission to the Attraction will be denied if the Voucher and a matching photo ID are not provided to the Attraction Operator.

ii. A Voucher will be valid only on the dates indicated on the Voucher and shall expire on the later of those dates. A Voucher may not be redeemed outside of the dates indicated on the Voucher.

iii. Upon issuance of a Voucher by Priceline, Your credit card shall be charged for the full amount immediately. The total price charged will include all taxes and fees. Gratuities and incidental charges, such as parking, food and drink, unless otherwise specified, are not included.

iv. A Voucher is valid for redemption only by the person named on a Voucher. A Voucher has no cash value and cannot be assigned, or transferred, in whole or in part.

v. The issuance of a Voucher by Priceline is final. There are no refunds, credits, exchanges, or cancellations of a Voucher once it has been issued by Priceline. A Voucher is like cash - a destroyed, lost or stolen Voucher cannot be reprinted, reissued or refunded. A Voucher may be redeemed only once and only by the Attraction Operator. Before purchasing a Voucher, You

should confirm that the information that a Voucher contains in is accurate.

vi. An Attraction may not be appropriate for all ages or for individuals with certain medical conditions. Usage of an Attraction may be subject to codes, rules or regulations (collectively, "Attraction Rules") established by the Attraction Operator. Failure to comply with such Attraction Rules may result in denial of admission to or removal from the Attraction. Other restrictions, terms and conditions may apply. You should contact the Attraction Operator for details.

vii. Priceline is not responsible for any technical, printing, typographical or other errors associated with the description, depiction, availability, or pricing of an Attraction. Availability and price quotations for an Attraction are subject to change without notice until a Voucher has been issued. Prices listed on a Voucher are per person, unless otherwise specified.

viii. Attraction availability may change after a Voucher is issued. When Priceline is informed in advance of a significant change to the availability of an Attraction, Priceline will use reasonable efforts to notify You. In the event an Attraction is canceled, rescheduled or postponed by the Attraction Operator, You should immediately contact Priceline.

ix. Priceline reserves the right to modify and otherwise change these T & A Restrictions at its own discretion. Except as provided for in the preceding sentence, no amendment, modification or waiver to these T & A Restrictions shall be binding on Priceline unless made in writing and signed by an authorized officer of Priceline.

x. The Attraction Operator is an independent contractor of an attraction consolidator. The attraction consolidator is an independent contractor of Priceline. The Attraction Operator or the attraction consolidator, and their owners, operators, contractors, and employees are not agents or legal representatives of Priceline for any purpose and have no authority to act for, bind or commit Priceline. The Attraction Operator, and its owners, operators, contractors and employees are solely responsible for the use and operation of the Attraction, and all actions or events occurring prior to, during, at or after, the Attraction.

xi. **YOU ACKNOWLEDGE THAT THE USE OR ENJOYMENT OF THE ATTRACTION MAY BE HAZARDOUS AND INHERENTLY RISKY, AND, TO THE MAXIMUM EXTENT PERMITTED BY LAW, YOU AND THE PERSON NAMED ON THE VOUCHER WILL ASSUME ALL RISK OF INJURY OR DEATH ARISING OUT OF OR IN CONNECTION WITH THE USE AND OPERATION OF THE ATTRACTION, AND ALL ACTIONS OR EVENTS OCCURRING PRIOR TO, DURING, AT OR AFTER, THE ATTRACTION.**

xii. **TO THE MAXIMUM EXTENT PERMITTED BY LAW, PRICELINE SHALL HAVE NO LIABILITY FOR ANY PERSONAL INJURY OR DEATH; LOST, STOLEN, DAMAGED OR DESTROYED PROPERTY; OR OTHER LIABILITY ARISING OUT OF OR IN CONNECTION WITH THE USE AND OPERATION OF THE ATTRACTION, AND ALL ACTIONS OR EVENTS OCCURRING PRIOR TO, DURING, AT OR AFTER, THE ATTRACTION.**

xiii. These T & A Restrictions constitute the entire and only understanding between the parties, and replace any prior understandings or agreements (whether oral or written) relating to the subject matter hereof. The failure of Priceline to exercise any of its rights, shall not be construed as a waiver or relinquishment of the future performance of any of its rights, and Your obligations with respect to such future performance shall continue in full force and effect.

## G. Travel Service Disclosures

*For California Residents:*

Priceline.com is a seller of travel in the State of California (CST 2040530-50). Registration as a Seller of Travel does not constitute approval by the State of California.

Priceline.com is not a participant in the California Travel Consumer Restitution Fund.

California law requires certain sellers of travel to have a trust account or bond. Priceline.com has a bond issued by Merchants Bonding Company in the amount of $10,000.

*For Florida Residents:*

Priceline.com is registered with the State of Florida as a Seller of Travel. Registration No. ST-32150.

*For Washington Residents:*

Priceline.com is registered with the State of Washington as a Seller of Travel. Registration No. 601 875 582.

*For Nevada Residents:*

Priceline.com is registered with the State of Nevada as a Seller of Travel. Registration No. 2002-0570.

*For Alaska Residents:*

Priceline.com is registered with the State of Alaska as a Seller of Travel. Registration No. 280316.

*For Ohio Residents:*

Priceline.com is registered with the State of Ohio as a Seller of Travel. Registration No. 8889077.

*For Iowa Residents:*

Priceline.com is registered with the State of Iowa as a Seller of Travel. Registration No. 624.

*For Hawaii Residents:*

Priceline.com is registered with the State of Hawaii as a Seller of Travel. TAR 5946.

Close Window

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

10
11
12
13

GLEN HAUER, an individual, on behalf of
himself, the general public, and those
similarly situated,

                              Plaintiff,

        v.

14
15
16
17
18

PRICELINE.COM INCORPORATED, a
foreign corporation; ALAMO RENT-A-
CAR LLC, a foreign limited liability
company; VANGUARD CAR RENTAL
USA, INC., a foreign corporation; and
DOES 1 through 50

                              Defendant.

CASE NO.      CV 08-02608 JSW

The Honorable Jeffrey S. White

**[PROPOSED] ORDER RE MOTION TO
DISMISS AND STRIKE ALLEGATIONS IN
FIRST AMENDED COMPLAINT**

Date:    September 19, 2008
Time:    9:00 a.m.
Place:   17th Floor

Amended Class Action Complaint Filed:
June 9, 2008

19

20        The motion by Defendant Priceline.com Inc. ("Priceline") to dismiss the First, Second,

21   Third, and Fifth Claims alleged in the First Amended Class Action Complaint filed by Plaintiff

22   pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike Plaintiff's claim for

23   consequential, punitive, and exemplary damages pursuant to Federal Rule of Civil Procedure 12(f),

24   came on regularly for hearing on September 19, 2008 at 9:00am in the above-captioned court, the

25   Hon. Jeffrey S. White presiding.

26        Having considered all of the pleadings and papers on file in this action, the moving and

27   opposing papers and all exhibits attached thereto, and the oral argument of counsel, the Court has

28   determined that good cause exists in support of such motion as set forth herein:

1    IT IS HEREBY ORDERED THAT:

2    Priceline's motion to dismiss is GRANTED because Plaintiff's First, Second, Third, and

3    Fifth Claims fail to state a claim upon which relief can be granted.

4    IT IS FURTHER ORDERED THAT:

5    Priceline's motion to strike Plaintiff's claim for consequential, punitive, and exemplary

6    damages is GRANTED.

7

8    DATED:  September __, 2008

9                                                    By: _____

10                                                        The Honorable Jeffrey S. White
                                                         Judge, United States District Court

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28