1  FOLGER LEVIN & KAHN LLP
   Gregory D. Call (CSB No. 120483, gcall@flk.com)
2  Jiyun Cameron Lee (CSB No. 161667, jlee@flk.com)
   Trina D. McAlister (CSB No. 253139, tmcalister@flk.com)
3  Embarcadero Center West
   275 Battery Street, 23rd Floor
4  San Francisco, CA  94111
   Telephone: (415) 986-2800
5  Facsimile: (415) 986-2827

6  Attorneys for Defendants Alamo Rental (US) Inc.
   and Vanguard Car Rental USA, Inc.

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12  GLEN HAUER, an individual, on behalf of        Case No. CV 08 2608 (JSW)
    himself, the general public and those
13  similarly situated,                            **NOTICE OF MOTION AND MOTION TO**
                                                   **DISMISS PLAINTIFF'S AMENDED**
14              Plaintiff,                          **CLASS ACTION COMPLAINT OR, IN**
                                                   **THE ALTERNATIVE, TO STRIKE CLASS**
15         v.                                      **ALLEGATIONS BY DEFENDANTS**
                                                   **ALAMO RENTAL (US) INC. AND**
16  PRICELINE.COM INCORPORATED, a                  **VANGUARD CAR RENTAL USA, INC.**
    foreign corporation; ALAMO RENT-A-
17  CAR LLC, a foreign limited liability           Amended Class Action
    company; and VANGUARD CAR                       Complaint Filed:  June 9, 2008
18  RENTAL USA, INC., a foreign
    corporation,                                   Date:       September 19, 2008
19                                                 Time:       9:00 a.m.
                Defendants.                        Judge:      Honorable Jeffrey S. White
20

21

22

23

24

25

26

27

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

**TABLE OF CONTENTS**

**Page**

STATEMENT OF RELIEF SOUGHT ..................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................... 1

    I.     INTRODUCTION ....................................................................................... 1

    II.    SUMMARY OF ARGUMENT .................................................................... 2

    III.   FACTS AS ALLEGED IN THE FAC ......................................................... 3

        A.    Plaintiff Entered Into A Contract With Priceline ....................................... 3

        B.    Alamo Did Not Play Any Role In Plaintiff's Booking Decision ................ 3

        C.    Plaintiff's Only Contact With Alamo Occurred In Albuquerque, New Mexico .............................................................................................. 4

        D.    The Basis For Plaintiff's Class Allegations Is That Priceline Allegedly Fails To Transfer Reservations To Its Rental Car Partners ........ 4

    IV.   LEGAL ARGUMENT ................................................................................. 5

        A.    The Court Should Dismiss Plaintiff's Amended Complaint As To Alamo Because Plaintiff Fails To Identify Any Allegedly Wrongful Act By Alamo ............................................................................................ 5

        B.    As A Matter Of Law, Each Of Plaintiff's Claims Fails Against Alamo ........................................................................................................ 6

        C.    Plaintiff's Statutory Claims Against Alamo Must Be Dismissed For The Additional Reason That Plaintiff Impermissibly Construes California Statutes To Reach Conduct And Injury That Occurred In New Mexico ............................................................................................ 11

        D.    The Court Should Strike Class Allegations Against Alamo .................... 15

    V.    CONCLUSION.......................................................................................... 15

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-i-

NOTICE OF MOTION AND MOTION TO DISMISS OR
STRIKE BY ALAMO AND VANGUARD
CASE NO. CV 08 2608 (JSW)

# TABLE OF AUTHORITIES

**Page**

## CASES

*Bigelow v. Virginia*
421 U.S. 809 (1975) .................................................................................................. 14, 15

*Bradstreet v. Wong*
161 Cal. App. 4th 1440 (2008) ........................................................................................ 8

*Buckland v. Threshold Enters., Ltd.*
155 Cal. App. 4th 798 (2007) .............................................................................. 2, 7, 8, 9

*Cahill v. Liberty Mut. Ins. Co.*
80 F.3d 336 (9th Cir. 1996) ............................................................................................. 5

*Campbell v. Arco Marine, Inc.*
42 Cal. App. 4th 1850 (1996) ........................................................................................ 12

*Cattie v. Wal-Mart Stores, Inc.*
504 F. Supp. 2d 939 (S.D. Cal. 2007) .......................................................................... 8, 9

*Cholla Ready Mix, Inc. v. Civish*
382 F.3d 969 (9th Cir. 2004) ........................................................................................... 5

*Churchill Vill. LLC v. Gen'l Elec. Co.*
169 F. Supp. 2d 1119 (N.D. Cal. 2000) ..................................................................... 11, 13

*Coupon Clearing Serv., Inc.*
113 F.3d 1091 (9th Cir. 1997) .......................................................................................... 6

*Daro v. Superior Court*
151 Cal. App. 4th 1079 (Ct. App. 2007) ........................................................................... 9

*Easter v. American West Financial*
381 F.2d 948 (9th Cir. 2004) .......................................................................................... 15

*Edgar v. MITE Corp.*
457 U.S. 624 (1982) ...................................................................................................... 14

*Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg.*
485 U.S. 568 (1988) ...................................................................................................... 13

*Gauvin v. Trombatore*
682 F. Supp. 1067 (N.D. Cal. 1988) ................................................................................. 6

*Hall v. Time, Inc.*
158 Cal. App. 4th 847 (2008) ........................................................................................... 8

*J.P. Morgan & Co. v. Superior Court*
113 Cal. App. 4th 195 (Ct. App. 2003) ............................................................................ 11

*Kamm v. Cal. City Dev. Co.*
509 F.2d 205 (9th Cir. 1975) .......................................................................................... 15

*Korea Supply Co. v. Lockheed Martin Corp.*
29 Cal. 4th 1134 (2003) ................................................................................................... 8

*Lazar v. Superior Court*
12 Cal. 4th 631 (1996) ................................................................................................... 10

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-ii-

NOTICE OF MOTION AND MOTION TO DISMISS OR
STRIKE BY ALAMO AND VANGUARD
CASE NO. CV 08 2608 (JSW)

1

**TABLE OF AUTHORITIES**
**(continued)**

2

**Page**

3

*Nordberg v. Trilegiant Corp.*
   445 F. Supp. 2d 1082 (N.D. Cal. 2006) .................................................................... 2, 6, 13

