FOLGER LEVIN & KAHN LLP
Gregory D. Call (CSB No. 120483, gcall@flk.com)
Jiyun Cameron Lee (CSB No. 161667, jlee@flk.com)
Trina D. McAlister (CSB No. 253139, tmcalister@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Defendants Alamo Rental (US) Inc.
and Vanguard Car Rental USA, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GLEN HAUER, an individual, on behalf of himself, the general public and those similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PRICELINE.COM INCORPORATED, a foreign corporation; ALAMO RENT-A-CAR LLC, a foreign limited liability company; and VANGUARD CAR RENTAL USA, INC., a foreign corporation,<br><br>　　　　　　Defendants. | Case No. CV 08 2608 (JSW)<br><br>**[PROPOSED] ORDER GRANTING MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS BY DEFENDANTS ALAMO RENTAL (US) INC. AND VANGUARD CAR RENTAL USA, INC.**<br><br>Amended Class Action<br>　Complaint Filed: June 9, 2008<br><br>Date:　　September 19, 2008<br>Time:　　9:00 A.M.<br>Judge:　　Honorable Jeffrey S. White |

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

[PROPOSED] ORDER GRANTING MOTION TO
DISMISS OR STRIKE BY ALAMO AND VANGUARD;
CASE NO. CV 08 2608 (JSW)

## ORDER GRANTING MOTION TO DISMISS

Defendants Alamo Rental (US) Inc. and Vanguard Car Rental USA, Inc. (collectively, "Alamo") moved this Court for an order dismissing the Amended Class Action Complaint ("Amended Complaint") filed by Plaintiff Glen Hauer ("Plaintiff") or, in the alternative, for an order striking Plaintiff's class allegations.

On September 19, 2008, Alamo's Motion to Dismiss Plaintiff's Amended Class Action Complaint Or, In The Alternative, To Strike Class Allegations came on regularly for hearing before this Court. After considering the pleadings and memoranda submitted by the parties, and all supporting papers, and having heard the arguments of counsel, and good cause appearing therefore, the Court GRANTS Defendant's Motion to Dismiss for the following independent reasons:

1. Plaintiff has not alleged any wrongful act by Alamo, and there is no legal basis for imputing Plaintiff's allegations against Defendant Priceline.com, Inc. ("Priceline") to Alamo. *See Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004); *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1101-03 (N.D. Cal. 2006).

2. <u>On Plaintiff's First Claim for Relief under California Business & Professions Code § 17200</u>: Plaintiff fails to state a claim under California Business & Professions Code § 17200 because he does not allege Alamo committed any of the conduct underlying the claim. Plaintiff also lacks the requisite standing to pursue this claim in this Court because he does not allege unfair competition by Alamo caused him injury in fact or loss of money or property. *See Hall v. Time, Inc.,* 158 Cal. App. 4th 847, 849 (2008), *modified*, 2008 Cal. App. LEXIS 139 (Jan. 28, 2008); *Buckland v. Threshold Enters., Ltd.,* 155 Cal. App. 4th 798, 819 (2007). Plaintiff's claim is also defective because he is not entitled to the remedies available under the statute. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1147-49 (2003); *Bradstreet v. Wong,* 161 Cal. App. 4th 1440, 1460-61 (2008); *Buckland v. Threshold Enters., Ltd.,* 155 Cal. App. 4th 798, 819 (2007); *Daro v. Superior Court,* 151 Cal. App. 4th 1079, 1098 (Ct. App. 2007).

3. <u>On Plaintiff's Second Claim for Relief under California Business & Professions Code § 17500</u>: Plaintiff fails to state a claim under California Business & Professions Code §

17500 because he does not allege Alamo committed any of the conduct underlying the claim. Plaintiff does not allege false advertising by Alamo caused him injury in fact or loss of money or property, so he lacks the requisite standing to pursue this claim in this Court. *See Buckland v. Threshold Enters., Ltd.,* 155 Cal. App. 4th 798, 819 (2007). Plaintiff lacks standing for the additional reason that he does not allege he relied on a false or misleading statement by Alamo. *See Cattie v. Wal-Mart Stores, Inc.,* 504 F. Supp. 2d 939, 947 (S.D. Cal. 2007); *O'Brien v. Camisasca Auto. Mfg., Inc.*, 161 Cal. App. 4th 388, 400-02 (Ct. App. 2008). Plaintiff's claim is defective for the additional reason that he is not entitled to the remedies available under the statute. *See Buckland v. Threshold Enters., Ltd.,* 155 Cal. App. 4th 798, 819 (2007).

