**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 336-6545
Facsimile:  (415) 449-6469

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNA

| | |
|---|---|
| GLEN HAUER, an individual, on behalf of himself, the general public and those similarly situated<br><br>    Plaintiff,<br><br>    v.<br><br>PRICELINE.COM INCORPORATED, a foreign corporation; ALAMO RENT-A-CAR LLC, a foreign limited liability company; VANGUARD CAR RENTAL USA, INC., a foreign corporation; AND DOES 1 THROUGH 50<br><br>    Defendants | CASE NO.  CV-08-2608-JCS<br><br>**PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND**<br><br>Date: July 21, 2008<br>Time: 9:00 am<br>Dept:  Courtroom 2, 17th Floor<br>Judge:  Hon. Jeffrey S. White |

## I. INTRODUCTION

Federal courts are courts of limited jurisdiction, and, as the removing party, Priceline has the burden to prove facts necessary to support such jurisdiction. It fails to do so. The other two Defendants do not oppose the motion to remand. The motion should be granted.

## II. ARGUMENT

Priceline begins its opposition by citing a series of district court cases for the proposition that under CAFA, federal jurisdiction is to be interpreted "expansively" and that the Court should "resolve any doubts in favor of exercising jurisdiction." (Priceline Opp. at 5-6.) Priceline fails to note, however, that the Ninth Circuit has expressly rejected this proposition on at least three occasions.

In *Progressive West Insurance Company v. Preciado*, 479 F.3d 1014 (2007), for example, the Ninth Circuit stated, "Nor can we accept Progressive's invitation to read CAFA liberally…. We have declined to construe CAFA more broadly than its plain language indicates." *Id.* at 1018. In *Lowdermilk v. United States Bank Nat'l Assoc.,* 479 F.3d 994 (9th Cir. 2007), the Ninth Circuit asked, "What proof must the defendant adduce to contradict the plaintiff's claim that her damages are less than the jurisdictional amount? There are two principles that inform our judgment here. First, as federal courts, we are courts of limited jurisdiction and we will strictly construe our jurisdiction." *Id.* at 998. Finally, in *Abrego v. Dow Chemical Company*, 443 F.3d 676 (9th Cir. 2006), the Ninth Circuit acknowledged "Congress's intent that the district courts' jurisdiction vis-a-vis certain kinds of actions be broadened rather than restricted," but once again held that "[r]emoval jurisdiction is statutory and *strictly construed*." *Id.* at 685 (emphasis added) (quoting *Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986)). In each of these cases, the Ninth Circuit held explicitly that the proponent of federal jurisdiction bears the burden of proving the amount in controversy.

Priceline then argues that it has met its burden because removal jurisdiction is based on the allegations of original complaint. (Opp. at 7-8.) Priceline still, however, relies on only a single line in that complaint, which alleged that "***up to*** 40%" of its name-your-own-price car rentals had been improperly transferred to rental partners. (emphasis supplied.) Priceline contends that

the Court must "assume that the jury will return a verdict in favor of the plaintiff on all claims." (Opp. at 7). A jury verdict for plaintiff on all his "claims" says nothing, however, about the actual size of the class or the amount of damages that the jury could award. No jury could reasonably award damages merely based on a single allegation that "up to 40%" of rentals had been improperly transferred. Moreover, Plaintiff's testimony is that the "up to 40%" allegation comes from a statement by a representative of Defendant Alamo at a single location in Albuquerque, and he has no personal knowledge of the true number of transactions. Finally, he has introduced admissions from Defendants that the real figure is less than 1/10 of 1% (or fewer than 500 transactions). Thus, the only "evidence" before the Court is that the amount in controversy is less than $85,000. [1]

Priceline offers no new evidence of the amount in controversy to support its opposition. While it refers to the possibility of attorneys' fees, statutory penalties, punitive damages and injunctive relief, it proffers no evidence as to the dollar amounts involved. Providing such evidence was its burden.[2] *See Abrego,* 443 F.3d at 688-89 (where plaintiffs alleged only that compensatory damages exceeded jurisdictional minimum (of $25,000), defendant had burden to show that punitive damages and attorneys' fees would increase amount above jurisdictional threshold).[3] Its

---

[1] Priceline contends that its admissions as to the amount in controversy are inadmissible, or at least they would be inadmissible in California state court, citing California Civil Code section 1782(e). (Opp. at 4.) Priceline is incorrect. Civil Code section 1782(e) states only that a response to a CLRA demand is "inadmissible as evidence pursuant to section 1152 of the Evidence Code." Cal. Civ. Code § 1782(e). Evidence Code section 1152, in turn, merely bars evidence of an offer to compromise to prove liability. *See, e.g., Fletcher v. Western Nat'l Life Ins. Co.,* 10 Cal. App. 3d 376, 396 (1970) (evidence of offer of compromise not admissible to prove liability for claim, but admissible to prove element of separate tort of bad faith). Here, Plaintiff is neither attempting to prove that Defendant offered to compromise, nor using the offer of compromise to assert liability for the claims. Rather, Plaintiff offers the document only to show that Defendant has admitted that the universe of affected persons is less than 1/10 of 1% of transactions, or approximately 500 persons. In any event, section 1152 of the California Evidence Code does not govern a remand motion in federal court.

