FOLGER LEVIN & KAHN LLP
Gregory D. Call (CSB No. 120483, gcall@flk.com)
Jiyun Cameron Lee (CSB No. 161667, jlee@flk.com)
Trina D. McAlister (CSB No. 253139, tmcalister@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Defendants Alamo Rental (US) Inc.
and Vanguard Car Rental USA, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GLEN HAUER, an individual, on behalf of himself, the general public and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRICELINE.COM INCORPORATED, a foreign corporation; ALAMO RENT-A-CAR LLC, a foreign limited liability company; and VANGUARD CAR RENTAL USA, INC., a foreign corporation,<br><br>Defendants. | Case No. CV 08 2608 (JSW)<br><br>**REPLY MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS BY DEFENDANTS ALAMO RENTAL (US) INC. AND VANGUARD CAR RENTAL USA, INC.**<br><br>Amended Class Action<br> Complaint Filed: June 9, 2008<br><br>Date:    September 19, 2008<br>Time:    9:00 a.m.<br>Judge:   Honorable Jeffrey S. White |

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

REPLY MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS BY ALAMO AND VANGUARD; CASE
NO. CV 08 2608 (JSW)

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    Plaintiff Cannot Save His Claims By Defining "Defendants" To Include Alamo Or By Simply Repeating His Unsubstantiated Allegations Of A Legal Relationship Between Alamo And Priceline ............................................... 2

        A.    Plaintiff's Reliance On His Definition Of "Defendants" To State A Claim Against Alamo Violates Rule 8(a)(2) ................................................ 2

        B.    Plaintiff's Boilerplate Allegations Of A Legal Relationship Between Alamo And Priceline Cannot Save His Claims ....................... 3

    II.    Plaintiff's Opposition Demonstrates That His Case Is Premised On The Alleged Misconduct By Priceline, Not Alamo ........................................................ 4

        A.    Plaintiff's Inability To Identify Any Wrongful Conduct By Alamo Renders His UCL and FAL Claims Insufficient. ......................................... 4

        B.    Plaintiff's CLRA Claim Must Fail Because Plaintiff Cannot Support It With A Single Allegation Specific To Alamo .......................... 5

        C.    Plaintiff's Breach Of Contract Claim Fails Because He Cannot Allege He Entered Into A Contract With Alamo ...................................... 6

        D.    Plaintiff's Opposition Establishes His Fraud Claim Fails Because He Cannot State With Precision Any Act Of Fraud By Alamo ................. 6

    III.    Plaintiff's Attempt To Extend The Reach Of California Statutes To Alamo's Conduct In New Mexico Should Be Rejected .......................................... 8

    IV.    The Court Should Strike Class Allegations Against Alamo ................................ 10

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page**

### CASES

*Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*,
459 U.S. 519 (1983) ................................................................................................................ 4

*Bell Atlantic Corp. v. Twombly*,
127 S. Ct. 1955 (2007) ......................................................................................................... 3, 4

*Bradstreet v. Wong*,
161 Cal. App. 4th 1440 (2008) ................................................................................................ 5

*Buckland v. Threshold Enters., Ltd.*,
155 Cal. App. 4th 798 (Ct. App. 2007) .................................................................................... 5

*Cholla Ready Mix, Inc. v. Civish*,
382 F.3d 969 (9th Cir. 2004) .................................................................................................... 3

*Coupon Clearing Serv., Inc.*,
113 F.3d 1091 (9th Cir. 1997) .................................................................................................. 4

*Daro v. Superior Court*,
151 Cal. App. 4th 1079 (Ct. App. 2007) .................................................................................. 5

*Eshelman v. Orthoclear Holdings, Inc.*,
No. C 07-1429, 2008 WL 171059 (N.D. Cal. 2008) ............................................................ 7, 8

*Gauvin v. Trombatore*
682 F. Supp. 1067 (N.D. Cal. 1988) ........................................................................................ 2

*Korea Supply Co. v. Lockheed Martin Corp.*,
29 Cal. 4th 1134 (2003) ........................................................................................................... 5

*Maganallez v. Hilltop Lending Corp.*,
505 F. Supp. 2d 594 (N.D. Cal. 2007) ..................................................................................... 8

