IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GLEN HAUER,

    Plaintiff,

  v.

PRICELINE.COM INC., et al.

    Defendants.

                                /

No. C 08-02608 JSW

**ORDER GRANTING MOTION TO REMAND**

    Now before the Court is the motion to remand filed by plaintiff Glen Hauer ("Plaintiff"). This matter is set for a hearing on August 8, 2008 on Plaintiff's motion to remand. The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for August 8, 2008 is HEREBY VACATED. Having considered the parties' pleadings and the relevant legal authority, the Court hereby denies Plaintiff's motion to remand.

**BACKGROUND**

    Plaintiff filed this class action against Priceline.com Incorporated ("Priceline"), Alamo Rent-A-Car LLC ("Alamo"), and Vanguard Car Rental USA, Incorporated ("Vanguard") in state court. Priceline removed this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). Plaintiff now seeks to remand this action on the grounds that the amount in controversy required under CAFA has not been satisfied. Alamo and Vanguard filed a statement of non-opposition to Plaintiff's motion to remand. Priceline has

1 opposed the motion to remand. The Court will address additional specific facts as required in
2 the analysis.

## ANALYSIS

**A.   Legal Standards Relevant to Removal Jurisdiction.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

CAFA provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds five million dollars, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5). "[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

**B.   Plaintiff's Motion.**

Plaintiff moves to remand on the ground that the amount in controversy is under the jurisdictional amount of five million dollars. Priceline bears the burden of establishing this Court's jurisdiction. *Abrego Abrego*, 443 F.3d at 685. Where, as here, the plaintiff fails to plead a specific amount of damages and the Court must look beyond the complaint to determine

whether the suit meets the jurisdictional requirements, the defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy requirement has been met. *Loudermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007).

To demonstrate the jurisdictional amount in controversy has been met, Priceline relies on Plaintiff's allegation that "up to 40% of the reservations made through Priceline's websites are improperly transferred to Priceline's rental car partners." (Compl., ¶ 25.) Priceline submitted a declaration stating that during the four year class period Priceline received over eighty-five million dollars in revenue from California rental car bookings through the "Name Your Own Price" service. (Declaration of William Jose in Support of Notice of Removal, ¶ 5.) Forty percent of eighty-five million is thirty-four million. Assuming Plaintiff's allegation is true, Priceline thus argues that the jurisdictional amount has been satisfied. However, there is evidence before the Court demonstrating that the instances akin to Plaintiff's class allegations, *i.e.* "where a Name Your Own Price customer is told at the reservation desk that the car rental partner does not have the prepaid reservation," are extremely rare. These instances occurred in, at most, fewer than 1/10 of 1% of reservations. (Declaration of Adam Gutride, Ex. A.)[1] Eighty-five million times 1/10 of 1% equals eighty-five thousand, which is substantially below the five million dollar threshold.

Priceline also argues that the cost of implementing an injunction and punitive damages should be considered in determining the amount in controversy, but fails to submit any evidence of what such costs or damages would be. Accordingly, the Court finds that Priceline has failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds five million dollars. The Court therefore grants Plaintiff's motion to remand.

---

[1] Priceline objects to this evidence on the ground that it is inadmissible under California Civil Code § 1782(e). However, California Civil Code § 1782(e) only prohibits the admission of evidence which would be inadmissible pursuant to California Evidence Code 1152. California Evidence Code § 1152 bars the admission of offers to compromise to prove liability. *See* Cal. Evid. Code § 1152; *see also Fletcher v. Western Nat'l Life Ins. Co.*, 10 Cal App. 3d 376, 393 (1970) (finding that an offer to compromise was admissible for another purpose because Section 1152 only bars "evidence of an offer to compromise a claim *for the purpose of proving liability for that claim*") (emphasis in original). Here, Plaintiff has submitted this evidence to prove the amount in controversy is less than the jurisdictional amount, not to prove Priceline's liability for his claims. Therefore, the Court finds that this evidence is admissible.

**C.     Plaintiff's Request for Attorneys' Fees.**

Pursuant to 28 U.S.C. Section 1447(c), Plaintiff requests an award of attorney's fees and costs incurred as a result of Priceline's allegedly improper removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). To determine whether to award costs and fees under Section 1447(c), this Court has a "great deal of discretion." *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (9th Cir. 1993). Although it was not ultimately persuaded by Priceline's arguments, the Court does not find that Priceline's removal was frivolous or motivated by bad faith. The Court therefore declines to exercise its discretion to award Plaintiff's fees and costs under Section 1447(c).

## CONCLUSION

For the foregoing reasons, the case is remanded to the Superior Court of California for the County of Alameda. The Clerk shall transfer the file forthwith.

**IT IS SO ORDERED.**

Dated: August 6, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4