4

*Norwest Mortgage, Inc. v. Superior Court*
   72 Cal. App. 4th 214  (Ct. App. 1999) ............................................................................. 12

5

*O'Brien v. Camisasca Auto. Mfg., Inc.*
   161 Cal. App. 4th 388 (2008) ...................................................................................... 2, 8, 9

6

*Orsoco v. Sun-Diamond Corp.*
   51 Cal. App. 4th 1659 (Ct. App. 1997) ............................................................................. 6

7

*Pete's Brewing Co. v. Whitehead*
   19 F. Supp. 2d 1004  (W.D. Mo. 1998) ............................................................................ 15

8

*Sagent Tech., Inc., Derivative Litig.*
   278 F. Supp. 2d 1079 (N.D. Cal. 2003) .............................................................................. 6

9

*Southern Pac. Co. v. Arizona*
   325 U.S. 761 (1945) .................................................................................................... 3, 14

10

*Speyer v. Avis Rent A Car Sys., Inc.*
   415 F. Supp. 2d 1090 (S.D. Cal. 2005) ......................................................................... 2, 12

11

*State Farm Mut. Auto. Ins. Co. v. Campbell*
   538 U.S. 408 (2003) .......................................................................................................... 14

12

*Vess v. Ciba-Geigy Corp., USA*
   317 F.3d 1097 (9th Cir. 2003) .................................................................................... 2, 7, 11

13

*Yu v. Signet Bank/Virginia*
   69 Cal. App. 4th 1377 (Ct. App. 1999) ............................................................................. 12

14

**STATUTES**

15

California Business and Professions Code
   § 17200 ................................................................................................................................ 13
   § 17203 ................................................................................................................................ 12

16

California Civil Code
   § 1770(a) ............................................................................................................................. 12
   § 1780(a)(1) ........................................................................................................................... 9
   § 17500 .................................................................................................................................. 2,

17

Federal Rules of Civil Procedure
   8(a)(2) .................................................................................................................................... 6
   9(b) ................................................................................................................................ 10, 11
   23(d)(1)(D) .......................................................................................................................... 15

18

19

20

21

22

23

24

25

26

27

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-iii-

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S AMENDED CLASS ACTION;
CASE NO. CV 08 2608 (JSW)

1

**NOTICE OF MOTION**

2          Defendants Alamo Rental (US) Inc.[1] and Vanguard Car Rental USA, Inc. (collectively,

3    "Alamo") hereby give notice that on Friday, September 19, 2008, at 9:00 a.m., a hearing will be

4    held in Courtroom 2 of this Court at 450 Golden Gate Avenue in San Francisco, California,

5    94102, on Alamo's motion to dismiss the Amended Class Action Complaint filed by plaintiff

6    Glen Hauer ("Plaintiff") or, in the alternative, to strike class allegations.

7

**STATEMENT OF RELIEF SOUGHT**

8          Pursuant to Federal Rule of Civil Procedure 12(b)(6), Alamo moves the Court for an order

9    dismissing the Amended Class Action Complaint in its entirety against Alamo for failure to state

10   a claim upon which relief can be granted.  In the alternative, Alamo requests that the Court strike

11   all class allegations against Alamo.

12

**MEMORANDUM OF POINTS AND AUTHORITIES**

13   **I.     INTRODUCTION**

14          Plaintiff's Amended Class Action Complaint ("FAC" or "Amended Complaint") consists

15   entirely of allegations regarding Defendant Priceline.com, Inc. ("Priceline").  Plaintiff alleges he

16   relied on representations Priceline made, entered into a contract with Priceline for a rental car via

17   Priceline's website, and that Priceline failed to give him a refund when he was not able to obtain

18   the rental car Priceline promised him.

19          Plaintiff's only allegations regarding Alamo boil down to this:  When Plaintiff arrived on

20   November 22, 2007 at the Alamo rental counter in Albuquerque International Airport ("Alamo

21   Albuquerque Branch") to get the car he paid for on Priceline, the Alamo agent indicated Alamo

22   had a record of his reservation, but no record of his payment.  The Alamo agent then offered

23   Plaintiff a different rental car than the one he reserved through Priceline.

24          Plaintiff alleges that the cause of his problem was Priceline.  Relying solely on a statement

25   allegedly made by the Alamo agent who was working at the Albuquerque Branch on the evening

26   of November 22, Plaintiff contends that Priceline fails to properly transfer reservations to the

27   ───────────────────
          [1] Plaintiff incorrectly named Alamo Rent-A-Car LLC, which dissolved in 2005.  Alamo
28   Rental (US) Inc. is the correct entity, and the one that brings this motion.

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-1-

NOTICE OF MOTION AND MOTION TO DISMISS OR
STRIKE BY ALAMO AND VANGUARD
CASE NO. CV 08 2608 (JSW)

1    Alamo Albuquerque Branch in up to 40% of cases.

2          Based on the above facts and without identifying any allegedly wrongful conduct on the

3    part of Alamo, Plaintiff has named Alamo as a defendant in this class action.  He alleges

4    violations of Sections 17200 ("UCL") and 17500 (the false advertising law or "FAL") of the

5    California Business and Professions Code; violation of the California Consumer Legal Remedies

6    Act ("CLRA"), California Civil Code § 1750 *et seq.*; breach of contract; and fraud, deceit, and/or

7    misrepresentation.

8    **II.    SUMMARY OF ARGUMENT**

9          Alamo now brings this Motion to Dismiss based on the following four grounds.

10          First, Plaintiff has not alleged any wrongful act by Alamo.  The crux of Plaintiff's claims

11    is that Priceline failed to provide him with the car he paid for, and Plaintiff cannot bootstrap his

12    claims against Alamo to his claims against Priceline based on vague and unsubstantiated

13    boilerplate allegations that the two were somehow acting together in concert.  *See Nordberg v.*

14    *Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1101-03 (N.D. Cal. 2006).