4. <u>On Plaintiff's Third Claim for Relief under the California Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.*</u>:  Plaintiff fails to state a claim because he does not allege Alamo committed any of the conduct underlying the claim. Plaintiff does not allege Alamo made any misrepresentations that caused him any harm. *See Cattie v. Wal-Mart Stores, Inc.,* 504 F. Supp. 2d 939, 946 (S.D. Cal. 2007); *O'Brien v. Camisasca Auto. Mfg., Inc.*, 161 Cal. App. 4th 388, 405 (Ct. App. 2008); *Buckland v. Threshold Enters., Ltd.,* 155 Cal. App. 4th 798, 809 (2007).

5. <u>On Plaintiff's Fourth Claim for Relief for Breach of Contract</u>:  Plaintiff fails to state a claim because he does not allege he entered into a contract with Alamo.

6. <u>On Plaintiff's Fifth Claim for Relief for Fraud, Deceit, and/or Misrepresentation</u>: Plaintiff fails to state a claim because he does not allege Alamo committed any of the conduct underlying the claim, and because he does not allege he relied on any misrepresentation by Alamo. Plaintiff fails to meet the heightened pleading requirement of Federal Rule of Civil Procedure 9(b). *See Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

7. Plaintiff's statutory claims, under California Business & Professions Code § 17200, California Business & Professions Code § 17500, and the California Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.*, also fail because these statutes do not apply to out-of-state conduct causing out-of-state injury. *See Speyer v. Avis Rent A Car Sys., Inc.*, 415 F. Supp. 2d 1090, 1099 (S.D. Cal. 2005); *Churchill Vill. LLC v. Gen'l Elec. Co.*, 169 F. Supp. 2d

1119, 1127 (N.D. Cal. 2000), *aff'd*, 361 F.3d 566 (9th Cir. 2004); *Campbell v. Arco Marine, Inc.*, 42 Cal. App. 4th 1850, 1858 (1996).  Applying these statutes to Alamo's conduct in New Mexico would violate the dormant commerce clause.  *See Edgar v. MITE Corp.*, 457 U.S. 624 (1982); *Southern Pac. Co. v. Arizona*, 325 U.S. 761, 773 (1945).

Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6),

IT IS HEREBY ORDERED THAT Plaintiff Glen Hauer's Amended Class Action Complaint is DISMISSED WITH PREJUDICE as to defendants Alamo Rental (US) Inc. and Vanguard Car Rental USA, Inc. for failure to state a claim upon which relief may be granted.

[ALTERNATE] ORDER GRANTING MOTION TO STRIKE CLASS ALLEGATIONS:

On September 19, 2008, Alamo's Motion to Dismiss Plaintiff's Amended Class Action Complaint Or, In The Alternative, To Strike Class Allegations came on regularly for hearing before this Court.  After considering the pleadings and memoranda submitted by the parties, and all supporting papers, and having heard the arguments of counsel, and good cause appearing therefore, the Court GRANTS Defendant's Motion to Strike Class Allegations because Plaintiff fails to plead a basis for allowing a class action to proceed against Alamo, and Plaintiff cannot establish that he is a proper representative of the proposed class.  *See Easter v. American West Financial,* 381 F.2d 948, 962 (9th Cir. 2004); *Kamm v. Cal. City Dev. Co.,* 509 F.2d 205, 210 (9th Cir. 1975); Fed. R. Civ. P. 23(d)(1)(D).

Accordingly, IT IS HEREBY ORDERED THAT Alamo's Motion To Strike Class Allegations is GRANTED.

Dated: _____, 2008

HONORABLE JEFFREY S. WHITE
United States District Court Judge
Northern District of California

92915\2005\608945.1