[2] Priceline did not include (or even mention) the cost of attorneys' fees, statutory penalties, and punitive damages in its notice of removal.

[3] In *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 698 (9th Cir. 2007), the Ninth Circuit affirmed a district court order computing the amount in controversy under the preponderance of evidence standard in which the district court included a "conservative estimate" of attorneys' fees

doomsday scenario—an "injunction barring Priceline from using its Name Your Own Price ® car rental reservation service" (Opp. at 12)—finds no support in the complaint. At most, Plaintiff has sought an injunction requiring Priceline to deliver what it promises. Priceline's fall-back position is that, "if Priceline were instead ordered to monitor its rental car partners, to ensure all Name Your Own Price ® reservations are being properly handled, the cost of monitoring should be considered." (Id.) This may be true. But Priceline presents no evidence as to the cost of such monitoring.

In essence, Priceline's removal petition devolves to a game of "Gotcha!" It depends on a single inartfully drafted sentence in the original complaint. But Priceline does not even address, let alone distinguish, the cases cited in Plaintiff's opening brief that reject the "Gotcha!" theory. For example, as the Court held in *Lewis v Time, Inc*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), "in any removal action, doubt arising from merely inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand." Furthermore, "when considering a motion to remand, the district court…construes all factual ambiguities in favor of the plaintiff." *City of Ann Arbor Emples. Ret. Sys. v. Gecht*, 2007 U.S. Dist. LEXIS 21928 (N.D. Cal. 2007) (internal citations omitted).

Instead of addressing these cases, Priceline argues that the filing of amended complaint cannot be used to "defeat" removal jurisdiction. Here, the amended complaint did not "defeat" jurisdiction; rather, such jurisdiction never existed. The amended complaint only clarifies the inartful, ambiguous complaint to make it consistent with the evidence known to all parties. Priceline itself does not believe that Plaintiff could recover $5 million even if he prevailed on all his claims.[4] Accordingly, the case must be remanded.

---

equal to 12.5% of economic damages and punitive damages at a 1:1 ratio with economic damages. In this case, such analysis would raise the amount in controversy only to $180,625.

[4] Interestingly, while attacking Plaintiff's citation to the amended complaint, Priceline also relies on it for its own sake, arguing that it contains an admission that the amount in controversy "exceeds the jurisdictional minimum of this Court." Priceline neglects to mention that the line is a vestige of the original state court complaint, in which the same allegation appeared, and where the jurisdictional minimum is $25,000. See Reply Declaration of Adam Gutride in Support of Motion for Remand.

Finally, Priceline fails to rebut Plaintiff's arguments that attorneys' fees should be awarded to Plaintiff on this motion. After being alerted to the inappropriateness of removal, Priceline should have stipulated to remand. It cheekily refused to do so unless Plaintiff agreed to limit the class' recovery to $85,000, or less than 2% of the total he could recover before federal jurisdiction would exist. Its persistence in the face of a motion to remand has unnecessarily burdened all the parties and the Court. It is thus appropriate to require it to pay the reasonable attorneys' fees incurred by Plaintiff as a result of the removal. *See* 28 U.S.C. § 1447(c); *Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d 1102, 1106, n.2 (9th Cir. 2000).

### III. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court (1) remand this case to the Superior Court of the State of California, County of Alameda; and (2) order Defendant to pay Plaintiff's costs, including attorneys' fees.

Dated: July 15, 2008                                **GUTRIDE SAFIER LLP**

Adam J. Gutride, Esq.
Seth A. Safier, Esq.
835 Douglass Street
San Francisco, California 94114

Attorneys for Plaintiff

# PROOF OF SERVICE

I, Seth A. Safier, declare:

My business address is 835 Douglass Street, San Francisco, California. I am employed in the County of San Francisco, where this mailing occurs. I am over the age of 18 years and not a party to the within cause.

On July 15, 2008, I served the following documents:

**PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND**

on the following person(s) in this action by placing a true copy thereof as follows:

| | |
|---|---|
| FOLGER LEVIN & KAHN LLP<br>Gregory D. Call (gcall@flk.com)<br>Jiyun Cameron Lee (jlee@flk.com)<br>Trina D. McAlister (tmcalister@flk.com)<br>Embarcadero Center West<br>275 Battery Street, 23rd Floor<br>San Francisco, CA  94111 | SEDGWICK, DETERT, MORAN & ARNOLD LLP<br>Jacqueline Jauregui (jacqueline.jauregui@sdma.com)<br>Marina L. Whelan (marina.whelan@sdma.com)<br>801 South Figueroa Street, 19th Floor<br>Los Angeles, CA 90017 |

[x]     BY ELECTRONIC MAIL. I caused said documents to be transmitted by electronic mail to the email address indicated after the address(es) via ECF.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on July 15, 2008, at San Francisco, California.

_____
Seth A. Safier, Esq.