*Nordberg v. Trilegiant Corp.*,
445 F. Supp. 2d 1082 (N.D. Cal. 2006) ................................................................................... 4

*Sagent Tech., Inc., Derivative Litig.*
278 F. Supp. 2d 1079 (N.D. Cal. 2003) ................................................................................... 3

*Speyer v. Avis Rent A Car System, Inc.*,
415 F. Supp. 2d 1090 (S.D. Cal. 2005) .................................................................................... 9

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ............................................................................................ 7, 8, 9

*Vess v. Ciba-Geigy Corp.,USA*,
317 F.3d 1097 (9th Cir. 2003) .................................................................................................. 6

*Warren v. Fox Family Worldwide, Inc.*,
328 F.3d 1136 (9th Cir. 2003) .................................................................................................. 6

*Yu v. Signet Bank/Virginia*,
69 Cal. App. 4th 1377 (Ct. App. 1999) .................................................................................... 9

# TABLE OF AUTHORITIES
**(continued)**

**Page**

## STATUTES

California Business and Professions Code
    § 17200 .................................................................................................................................. 4
    § 17500 .................................................................................................................................. 4

California Civil Code
    § 1750 .................................................................................................................................... 5

## OTHER AUTHORITIES

Federal Rule of Civil Procedure
    8(a)(2) ................................................................................................................................ 2, 3
    9(b) ................................................................................................................................... 6, 7
    12(b)(6) ................................................................................................................................. 4

Defendants Alamo Rental (US) Inc. and Vanguard Car Rental USA, Inc. (collectively, "Alamo") respectfully submit this Reply Memorandum in Support of their Motion to Dismiss the Amended Class Action Complaint ("Complaint" or "FAC") filed by plaintiff Glen Hauer ("Plaintiff") or, in the alternative, to strike class allegations.

**INTRODUCTION**

Plaintiff's Opposition is most notable for what it does not – indeed, cannot – say.

*Plaintiff's Opposition does not say Alamo engaged in any wrongful conduct*. Unable to identify any conduct by Alamo to support his claims, Plaintiff responds: "Alamo entirely ignores Plaintiff's definition of 'Defendants,' in paragraph 6 of his FAC, as both 'Priceline' and 'Alamo.'" Pl.'s Opp'n at 9:5-6. This remarkable assertion confirms Plaintiff lacks any basis for pursuing this case against Alamo. Courts consistently dismiss cases where the plaintiff just lumps together defendants without distinguishing between them.

*Plaintiff's Opposition does not say there is any factual basis for holding Alamo to be an "agent" of Priceline, or vice versa*. Unable to provide any factual support for imputing Priceline's alleged conduct to Alamo, Plaintiff ignores the legal definitions of "agency" and "joint venture" Alamo cited in its opening brief. *See* Defs.' Mot. to Dismiss at 6:11-20. But calling two defendants "agents" and "joint venturers" is not enough. He must identify the facts based on which this Court could impute Priceline's actions to Alamo under at least one of his theories.

*Plaintiff's Opposition does not say Alamo had any contact with Plaintiff in California*. The only contact Alamo had with Plaintiff was in New Mexico. Without more, Plaintiff cannot justify extending the reach of the California statutes at issue to the rental counter in Albuquerque. If California law could reach the rental car transaction in New Mexico solely based on Plaintiff's domicile, then the rental counter in New Mexico would be subject to the laws of all fifty states.

Finally, *Plaintiff's Opposition does not say why this single failed rental car reservation should be permitted to proceed as a class action against Alamo*. As Alamo demonstrated in its opening brief, the basis for Plaintiff's purported class action is his allegation that Priceline fails to transmit reservations to its rental car partners. *Id*. at 4:21-5:3; *see also* FAC ¶ 25. The alleged error in transmission, if it is presumed to occur for purposes of this motion, is Priceline's, not

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-1-

REPLY MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS BY ALAMO AND VANGUARD; CASE
NO. CV 08 2608 (JSW)

Alamo's, error. Priceline's alleged error cannot justify a class pleading against Alamo.