15          Second, Plaintiff has not pled the necessary elements for any of his causes of action

16    against Alamo.  Plaintiff's UCL and FAL claims fail because he lacks standing to bring these

17    claims and is not entitled to the remedies under these statutes.  *See O'Brien v. Camisasca Auto.*

18    *Mfg., Inc.*, 161 Cal. App. 4th 388, 393 (2008).  Plaintiff's CLRA claim fails because he does not,

19    and cannot, allege Alamo made any misrepresentations that caused him any harm.  *See Buckland*

20    *v. Threshold Enters., Ltd.,* 155 Cal. App. 4th 798, 809 (2007).  Plaintiff's breach of contract claim

21    fails because he alleges he entered into a contract with Priceline, not Alamo.  Plaintiff's fraud

22    claim fails because he cannot allege with particularity that he relied on any misrepresentation by

23    Alamo.  *Vess v. Ciba-Geigy, USA*, 317 F.3d 1097, 1105 (9th Cir. 2003).

24          Third, Plaintiff's claims against Alamo under the UCL, the FAL, and the CLRA fail for

25    the additional reason that these California statutes should not be construed to reach conduct and

26    injury that occurred in New Mexico.  *Speyer v. Avis Rent A Car Sys., Inc.*, 415 F. Supp. 2d 1090,

27    1099 (S.D. Cal. 2005).  Regarding Alamo, Plaintiff only alleges conduct and injury in New

28    Mexico.  If California statutes can reach Alamo's rental branch in New Mexico, then the laws of

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

                                                    -2-                    NOTICE OF MOTION AND MOTION TO DISMISS OR
                                                                           STRIKE BY ALAMO AND VANGUARD;
                                                                           CASE NO. CV 08 2608 (JSW)

1   every other state could similarly be applied to the activities of that branch.  Such an expansive

2   application of California laws impermissibly burdens interstate commerce in violation of the

3   dormant Commerce Clause.  *Southern Pac. Co. v. Arizona*, 325 U.S. 761, 773 (1945).

4          Fourth, if any of Plaintiff's claims against Alamo survive this motion, the Court should

5   strike all claims Plaintiff makes on behalf of a purported subclass because there is no basis for

6   allowing a class action to proceed against Alamo and because Plaintiff is an inadequate class

7   representative.

8   **III.    FACTS AS ALLEGED IN THE FAC**

9          **A.     Plaintiff Entered Into A Contract With Priceline.**

10          Plaintiff alleges that on or about November 19, 2007, he entered into a contract with

11   Priceline using its "name your own price" rental car booking service.  (FAC, ¶ 19.)  A customer

12   using the "name your own price" service does not specify the rental car company with whom he

13   wishes to book.  Rather, as Plaintiff alleges, "Priceline advertises that if customers name their

14   own price, their 'rental car will be booked through one of the following companies (Alamo, Avis,

15   Budget, Hertz, or National).'"  (*Id.*, ¶ 18.)

16          On or about November 19, 2007, Plaintiff alleges he placed a bid of $15 per day for the

17   rental of an economy-sized car in Albuquerque, New Mexico, from November 22 through 25,

18   2007, using Priceline's "name your own price" booking service.  (*Id.*, ¶19.)  Priceline allegedly

19   accepted Plaintiff's bid and charged Plaintiff's credit card for the rental.  (*Id.*)

20          Plaintiff's reservation confirmation from Priceline identifies the rental car pick-up

21   location as the Alamo Albuquerque Branch.  (*Id.*, Exh. A.)  That confirmation demonstrates,

22   however, that Plaintiff booked the reservation with Priceline, not Alamo:  "Rental cars *purchased*

23   *through priceline.com* can not be cancelled or changed . . . ."  (*Id.* [emphasis added].)

24          **B.     Alamo Did Not Play Any Role In Plaintiff's Booking Decision.**

25          Plaintiff does not allege, because he cannot, that Alamo played any role in his booking

26   decision.  As alleged by Plaintiff, his only interaction was with Priceline.  (*Id.*, ¶ 19.)

27          Plaintiff alleges that Alamo's logo and the following representation appear on Priceline's

28   site:  "Alamo and priceline:  Priceline offers great deals to all Alamo locations.  Alamo has

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-3-

NOTICE OF MOTION AND MOTION TO DISMISS OR
STRIKE BY ALAMO AND VANGUARD;
CASE NO. CV 08 2608 (JSW)

1    teamed-up with priceline.com to provide the lowest rates for the most Alamo customers." (*Id.,* ¶

2    18.)  However, Plaintiff does not allege these alleged representations made any difference in his

3    booking decision because he cannot.  By his own admission, he used Priceline's blind "name your

4    own price" booking service and did not seek to reserve a car with Alamo. (*Id.,* ¶ 19.)

5           **C.     Plaintiff's Only Contact With Alamo Occurred In Albuquerque, New Mexico.**

6           Plaintiff's only contact with Alamo took place on November 22, 2007, in Albuquerque,

7    New Mexico.  Plaintiff alleges that on the evening of November 22, when he arrived at the Alamo

8    Albuquerque Branch to collect the car he booked with Priceline, the rental agent informed him

9    Alamo had a record of his reservation but not of his payment. (*Id.,* ¶ 20.)  The Alamo agent

10   advised Plaintiff that his reservation was for a full-size car, not an economy car, and that the only

11   car available was a minivan. (*Id.*)  The total cost of the rental was allegedly quoted to Plaintiff as

12   $206.10. (*Id.* and Exh. B).  Plaintiff declined the rental. (*Id.,* ¶ 22.)

13          Upon learning that the car he booked was not available, Plaintiff contacted Priceline but

14   Priceline failed to rectify the situation or provide him with any remedy. (*Id.,* ¶¶ 21, 24.)

15   Priceline's representative would not speak to the Alamo rental agent or agree that Priceline would

16   pay for a more expensive rental. (*Id.,* ¶ 21.)  Plaintiff alleges he ultimately left without any rental

17   car and that Priceline refused to refund the money he paid for the reservation or reimburse him for

18   any additional expenses. (*Id.,* ¶¶ 22, 24, 25.)  Plaintiff further alleges he filed a dispute regarding

19   the Priceline charge with his credit card company, but Priceline allegedly challenged the dispute

20   stating he was a "no show" at the rental counter. (*Id.,* ¶ 24 and Exh. C.)