## ARGUMENT

**I.    Plaintiff Cannot Save His Claims By Defining "Defendants" To Include Alamo Or By Simply Repeating His Unsubstantiated Allegations Of A Legal Relationship Between Alamo And Priceline.**

The touchstone of Alamo's argument in its Motion to Dismiss is simple: Plaintiff's claims against Alamo must fail because he never alleges Alamo committed any wrongful act. Every single allegation of wrongful conduct refers to Priceline.[1] In essence, Plaintiff is telling this Court he should be allowed to sue Alamo based entirely on allegations about Priceline without providing any legal authority (or even any explanation) for why this is permissible.

Plaintiff makes no effort to rebut this crucial argument. His Opposition does not direct the Court to allegations of wrongful conduct by Alamo. It does not explain why Alamo should be held accountable for Priceline's allegedly wrongful acts. Instead, Plaintiff's entire argument relies on his definition of "Defendants" and his conclusory "agency" and "joint venture" allegations. Opp'n at 12:1-2. This violates well-established rules of pleading. Plaintiff may not rope Alamo into litigation about Priceline by labeling Alamo as a "Defendant" and "joint venturer" without any explanation.

**A.    Plaintiff's Reliance On His Definition Of "Defendants" To State A Claim Against Alamo Violates Rule 8(a)(2).**

Plaintiff claims the Court should allow him to maintain an action against Alamo – even though his papers admit every single allegation of wrongful conduct relates to Priceline – simply because he defines "Defendants" to include Alamo. *Id*. at 9:5-6.

The law contradicts Plaintiff. Courts consistently dismiss actions where the plaintiff, as here, makes general allegations against more than one defendant without differentiating between them. *See, e.g., Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (lumping

---

[1] Plaintiff alleges he bid for a rental car on Priceline's website and paid Priceline for it. Opp'n at 2:16-20. Plaintiff alleges Priceline failed to refund him when he was not able to secure the car Priceline promised him. *Id*. at 3:25-27. Plaintiff alleges Priceline challenged the dispute he filed with his credit card company regarding the charge for the rental car. *Id*. at 3:27-4:1. Plaintiff alleges Priceline made all the representations at issue in this case. *Id*. at 1:24-2:2.

together multiple defendants in one broad allegation fails to satisfy the notice requirement of Rule 8(a)(2)); *see also In re Sagent Tech., Inc.*, *Derivative Litig.*, 278 F. Supp. 2d 1079, 1094-95 (N.D. Cal. 2003) (granting motion to dismiss because a complaint that lumps together individual defendants fails to give fair notice of the claim to those defendants).

As Plaintiff admits, he must provide Alamo with "'sufficient notice of the cause of action stated against [it] . . . .'" Opp'n at 12:4-7 (citation omitted). Sufficient notice under Rule 8(a)(2) requires Plaintiff to inform Alamo of the grounds upon which his claims rest. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). Here, every allegation regarding "Defendants" applies to Priceline, not Alamo.[2] Without alleging any wrongful conduct by Alamo, Plaintiff cannot possibly inform Alamo of the grounds upon which his claims against it rest.

### B. Plaintiff's Boilerplate Allegations Of A Legal Relationship Between Alamo And Priceline Cannot Save His Claims.

Plaintiff's Opposition fails to respond to Alamo's legally and factually supported analysis that his unsubstantiated allegations of an unspecified relationship between Priceline and Alamo are insufficient to render Alamo liable for Priceline's allegedly wrongful conduct. The Opposition neither provides legal authority that would permit Plaintiff to rely on these conclusory statements, nor does it point to any factual allegations that would support these claims. Rather, Plaintiff's Opposition simply restates the boilerplate legal conclusions he made in his Complaint that Priceline and Alamo are in "a joint venture, partnership and common enterprise," that Priceline is Alamo's agent, and that Alamo "contributed to and ratified Priceline's acts and omissions." Opp'n at 9:7-10. Because these are all legal conclusions, not factual allegations, the Court need not accept these arguments as true. *See Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).