21          **D.     The Basis For Plaintiff's Class Allegations Is That Priceline Allegedly Fails
                     To Transfer Reservations To Its Rental Car Partners.**
22

23          Plaintiff alleges his experience is not isolated but "systemic." (*Id*., ¶ 1.)  Plaintiff claims

24   Priceline improperly transfers reservations and then refuses to refund customers for the expenses

25   they incur from the incorrect reservations. (*Id.,* ¶ 25).  The sole basis for this allegation is a

26   statement allegedly made by the Alamo agent at the Alamo Albuquerque Branch on November

27   22, 2007.  According to Plaintiff, the agent stated that up to 40% of reservations made on

28   Priceline are improperly transferred to that Alamo location. (*Id.*)  Plaintiff further alleges that

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-4-                          NOTICE OF MOTION AND MOTION TO DISMISS OR
                            STRIKE BY ALAMO AND VANGUARD;
                            CASE NO. CV 08 2608 (JSW)

1   Priceline improperly transfers reservations to its other rental car partners. (*Id.,* ¶¶ 25-27.)

2   Plaintiff does not allege that any of Priceline's rental car partners participate in or cause the

3   improper transfer of reservations.

4   **IV.    LEGAL ARGUMENT**

5          **A.    The Court Should Dismiss Plaintiff's Amended Complaint As To Alamo
              Because Plaintiff Fails To Identify Any Allegedly Wrongful Act By Alamo.**
6

7          Plaintiff's Amended Complaint should be dismissed in its entirety as to Alamo for the

8   simple reason that the premise of the complaint is Priceline's alleged conduct. While Plaintiff

9   will no doubt attempt to bootstrap his claims against Alamo to his claims against Priceline, the

10  Court should reject all such attempts because there is no legal basis for doing so.[2]

11         **1.    The Factual Premise Of Plaintiff's Amended Complaint Is That
              Priceline, Not Alamo, Erred.**
12
          The crux of Plaintiff's action is that Priceline systematically fails to deliver rental cars
13
    paid for on its site by failing to transfer reservations to its rental car partners. Significantly,
14
    Plaintiff alleges he bid for a rental car on Priceline's website (FAC, ¶ 19), entered into a contract
15
    with Priceline (*id*. and Exh. A), and that Priceline failed to give him a refund when he was not
16
    able to secure a rental of the car Priceline promised him (i*d.,* ¶¶ 21, 24). All of the
17
    representations Plaintiff complains of were made by Priceline. (*Id.,* ¶¶ 17-18.) The alleged basis
18
    for Plaintiff's class allegations is that Priceline fails to transfer the rental car reservation
19
    information to its rental car partners. (*Id.,* ¶¶ 24, 25, 32(a).)
20
          Simply put, Alamo did not do anything wrong according to Plaintiff's allegations.
21
           **2.    Plaintiff Cannot Save His Claims By Relying On Unsubstantiated
              Allegations Of A Relationship Between Priceline and Alamo.**
22
23         Plaintiff's unsubstantiated allegations concerning some unspecified "agent and servant"

24
          _____
25         [2] In deciding a Rule 12(b)(6) motion, the Court must accept all well-pleaded factual
    allegations as true and determine whether a plaintiff can prove any set of facts to support a claim
26  that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996). The
    Court need not accept as true conclusory allegations, unreasonable inferences, unwarranted
27  deductions of fact, or legal conclusions cast as factual allegations if those conclusions cannot
    reasonably be drawn from the facts alleged. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973
28  (9th Cir. 2004).

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-5-

1  (*id.,* ¶ 7), "joint venture" (i*d.,* ¶ 8), or "aiding and abetting" (i*d.,* ¶ 10) relationship are insufficient

2  to save his claims against Alamo. *See Nordberg,* 445 F. Supp. 2d at 1101-03 (granting motion to

3  dismiss where plaintiffs did not support allegations of alter ego, joint enterprise, conspiracy,

4  agency, and aiding and abetting with specific facts about any actions taken by a company to

5  establish it should be found indirectly liable for its former subsidiary's wrongful acts under these

6  theories); *see also Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (lumping

7  together multiple defendants in one broad allegation fails to satisfy the notice requirement of Rule

8  8(a)(2)); *In re Sagent Tech., Inc., Derivative Litig.*, 278 F. Supp. 2d 1079, 1094-95 (N.D. Cal.

9  2003) (granting motion to dismiss because a complaint that lumps together individual defendants

10  fails to give fair notice of the claim to those defendants).

11      Here, there is no basis for asserting, for instance, an agency relationship or a joint venture

12  sufficient to render Alamo liable for Priceline's acts. The essential characteristics of an agency

13  relationship are:  (1) the agent's authority to act for the principal to bring it into legal relations

14  with third parties; and (2) the principal's degree of control over the agent.  *In re Coupon Clearing*

15  *Serv., Inc.*, 113 F.3d 1091, 1099 (9th Cir. 1997).  A joint venture, on the other hand, requires its

16  members to:  (1) have joint control over the venture; (2) share the profits of the undertaking; and

17  (3) have an ownership interest in the venture.  *Orsoco v. Sun-Diamond Corp.*, 51 Cal. App. 4th

18  1659, 1666 (Ct. App. 1997).  Plaintiff simply has no basis to allege any "degree of control" by

19  Alamo over Priceline to establish an agency relationship, nor can he allege any ownership interest

20  by Alamo in Priceline sufficient to establish a "joint venture."

21      Plaintiff's conclusory boilerplate allegations are insufficient.  Plaintiff cannot render

22  Alamo liable for Priceline's alleged failure to transmit his or any other reservation to Alamo.

23      **B.    As A Matter Of Law, Each Of Plaintiff's Claims Fails Against Alamo.**

24      An analysis of each of Plaintiff's five claims under the applicable legal standards further

25  confirms that he has no case against Alamo.

26      **1.    Plaintiff Fails To State A Claim Against Alamo Under The UCL Or
            The FAL.**

27

28      Plaintiff's first and second claims for relief under the UCL and the FAL should be

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-6-

NOTICE OF MOTION AND MOTION TO DISMISS OR
STRIKE BY ALAMO AND VANGUARD;
CASE NO. CV 08 2608 (JSW)

1   dismissed as to Alamo because Plaintiff does not allege Alamo committed any of the conduct

2   underlying these claims. Plaintiff lacks standing to pursue these claims against Alamo because he

3   cannot establish he suffered any cognizable injury as a result of Alamo's conduct, and he is not

4   entitled to any remedy from Alamo under these statutes.