"On a motion to dismiss, courts 'are not bound to accept as true a legal conclusion

---

[2] For example, Plaintiff alleges "Defendants" violate the UCL by "failing to properly inform their rental car partners of the true nature and existence of their reservations . . . ." Opp'n at 6:6-9. It would be absurd to conclude that this allegation applies to *Alamo,* which itself is Priceline's rental car partner. Surely, Plaintiff is actually alleging that *Priceline* fails to properly inform its rental car partners (including Alamo).

1  couched as a factual allegation.'" *Twombly*, 127 S. Ct. at 1965 (citation omitted). To survive
2  Alamo's motion, Plaintiff must allege "more than labels and conclusions." *Id*. at 1964-65.
3  Plaintiff fails to do this. The Opposition merely alleges the labels of "joint venture, partnership
4  and common enterprise" and the legal conclusions of agency and ratification without providing
5  any factual support. When evaluating a Rule 12(b)(6) motion, "[i]t is not . . . proper [for the
6  court] to assume that the [Plaintiff] can prove facts that [he] has not alleged." *Associated Gen.*
7  *Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526
8  (1983). However, that is precisely what Plaintiff is requesting the Court do here.

9      Under the most liberal interpretation of the Complaint, the only factual allegation Plaintiff
10  makes that could possibly relate to his claim that Alamo and Priceline are acting in concert to
11  defraud the public is that Priceline books car reservations on a website that mentions Alamo, and
12  Alamo provides rental car services. *See* Opp'n at 9:11-17. The simple fact that Alamo and
13  Priceline do business together, however, is insufficient to impute Priceline's alleged conduct to
14  Alamo. *See, e.g., In re Coupon Clearing Serv., Inc.*, 113 F.3d 1091, 1099 (9th Cir. 1997) (one
15  essential characteristic of agency relationship is the principal's degree of control over the agent).

16      The Court should grant Alamo's Motion to Dismiss. *See Nordberg v. Trilegiant Corp.*,
17  445 F. Supp. 2d 1082, 1101-03 (N.D. Cal. 2006) (granting motion to dismiss where plaintiffs did
18  not support allegations of alter ego, joint enterprise, conspiracy, agency, and aiding and abetting
19  with specific facts about any actions taken by a company to establish it should be found indirectly
20  liable for its former subsidiary's wrongful acts under these theories).

21  **II.    Plaintiff's Opposition Demonstrates That His Case Is Premised On The Alleged Misconduct By Priceline, Not Alamo.**
22  
23  Plaintiff's Opposition further reinforces that he fails to state a claim against Alamo under
24  any of his legal theories.

25      **A.    Plaintiff's Inability To Identify Any Wrongful Conduct By Alamo Renders His UCL and FAL Claims Insufficient.**

26  Plaintiff's inability to allege any specific conduct against Alamo renders him unable to
27  counter Alamo's legal arguments on his claims under Sections 17200 ("UCL") and 17500
28  ("FAL") of the California Business and Professions Code.

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-4-

REPLY MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS BY ALAMO AND VANGUARD; CASE
NO. CV 08 2608 (JSW)

1          First, Plaintiff fails to respond to Alamo's argument that he lacks standing to bring his UCL and FAL claims because he cannot allege he suffered injury *as a result* of Alamo's allegedly wrongful conduct. *See Buckland v. Threshold Enters., Ltd.,* 155 Cal. App. 4th 798, 809 (Ct. App. 2007). While Plaintiff maintains he suffered injuries, he never connects those injuries to Alamo's conduct. *See* Opp'n at 9:25-27.

           Second, Plaintiff's effort to establish his right to restitution under the UCL and FAL is hampered by his inability to establish that Alamo ever received any money from him. *See id*. at 9:27-10:18. As Plaintiff admits, the "object of restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an *ownership interest*." *Id*. at 10:3-5 (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003)) (emphasis added). Because Plaintiff never paid Alamo any money, *see* Opp'n at 2:19-20, it is impossible for Alamo to return to him any funds in which he has an ownership interest. In this regard, it is irrelevant that Priceline may have shared some or all of that money with Alamo. Plaintiff may not seek restitution from Alamo of the amount by which Priceline was purportedly enriched. *See Bradstreet v. Wong*, 161 Cal. App. 4th 1440, 1460-61 (2008) (holding plaintiff employees may not seek restitution from owners of defunct corporation for unpaid wages where labor was provided to the corporation and not the owners).