5                    **a.      Plaintiff Does Not Allege That Alamo Committed Any Of The
                             Conduct Underlying His UCL And FAL Claims.**
6

7        The bases for Plaintiff's UCL claim are the following four categories of allegedly

    wrongful conduct:
8

9        •       "charging customers for rental cars but not providing the promised rental cars"
                 (FAC, ¶ 39(1));
10       •       "refusing to refund the amounts paid for the rental cars that were promised but not
                 provided" (*id.,* ¶ 39(2));
11       •       "refusing to compensate customers for additional expenses incurred as a result of
                 Defendant's failure to provide the promised rental cars" (*id.,* ¶ 39(3)); and
12       •       "failing to properly inform [its] rental car partners of the true nature and existence
                 of their reservations" (*id.,* ¶ 39).

13  None of these acts, however, were done by Alamo. (*See id.,* ¶¶ 19, 24-26.)

14       Plaintiff also does not allege Alamo made any of the allegedly untrue, false, deceptive,

15  and/or misleading statements underlying his FAL claim. According to the Amended Complaint,

16  Priceline allegedly made all of the representations underlying his claim. (*Id*., ¶¶ 48-50.)

17  Priceline represented its rental car rates are "discount," "low price," "great deals," "value-

18  conscious," "last minute deals," "weekend deals," and "cheap." (*Id.,* ¶ 17.) The "name your own

19  price" feature for rental car reservations is a feature offered by Priceline, not Alamo. (*Id*.)

20       Plaintiff's UCL and FAL claims against Alamo fail as a matter of law because Plaintiff

21  does not allege Alamo did not commit any of the conduct underlying the claims.[3]

22                   **b.      Plaintiff Lacks Standing To Bring UCL And FAL Claims
                             Against Alamo.**
23

24       Plaintiffs bringing UCL or FAL claims must establish both injury in fact and loss of

25  money or property as a result of the alleged unfair competition or false advertising. *Buckland,*

26       [3] Plaintiff's allegations of fraudulent conduct underlying his UCL and FAL claims fail for
    the additional reason that they do not meet Rule 9(b)'s heightened pleading requirement. *See*
27  *Vess,* 317 F.3d at 1105 (courts should disregard plaintiff's allegations of fraud underlying claims
    under the UCL, the FAL, and the CLRA if they fail to meet Rule 9(b)'s heightened pleading
28  requirement).

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

                                          -7-                NOTICE OF MOTION AND MOTION TO DISMISS OR
                                                            STRIKE BY ALAMO AND VANGUARD;
                                                            CASE NO. CV 08 2608 (JSW)

1   155 Cal. App. 4th at 819 (stating the UCL and the FAL have identical standing requirements).

2       As shown above, Plaintiff has not alleged that Alamo engaged in unfair competition or

3   false advertising, so he cannot establish any action by Alamo caused him to suffer the injury in

4   fact necessary for either claim.  Plaintiff cannot establish he lost any money or property a result of

5   unfair competition or false advertising by Alamo.  Plaintiff did not make a reservation with

6   Alamo, and Alamo never charged him any money. *See Hall v. Time, Inc.,* 158 Cal. App. 4th 847,

7   849 (2008) (affirming dismissal of complaint where plaintiff failed to allege that unfair

8   competition caused loss of money or property), *modified*, 2008 Cal. App. LEXIS 139 (Jan. 28,

9   2008).  Similarly, Plaintiff cannot establish he actually relied on a false or misleading statement

10  by Alamo, which is required to establish standing.  *See Cattie v. Wal-Mart Stores, Inc.,*  504 F.

11  Supp. 2d 939, 947 (S.D. Cal. 2007); *O'Brien*, 161 Cal. App. 4th at 400-02.

        **c.      Plaintiff Is Not Entitled To The Remedies Available Under the UCL Or The FAL.**

13      The UCL and the FAL only allow individuals to recover restitution and injunctive relief.

14  *Buckland*, 155 Cal. App. 4th at 819.  Even if Plaintiff could establish standing, his UCL and FAL

15  claims against Alamo would still fail because he is not entitled to either of these remedies.

16      Plaintiff is not entitled to restitution from Alamo because he does not allege that Alamo

17  received any money from him as a result of unfair competition or false advertising.  Plaintiff

18  cannot allege he ever paid any money to Alamo.  *See Korea Supply Co. v. Lockheed Martin

19  Corp*., 29 Cal. 4th 1134, 1147-49 (2003) (stating a plaintiff cannot recover money that the

20  defendant did not take directly from the plaintiff).  Although Plaintiff alleges he paid Priceline

21  money (FAC, ¶¶ 19, 24), he cannot seek restitution from Alamo of the amount by which Priceline

22  was purportedly enriched.  *See Bradstreet v. Wong,* 161 Cal. App. 4th 1440, 1460-61 (2008)

23  (holding plaintiff employees may not seek restitution from owners of defunct corporation for

24  unpaid wages where labor was provided to the corporation and not the owners).

25      Plaintiff is not entitled to an injunction against Alamo because he has not alleged Alamo

26  committed any of the conduct underlying his UCL and FAL claims.  Consequently, because

27  Alamo has not done anything wrong, no injunction against Alamo could possibly prevent further

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-8-

NOTICE OF MOTION AND MOTION TO DISMISS OR
STRIKE BY ALAMO AND VANGUARD;
CASE NO. CV 08 2608 (JSW)

1    purported violations.  *See Daro v. Superior Court,* 151 Cal. App. 4th 1079, 1098 (Ct. App. 2007)

2    (stating plaintiff must demonstrate that alleged violation of the UCL is likely to be redressed by

3    remedies available under the UCL).

4          Accordingly, the Court should dismiss Plaintiff's UCL and FAL claims against Alamo.

5          **2.    Plaintiff Fails To State A Claim Against Alamo Under The CLRA.**

6          Plaintiff's third claim for relief against Alamo under the CLRA is similarly defective.

7    Plaintiff's CLRA claim is based on the same conduct alleged to be wrongful under the UCL and

8    FAL.  (FAC, ¶¶ 63-67.)  As demonstrated above, Plaintiff alleges Priceline engaged in this

9    conduct, not Alamo.  Consequently, Plaintiff's CLRA claim must fail as to Alamo.