           Third, Plaintiff cannot justify injunctive relief because he never alleges Alamo engaged in any wrongful conduct. Because Plaintiff does not allege Alamo has not done anything wrong, no injunction against Alamo could possibly prevent further alleged violations. *See Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1098 (Ct. App. 2007) (stating plaintiff must demonstrate that alleged violation of the UCL is likely to be addressed by remedies available under the UCL).

**B.     Plaintiff's CLRA Claim Must Fail Because Plaintiff Cannot Support It With A Single Allegation Specific To Alamo.**

           Plaintiff's claim under the California Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750 *et seq.*, is similarly flawed because Plaintiff does not allege any misconduct by Alamo. As Plaintiff acknowledges, his "pleading must be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-5-

REPLY MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS BY ALAMO AND VANGUARD; CASE
NO. CV 08 2608 (JSW)

1  not just deny that they have done anything wrong.'"  Opp'n at 12:8-10 (quoting *Vess v. Ciba-*
2  *Geigy Corp., USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).  Plaintiff's CLRA claim fails to meet
3  this standard.

4      Plaintiff does not make a single allegation specific to Alamo to support his CLRA claim.
5  *See, e.g.,* Opp'n at 11:20-21 ("Defendants promised that the reservation would be 'booked,' the
6  price 'locked in' at the 'discount,' 'low price,' all of which was untrue.").  However, as Plaintiff
7  admits in other parts of the Opposition, it was Priceline, not Alamo, that allegedly engaged in this
8  conduct.  *See, e.g., id*. at 1:24 (stating Priceline advertises its rates as "discount" and "low price"
9  and that it "lock[s] in" and "books" reservations).  Because Plaintiff fails to put Alamo on notice
10 of its particular misconduct, as required by *Vess*, Plaintiff's CLRA claim must fail.

11     **C.  Plaintiff's Breach Of Contract Claim Fails Because He Cannot Allege He Entered Into A Contract With Alamo.**
12
13     Plaintiff relegates his contract claim to a footnote, stating he "specifically allege[d] that he
14 entered into a contract with Alamo" in his Complaint.  *Id*. at 11 n.5.  In support, Plaintiff cites
15 paragraphs 70-78 of his Complaint.  *Id*.  The only specific allegations in those paragraphs,
16 however, relate to Priceline, not Alamo.  *See, e.g.,* FAC, ¶ 72 ("The Agreement specified . . .
17 Priceline would 'immediately lock in [the] reservation and charge [customer's] credit card.'")

18     The Court should disregard Plaintiff's misleading statement for the additional reason that
19 Exhibit A of his Complaint contradicts it.  In evaluating a motion to dismiss, the court is "'not
20 required to accept as true conclusory allegations which are contradicted by documents referred to
21 in the complaint.'"  *Warren v. Fox Family Worldwide*, *Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003)
22 (citation omitted).  As confirmed by Exhibit A, Plaintiff "purchased [his rental car] through
23 priceline.com."  (FAC, Exh. A at 2).  Moreover, he printed his reservation confirmation from
24 Priceline's website, not Alamo's.  Exhibit A establishes Plaintiff's contract was with Priceline,
25 not Alamo.

26     **D.  Plaintiff's Opposition Establishes His Fraud Claim Fails Because He Cannot State With Precision Any Act Of Fraud By Alamo.**
27     Plaintiff's Opposition confirms his fraud claim against Alamo must fail because he does
28 not allege that Alamo engaged in any fraudulent conduct.  As Plaintiff states, Rule 9(b) requires

1  him to "'state *precisely* the time, place, and nature of the misleading statement,

2  misrepresentations, and specific acts of fraud.'"  Opp'n at 12:15-17 (citation omitted) (emphasis

3  added).  Not only does Plaintiff fail to state precisely the time, place, and nature of any alleged

4  fraudulent conduct by Alamo, but Plaintiff admits it was Priceline that allegedly committed the

5  fraudulent conduct, not Alamo.  *Id*. at 1:24-2:2, 3:27-4:1.