10         Even if Plaintiff had alleged a misrepresentation by Alamo (which he has not), his CLRA

11   claim would still fail because he cannot establish causation.  The CLRA expressly allows "[a]ny

12   consumer who suffers any damage *as a result of* the use or employment" of the practices

13   prohibited therein to bring an action.  Cal. Civ. Code § 1780(a)(1) (emphasis added).  Plaintiff

14   must thus show that Alamo's conduct actually caused him harm.  "Relief under the CLRA is

15   specifically limited to those who suffer damage, making causation a necessary element of proof.

16   Accordingly, plaintiffs in a CLRA action must show not only that a defendant's conduct was

17   deceptive but that the deception caused them harm."  *Buckland*, 155 Cal. App. 4th at 809 (internal

18   citations and quotations omitted); *see also O'Brien*, 161 Cal. App. 4th at 405 (plaintiff did not

19   have standing under the CLRA because he could not demonstrate he suffered damage as a result

20   of the alleged violations); *Cattie*, 504 F. Supp. 2d at 946 ("California requires a plaintiff suing

21   under the CLRA for misrepresentation . . . to plead and prove she *relied on* a *material*

22   misrepresentation.") (emphasis added).  Because Plaintiff cannot show that Alamo's conduct

23   actually caused him harm, he fails to state a claim under the CLRA.

24         **3.    Plaintiff Fails To State A Claim Against Alamo For Breach Of
                   Contract.**

25

26         Plaintiff's fourth claim for relief for breach of contract also fails because every factual

     allegation in the Amended Complaint regarding Plaintiff's contract makes it clear that Plaintiff

27   allegedly entered into a contract with Priceline, not Alamo.

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-9-

NOTICE OF MOTION AND MOTION TO DISMISS OR
STRIKE BY ALAMO AND VANGUARD;
CASE NO. CV 08 2608 (JSW)

1    Plaintiff's reservation confirmation was printed from Priceline's site, not Alamo's. (FAC,

2    Exh. A). While the confirmation from Priceline identifies the Alamo Albuquerque Branch as the

3    pick-up location for Plaintiff's rental car (*id.*), Plaintiff cannot allege his transaction was with

4    Alamo. As Plaintiff admits elsewhere, he obtained the reservation by placing a bid using

5    Priceline's "name your own price" booking service. (*Id.*, ¶ 19). Priceline allegedly charged

6    Plaintiff's credit card, not Alamo. (*Id.*) As confirmed on page 2 of Exhibit A: "*Rental cars*

7    *purchased through priceline.com* can not be cancelled or changed . . . ."[4] (Emphasis added.)

8    Because Plaintiff did not enter into any contract with Alamo, Plaintiff's claim for breach

9    of contract must be dismissed as to Alamo.

10    **4.    Plaintiff Fails To State A Claim Against Alamo For Fraud.**

11    Finally, Plaintiff's fifth claim for fraud fails against Alamo because Plaintiff does not and

12    cannot allege any of the necessary elements of fraud. According to the Amended Complaint,

13    Alamo did not make any of the representations on which Plaintiff allegedly relied. Plaintiff thus

14    cannot show Alamo made a misrepresentation with knowledge of its falsity and the intent to

15    defraud or that Plaintiff justifiably relied on this misrepresentation. *See Lazar v. Superior Court*,

16    12 Cal. 4th 631, 638 (1996).

17    The defects in Plaintiff's fraud claim are even more striking given that Rule 9(b) requires

18    Plaintiff to plead fraud with particularity. Here, not only has Plaintiff failed to plead his fraud

19    claim against Alamo with particularity, but he has failed to plead *any* facts establishing he can

20    recover for fraud against Alamo. Plaintiff's fraud claim is based on the same misrepresentations

21    alleged to be false and misleading under the FAL. Plaintiff admits that Priceline allegedly made

22    all of those representations, not Alamo. (FAC, ¶ 17). Plaintiff's fraud claim also alleges that

23    defendants dispute credit card chargebacks by falsely claiming that customers were "no-shows."

24    (*Id.,* ¶ 81). Again, Plaintiff admits it was Priceline, not Alamo, that allegedly disputed his credit

25    card chargeback claiming he was a "no show." (*Id.,* ¶ 24 and Exh. C).

26    _____
    [4] Plaintiff also attaches the cancelled price quotation sheet he received from Alamo on the
27    evening of November 22, 2007 as Exhibit B. As clearly alleged by Plaintiff, this is not a
    "contract" between Plaintiff and Alamo, but simply a cancelled price quotation he received for a
28    minivan after arriving at the Alamo Albuquerque Branch . (FAC, ¶ 20.)

1   Even if Alamo made a misrepresentation (which it did not), Plaintiff's fraud claim would

2   still fail because he cannot allege reliance.  The only contact Alamo had with Plaintiff occurred

3   <u>after</u> he decided to reserve a car through Priceline.  (*Id.,* ¶ 19-20).  Plaintiff reserved his car

4   through Priceline's blind "name your own price" reservation service; he did not reach out to

5   Alamo. (*Id.,* ¶ 19).  It is impossible for Plaintiff to allege he relied on a misrepresentation from

6   Alamo in determining whether to pay for his rental car reservation.

7   Because Plaintiff does not and cannot plead with particularity any of the essential

8   elements of fraud against Alamo, his claim must fail. *See Vess*, 317 F.3d at 1107 (permitting

9   courts to dismiss fraud claims that fail to satisfy Rule 9(b)'s heightened pleading requirements).