6        Plaintiff cannot rely on his definition of "Defendants" to save his fraud claim against

7  Alamo.  When more than one defendant is involved, as here, "Rule 9(b) does not allow a

8  complaint to merely lump multiple defendants together."  *Swartz v. KPMG LLP*, 476 F.3d 756,

9  764-65 (9th Cir. 2007); *see also Eshelman v. Orthoclear Holdings, Inc.*, No. C 07-1429, 2008

10 WL 171059, at *11 (N.D. Cal. 2008).  Rather, Rule 9(b) "'require[s] plaintiffs to differentiate

11 their allegations when suing more than one defendant . . . and inform each defendant separately of

12 the allegations surrounding his alleged participation in the fraud."  *Id*.

13       Plaintiff's allegations as to Alamo do not even come close to meeting this standard.  He

14 consistently lumps Alamo and Priceline together as "Defendants" and never informs Alamo

15 separately of his allegations surrounding its alleged participation in the fraud.  Plaintiff's

16 Opposition quotes two paragraphs from his Complaint to support his position that his allegations

17 meet Rule 9(b)'s heightened pleading standard.  Opp'n at 12:25-13:14.  Presumably, Plaintiff

18 selected these particular paragraphs as exemplars of pleading with particularity.  However, just as

19 in the Complaint itself, every allegation is made as to "Defendants."  *See id*.  Plaintiff does not

20 make a single allegation as to "Alamo."  *See id*.

21       Ninth Circuit case law analyzing similar circumstances expressly holds this style of

22 pleading fails to comply with Rule 9(b).  In affirming a dismissal, the *Swartz* court noted the

23 plaintiff's complaint was "shot through with general allegations that the 'defendants' engaged in

24 fraudulent conduct but attribute[d] specific misconduct only to" certain parties.  *Swartz*, 476 F.3d

25 at 765.  Similarly, Plaintiff's Complaint and Opposition are shot through with general allegations

26 that the "Defendants" engaged in fraudulent conduct and only allege specific misconduct by

27 Priceline.  Consequently, as in *Swartz*, the Court should dismiss the fraud claim against Alamo.

28       Plaintiff cannot cure his inability to allege fraud by relying on his boilerplate allegation

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-7-

REPLY MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS BY ALAMO AND VANGUARD; CASE
NO. CV 08 2608 (JSW)

1  that Alamo and Priceline acted in concert or had some sort of agency relationship. Courts
2  consistently reject this very argument. *See, e.g., id.*, 476 F.3d at 765 (rejecting plaintiff's
3  argument that his unsupported allegation that defendants were acting in concert and as agents for
4  one another precluded him from needing to attribute specific misconduct to each defendant); *see*
5  *also Maganallez v. Hilltop Lending Corp.*, 505 F. Supp. 2d 594, 606 n.5 (N.D. Cal. 2007)
6  ("[P]laintiffs must do more than make conclusory allegations about a participant's role in
7  committing a fraud. Stating that a legal relationship exists is not enough."). Similarly here,
8  Plaintiff does nothing more than make the unsubstantiated allegation that Priceline and Alamo
9  had some sort of legal relationship with each other. This is insufficient and fails as a matter of
10 law. *See Swartz*, 476 F.3d at 765.

### III. Plaintiff's Attempt To Extend The Reach Of California Statutes To Alamo's Conduct In New Mexico Should Be Rejected.

Plaintiff's Opposition asks this Court to ignore the clear extraterritorial restrictions on the statutes at issue in this case and apply California law to conduct and injury that occurred entirely out-of-state. Opp'n at 15:12-25. Plaintiff's proposal presents insurmountable implementation challenges and is not supported by any legal authority.[3]

Under Plaintiff's reasoning, any interaction Alamo has with a California resident – no matter where in the country that interaction occurred – should be governed by California law simply because Alamo also does business in California. *Id*. at 15:16-18. If Plaintiff is correct, then there is no reason this analysis would be limited to California residents. Arguably, people domiciled in any state would be entitled to have their state laws (and perhaps their local city ordinances as well) apply to Alamo's activities anywhere in the country as long as Alamo also does business in their home states.