10  **C.   Plaintiff's Statutory Claims Against Alamo Must Be Dismissed For The**
11  **Additional Reason That Plaintiff Impermissibly Construes California**
    **Statutes To Reach Conduct And Injury That Occurred In New Mexico.**

12  In order for Plaintiff to apply the California statutes at issue in this case to Alamo, either

13  Alamo's *conduct* or Plaintiff's *injury* must have occurred in California.  No such facts exist here.

14  As Plaintiff alleges, Alamo's conduct occurred in New Mexico when Plaintiff arrived at the

15  Albuquerque Branch. (FAC, ¶ 20).  Correspondingly, the only injury Alamo allegedly caused to

16  Plaintiff also must have occurred in New Mexico.  Plaintiff's attempt to apply the statutes to out-

17  of-state conduct causing out-of-state injury renders them unconstitutional.  The Court should

18  reject Plaintiff's unconstitutional interpretation and dismiss his statutory claims against Alamo.

19  **1.   There Is A General Presumption Against Applying California Statutes**
    **To Conduct Occurring Outside The State.**
20
    There is a general presumption against the extraterritorial application of California

21  statutes. *Churchill Vill. LLC v. Gen'l Elec. Co.*, 169 F. Supp. 2d 1119, 1126 (N.D. Cal. 2000),
22
    *aff'd*, 361 F.3d 566 (9th Cir. 2004).  California courts should not construe a statute as regulating
23
    out-of-state occurrences unless "a contrary intention is clearly expressed or reasonably can be
24
    inferred" from the statute. *J.P. Morgan & Co. v. Superior Court*, 113 Cal. App. 4th 195, 221 (Ct.
25
    App. 2003).  The general presumption applies here because nothing in the UCL, the FAL, or the
26
    CLRA evidences any intent or inference that that these statutes regulate out-of-state conduct.
27
    Consequently, the Court should dismiss Plaintiff's statutory claims against Alamo.
28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-11-

NOTICE OF MOTION AND MOTION TO DISMISS OR
STRIKE BY ALAMO AND VANGUARD;
CASE NO. CV 08 2608 (JSW)

1

### a.     Plaintiff Seeks To Give The UCL And The CLRA An Impermissible Extraterritorial Reach.

2

3          The Court should reject Plaintiff's construction of the UCL and CRLA because he seeks

4     to apply them extraterritorially. These statutes do not clearly express an intent or even a

5     reasonable inference that they should apply out of state. *See* Cal. Bus. & Prof. Code § 17203

6     (statute applies to "[a]ny person" who engages in unfair competition); Cal. Civ. Code § 1770(a)

7     (prohibiting unfair and deceptive acts by "any person").  At most, these statutes use the kind of

8     broad, non-specific language that courts have consistently held to be insufficient to rebut the

9     presumption against extraterritoriality. *See, e.g., Campbell v. Arco Marine, Inc.*, 42 Cal. App. 4th

10    1850, 1858 (1996) (refusing to apply a California statute to out-of-state conduct even though

11    statute itself provided no limitation on where conduct occurred).

12         Courts have expressly stated the UCL does not apply to cases like the one at bar where the

13    plaintiff complains of out-of-state conduct causing out-of-state injury. *See, e.g., Speyer,* 415 F.

14    Supp. 2d at 1099; *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 224 n.12 (Ct.

15    App. 1999).[5]  In *Speyer*, the court stated the UCL would not apply to California residents injured

16    by unfair fees charged while plaintiffs were out of state "because the out-of-state conduct may not

17    have caused injury in California." *Id*.  Similarly, the UCL cannot apply to the instant case because

18    any injury to Plaintiff caused by Alamo necessarily occurred at the rental counter in New Mexico

19    when the agent allegedly failed to locate Plaintiff's correct Priceline reservation.

20         Cases that have applied the UCL to out-of-state conduct are entirely different from the

21    instant case.  For example, in *Yu v. Signet Bank/Virginia*, the court allowed a UCL claim by a

22    California resident targeted in California by an out-of-state lender.  69 Cal. App. 4th 1377, 1381-

23    82 (Ct. App. 1999). Here, Alamo had no contact with Plaintiff in California.  Alamo's contact

24    with Plaintiff began and ended on November 22, 2007 in New Mexico.  (FAC, ¶ 20).

25         [5] In 1992, the Legislature deleted the phrase "within this state" from section 17203.
*Norwest*, 72 Cal. App. 4th at 223.  However, the *Norwest* court itself cautioned that courts should

26    not interpret this as a legislative decision to expand the UCL to encompass extraterritorial
conduct by a defendant because there is no legislative history suggesting that intent. *Id.*

27    Although presented with claims by both California and non-California residents, *Norwest* did not
determine whether the UCL applies to California residents alleging out-of-state conduct, and it

28    remanded the action for determination of "what class, if any, should be certified." *Id.* at 222 n.9.

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-12-

NOTICE OF MOTION AND MOTION TO DISMISS OR
STRIKE BY ALAMO AND VANGUARD;
CASE NO. CV 08 2608 (JSW)

1    Like the UCL, cases that have allowed California residents to bring CLRA claims against

2    out-of-state defendants have featured either conduct or injury in California. *See, e.g., Nordberg*,

3    445 F. Supp. 2d at 1082. In *Nordberg*, California residents had standing to bring a CLRA claim

4    against out-of-state defendants, but the defendants had either solicited plaintiffs in California or

5    had wrongfully charged their credit cards with plaintiffs in California. *Id*. at 1096, 1088. Unlike

6    *Nordberg*, Alamo's alleged conduct and Plaintiff's alleged injury both occurred in New Mexico.

7    Consequently, the Court should not permit Plaintiff to invoke the CLRA extraterritorially.

8    **b.    The FAL Does Not Regulate Out-Of-State Conduct.**

9    In contrast to the UCL and the CLRA, the FAL expressly limits its reach to conduct

10    occurring in the state of California. *See Churchill Vill.,* 169 F. Supp. 2d at 1127. Section 17500

11    prohibits false or misleading statements made "before the public *in this state*" and "*from this state*

12    before the public in any state." Cal. Bus. & Prof. Code § 17500 (emphasis added). Plaintiff's

13    only allegations against Alamo occurred in New Mexico. (FAC, ¶ 20). Consequently, Plaintiff's

14    FAL claim against Alamo must be dismissed because Plaintiff does not and cannot allege Alamo

15    made any false or misleading statements in California or from California.