Applying Plaintiff's logic, Alamo would have to ascertain the domicile of its potential customers prior to doing business with them to make sure Alamo conforms to the appropriate

---

[3] Plaintiff's Opposition cites no law to support the extraterritorial application of the CLRA or the FAL. Consequently, he concedes the point. As thoroughly briefed in Alamo's opening memorandum, these statutes do not apply out of state. Defs.' Mot. at 11:12-13:15.

state's laws. Not only is this terribly complicated (and likely impossible due to conflicting state laws), but it leads to absurd results in cases such as this where Alamo had no opportunity to determine Plaintiff's home state because Alamo had absolutely no contact with Plaintiff prior to his arrival in Albuquerque. *See id.* at 2:21-23. This would present a major implementation challenge even if Plaintiff had booked directly with Alamo. If a person has two homes in different states, how would Alamo know which law applies? What about someone who claims to live in California but still has an out-of-state driver's license? Would the license be determinative, the customer's self-proclaimed domicile, or something else? From a practical perspective, Plaintiff's proposed extraterritorial application of these statutes leads to patently unreasonable results.

The single case Plaintiff relies upon in his Opposition does not require a different result. In *Yu v. Signet Bank/Virginia,* 69 Cal. App. 4th 1377, 1388 (Ct. App. 1999), a Virginia bank actively solicited California residents with a credit card mailing and caused them to unwittingly subject themselves to the jurisdiction of Virginia courts. Here, in contrast, *Alamo had no contact with Plaintiff in California*. Because Plaintiff's contact with Alamo occurred entirely in New Mexico, Opp'n at 2:21-23, it makes no difference that Alamo does business with other people or entities in California. Because Plaintiff made his reservation with Priceline, not Alamo, *id.* at 1:13-14, it is irrelevant where Plaintiff was when he made that reservation.

Plaintiff's Opposition neglects to address *Speyer v. Avis Rent A Car System, Inc.*, 415 F. Supp. 2d 1090, 1099 (S.D. Cal. 2005), a recent opinion arising in the rental car context that interprets *Yu* as restricting the UCL's reach to conduct that causes injury in California: "*Yu* stand[s] for the proposition that the UCL applies to wrongful conduct that occurs out-of-state but results in injury in California . . . . Under . . . *Yu*, the UCL may not apply [when] out-of-state conduct may not have caused injury in California." *Id*.

Plaintiff's Opposition does not allege that Alamo injured him in California, as required by *Yu* and *Speyer*. In fact, his allegations establish quite the opposite. Every single one of his alleged injuries occurred out-of-state: "Plaintiff alleges that he suffered injury in fact and lost the $75.51 prepaid charge for the car he never received [from the Albuquerque Alamo Branch],

1  $100.46 for Wyndham hotel [in Albuquerque], and the cost of the bus and shuttle back from Santa Fe to Albuquerque." Opp'n at 9:25-27.

### IV.  The Court Should Strike Class Allegations Against Alamo.

Finally, Plaintiff's Opposition offers no new support for allowing a class action to proceed against Alamo. Plaintiff's sole basis for turning his failed rental car reservation into a class action is his allegation that Priceline fails to properly transmit rental car reservations to its rental car partners. Defs.' Mot. at 4:21-5:3; *see also* FAC ¶ 25. Nonetheless, in his Opposition, Plaintiff seeks to justify his subclass against Alamo on the ground that Alamo injured him by not providing him with a car. Opp'n at 16:18-19. The failure to provide a car, however, is an *individual error*; it is not a basis for a class action.

### CONCLUSION

For the foregoing reasons, and for the reasons discussed in Alamo's opening memorandum, Plaintiff's Amended Class Action Complaint should be dismissed with prejudice as to Alamo.

Dated: August 1, 2008                                  FOLGER LEVIN & KAHN LLP

                                                       /s/
                                                Jiyun Cameron Lee
                                              Attorneys for Defendants
                                              Alamo Rental (US) Inc.
                                          and Vanguard Car Rental USA, Inc.

92915\2005\612113.1