16    **2.    Hauer's Proposed Extraterritorial Application Of These Statutes Violates Federalism, State Sovereignty, And The Commerce Clause.**

17

18    Even if Plaintiff can somehow interpret these statutes as applying to extraterritorial

19    conduct and injury (which he cannot), applying these statutes to Alamo's conduct in New Mexico

20    would violate the fundamental principles of federalism and state sovereignty and be

21    unconstitutional under the Commerce Clause of the United States Constitution. To avoid these

22    problems, the court must construe these statutes as only applying to conduct and injuries that take

23    place within California. "[W]here an otherwise acceptable construction of a statute would raise

24    serious constitutional problems, the Court will construe the statute to avoid such problems unless

25    such construction is plainly contrary to the intent of Congress." *Edward J. DeBartolo Corp. v.*

26    *Florida Gulf Coast Bldg.*, 485 U.S. 568, 575 (1988).

27    **a.    Principles Of Federalism And State Sovereignty Prohibit California From Imposing Its Laws On Other States.**

28    "A basic principle of federalism is that each State may make its own reasoned judgment

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-13-

NOTICE OF MOTION AND MOTION TO DISMISS OR
STRIKE BY ALAMO AND VANGUARD;
CASE NO. CV 08 2608 (JSW)

1    about what conduct is permitted or proscribed within its borders, and each State alone can

2    determine what measure of punishment, if any, to impose on a defendant who acts within its

3    jurisdiction." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003).

4    Federalism prohibits the application of California statutes to Alamo's conduct in New Mexico

5    because *each state alone* determines what conduct to allow within its borders. *See id.* It is

6    irrelevant that Plaintiff is a California resident; California may still not regulate out-of-state

7    conduct in this way. *See Bigelow v. Virginia*, 421 U.S. 809, 824 (1975) ("A State does not

8    acquire power or supervision over the internal affairs of another State merely because the welfare

9    and health of its own citizens may be affected when they travel to that State.").

10                    **b.      Applying These Statutes To Alamo's Conduct In New Mexico
                               Also Violates The Dormant Commerce Clause.**
11

12          The Supreme Court consistently declares unconstitutional state laws that regulate the out-

       of-state conduct of businesses. *See, e.g, Edgar v. MITE Corp.*, 457 U.S. 624 (1982) (finding
13
       unconstitutional an Illinois law that affected the sale of stock outside of Illinois). Here, Plaintiff's
14
       proposed extraterritorial application of California statutes would violate the dormant Commerce
15
       Clause, which prohibits regulation that imposes a burden on interstate commerce. *See id.* at 643.
16
            If the California statutes at issue here can be applied to car rentals in New Mexico, then
17
       Alamo's branches in New Mexico would be subject to the statutes of every other state. This is an
18
       impermissible burden on interstate commerce because it would make it nearly impossible for
19
       Alamo to establish consistent policies or avoid conflicting obligations. *See Southern Pac. Co.,*
20
       325 U.S. at 773 (Arizona law regulating train lengths imposes a "serious burden" on interstate
21
       commerce and violates the Commerce Clause because it would require the "carrier to conform to
22
       the lowest train limit restriction of any of the states through which its trains pass"); *Pete's*
23
       *Brewing Co. v. Whitehead*, 19 F. Supp. 2d 1004, 1017 (W.D. Mo. 1998) (one-time cost of
24
       replacing beer labels to comply with one state's unique law would unduly burden interstate
25
       commerce). The burden imposed by applying these statutes extraterritorially clearly outweighs
26
       any interest California may have in its residents who travel out of state. *See, e.g., Bigelow*, 421
27
       U.S. at 824.
28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-14-

NOTICE OF MOTION AND MOTION TO DISMISS OR
STRIKE BY ALAMO AND VANGUARD;
CASE NO. CV 08 2608 (JSW)

1    The Court should reject Plaintiff's attempt to apply the UCL, FAL, and the CLRA in this

2    expansive fashion because applying these statutes to Alamo's extraterritorial conduct raises

3    serious constitutional difficulties.

4    **D.     The Court Should Strike Class Allegations Against Alamo.**

5        If any of Plaintiff's claims against Alamo survive this motion, the Court should strike the

6    allegations made in the Amended Complaint on behalf of a purported subclass, because it is clear

7    from the face of the Complaint that there is no basis for allowing a class action to proceed against

8    Alamo and because Plaintiff cannot establish that he is a proper representative of the proposed

9    class. *See, e.g., Kamm v. Cal. City Dev. Co.,* 509 F.2d 205, 210 (9th Cir. 1975); *see also* Fed. R.

10   Civ. P. 23(d)(1)(D) (courts may order "that the pleadings be amended to eliminate allegations

11   about representation of absent persons and that the action proceed accordingly").

12       Here, Plaintiff's sole basis for turning his failed rental car reservation into a class action is

13   his allegation that Priceline fails to transmit rental car reservations to its rental car partners.

14   Plaintiff simply cannot base a class action against Alamo on alleged conduct by Priceline.

15       Plaintiff also cannot represent a class alleging injuries from Alamo's conduct because he

16   did not suffer any injuries as a result of Alamo's conduct.  Plaintiff cannot represent a class for

17   the additional reason that his claims against Alamo arose, if at all, in New Mexico, and he has no

18   basis for attempting to apply the California statutes at issue here to conduct in New Mexico. *See,*

19   *e.g., Easter v. American West Financial,* 381 F.2d 948, 962 (9th Cir. 2004) (a named plaintiff

20   cannot satisfy "typicality" or "adequacy" requirements of class certification as to those

21   defendants who did not cause his injury).

22   **V.     CONCLUSION**

23       For the foregoing reasons, Alamo respectfully requests the Court dismiss Plaintiff's

24   Amended Class Action Complaint against Alamo.

25

26

27

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

NOTICE OF MOTION AND MOTION TO DISMISS OR
STRIKE BY ALAMO AND VANGUARD;
CASE NO. CV 08 2608 (JSW)

1 | Dated: July 9, 2008

FOLGER LEVIN & KAHN LLP

2

3 | _____/s/_____

Jiyun Cameron Lee
Attorneys for Defendants

4 | Alamo Rental (US) Inc.
and Vanguard Car Rental USA, Inc.

5

6

92915\2005\608856.3

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-16-

NOTICE OF MOTION AND MOTION TO DISMISS OR
STRIKE BY ALAMO AND VANGUARD;
CASE NO. CV 08 2608 (JSW)